IN THE CIRCUIT COURT OF HOUSTON COUNTY ALABAMA

| | |
|---|---|
| MATTHEW RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CV05-534-A |
| vs. | ) |
| | ) |
| UNITED RENTALS, INC.; | ) |
| SAINT-GOBAIN ABRASIVES INC., | ) |
| formerly dba Clipper Manufacturing | ) |
| Company, Inc., and dba Norton | ) |
| Construction Products; | ) |
| GAST MANUFACTURING, INC. a | ) |
| Unit of IDEX CORPORATION, and | ) |
| formerly dba | ) |
| GAST MANUFACTURING, INC., | ) |
| MILWAUKEE ELECTRIC TOOL | ) |
| CORPORATION and fictitious | ) |
| defendants ABC, DEF, GHI, JKL, | ) |
| and MNO, as fully described below. | ) |
| | ) |
| Defendants. | ) |

## SUMMONS

This service by certified mail of this summons is initiated upon request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:   Milwaukee Electric Corporation
c/o Daniel Perry, President/CEO
13135 W. Lisbon Road
Brookfield, Wisconsin 53005

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying allegation in the Company, to Joseph D. Lane, attorney for the Plaintiff, whose address is COCHRAN, CHERRY, GIVENS, SMITH, LANE & TAYLOR, P.C., P. O. Box 927, Dothan, Alabama, 36302.

# EXHIBIT A

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of the Court within a reasonable time afterward.

Sept. 8, 2005
(Date)

*Judy Byrd*
Clerk of the Court

## IN THE CIRCUIT COURT OF HOUSTON COUNTY ALABAMA

MATTHEW RILEY, )
)
    Plaintiff, )
) Case No. CV05-534-A
vs. )
)
UNITED RENTALS, INC.; )
SAINT-GOBAIN ABRASIVES INC., )
formerly dba Clipper Manufacturing )
Company, Inc., and dba Norton )
Construction Products; )
GAST MANUFACTURING, INC. a )
Unit of IDEX CORPORATION, and )
    formerly dba )
GAST MANUFACTURING, INC., )
MILWAUKEE ELECTRIC TOOL )
CORPORATION and fictitious )
defendants ABC, DEF, GHI, JKL, )
and MNO, as fully described below. )
)
    Defendants. )

### SUMMONS

This service by certified mail of this summons is initiated upon request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:    Milwaukee Electric Corporation
c/o Daniel Perry, President/CEO
13135 W. Lisbon Road
Brookfield, Wisconsin 53005

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying allegation in the Company, to Joseph D. Lane, attorney for the Plaintiff, whose address is COCHRAN, CHERRY, GIVENS, SMITH, LANE & TAYLOR, P.C., P. O. Box 927, Dothan, Alabama, 36302.

**THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of the Court within a reasonable time afterward.

Sept. 8, 2005
(Date)

Judy Byrd
Clerk of the Court

IN THE CIRCUIT COURT OF HOUSTON COUNTY ALABAMA

| | |
|---|---|
| MATTHEW RILEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CV05-534.A |
| UNITED RENTALS, INC.; | ) Plaintiff demands a trial by jury. |
| SAINT-GOBAIN ABRASIVES INC., formerly dba Clipper Manufacturing Company, Inc., and dba Norton Construction Products; GAST MANUFACTURING, INC., a Unit of IDEX CORPORATION, and formerly dba GAST MANUFACTURING, INC.,; MILWAUKEE ELECTRIC TOOL CORPORATION and fictitious defendants ABC, DEF, GHI, JKL, and MNO, as fully described below. | ) FILED<br><br>AUG 2 6 2005<br><br>JUDY BYRD, CLERK<br>HOUSTON CO., AL |
| Defendants. | ) |

## COMPLAINT

COMES NOW THE PLAINTIFF by and through his undersigned counsel, and as a basis for the relief hereinafter prayed for, state as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. The amount in controversy in this litigation exceeds the minimum jurisdictional limits of this Court exclusive of cost.

2. Plaintiff, Matthew Riley is and was a citizen and resident of Houston County, Alabama at all times material to the allegations of this Complaint.

3. Defendant United Rentals Inc. (hereinafter "United Rentals"), at all times herein mentioned, is a corporation organized under the laws of the state of Delaware, maintaining

its corporate headquarters at Four Greenwich Office Park, Greenwich, Connecticut 06830. United Rentals conducts business in Houston County, Alabama through its location at 1321 Montgomery Highway, Dothan, Alabama 36303. United Rentals derives substantial revenue from its rental, marketing and service efforts in Alabama and committed torts within the state of Alabama with reference to the allegations of this Complaint. United Rentals is subject to personal jurisdiction in Alabama. United Rentals' agent for service of process is CSC Lawyers Incorporating Service Inc., 150 S. Perry Street, Montgomery, Alabama 36104-4227.

4. At all times material hereto, United Rentals was engaged in the rental, sales and maintenance of construction and other industrial equipment and supplies. At the time of the incident made the basis of this action, Plaintiff Matthew Riley was operating a product supplied by United Rentals, identified as the Clipper DM500, serial no. 02 G 016 manufactured by Saint-Gobain Abrasives, Inc.

5. Defendant Saint-Gobain Abrasives, Inc. (hereinafter "Saint Gobain") is a corporation organized under the laws of the state of Massachusetts, maintaining its corporate headquarters at 1 New Bond Street, Worcester, MA 01606-2614. Saint-Gobain, through its various manufacturing divisions, conducts business in the state of Alabama, and derives substantial revenue from its business activities in the state of Alabama. Defendant Saint-Gobain was formerly known as, was doing business as, and merged with Clipper Manufacturing Company, Inc., also doing business as Norton Construction Products. Saint-Gobain and/or Clipper Manufacturing Company, Inc., dba Norton Construction Products (collectively hereinafter referred to as "Saint-Gobain") designed and/or manufactured "the product" known as the DM500 Core Drill, serial number 02 G 016.

"The product" was placed into the stream of commerce by Saint-Gobain and was distributed to the State of Alabama, for use in the state of Alabama. At all times material hereto, Saint-Gobain was engaged in the design, manufacture, assembly, testing, inspection, distribution and sale of "the product," as well as other equipment used in the concrete, masonry, and various industrial construction applications. Saint-Gobain dba Norton Construction Products and/or Clipper Manufacturing Company, Inc. is subject to personal jurisdiction in Alabama. Saint-Gobain's and/or Clipper Manufacturing Company, Inc.'s agent for service of process is The Corporation Company, 2000 Interstate Park Drive Ste 204, Montgomery, Alabama 36109.

6. A major component of "the product" (core drill) is the Milwaukee Dymo Drill, serial no. 798C602220020, manufactured by Defendant Milwaukee Electric Tool Corporation (hereinafter "Milwaukee"). Defendant Milwaukee is a corporation organized under the laws of the state of Delaware, maintaining its corporate headquarters at 13135 W. Lisbon Road, Brookfield, Wisconsin 53005. Defendant Milwaukee derives substantial revenue from its business activities in the state of Alabama. Defendant Milwaukee placed its drill into the stream of commerce for distribution into the State of Alabama, for use in the state of Alabama. Defendant Milwaukee markets and sells its products in the State of Alabama, has significant and sufficient contacts with the State of Alabama and is subject to personal jurisdiction in Alabama. Defendant Milwaukee has no agent for service of process in the State of Alabama and can be served with process pursuant to Alabama's Long Arm Statute by certified mail at the following addresses:

Milwaukee Tool Corporation
C/O Daniel Perry, President/CEO
13135 W. Lisbon Road,
Brookfield, Wisconsin 53005

7. An additional significant component part of the "the product" is the GAST vacuum pump, model DOA-V185A-AA, manufactured by GAST Manufacturing, Inc., a unit of IDEX Corporation (hereinafter referred collectively as Gast). Defendant Gast is a corporation organized under the laws of the State of Michigan with its headquarters at 2300 M 139, Benton Harbor, MI and/or 630 Dundee Road, Suite 400, Northbrook, IL 60062. Idex Corporation is a Delaware Corporation with its principal place of business at 630 Dundee Road, Suite 400, Northbrook, IL 60062. Defendant Gast derives substantial revenue from its business activities in the state of Alabama. Defendants Gast placed the subject vacuum pump into the stream of commerce for distribution into the State of Alabama, for use in the state of Alabama. Defendants Gast has significant and sufficient contacts with the state of Alabama and is subject to personal jurisdiction in Alabama. Defendant Gast can be served with process pursuant to Alabama's Long Arm Statute by certified mail at the following addresses:

Gast Manufacturing Corporation / Idex Corporation
C/O Ivy B. Suter / President
630 Dundee Road, Suite 400
Northbrook, IL 60062

8. Fictitious Defendants ABC are those defendants not yet identified by name that participated in the design, testing, manufacturing, assembling, distribution, processing for distribution, selling, supplying, retailing, maintaining, and/or marketing and placing on the market "the product" or its component parts and whose negligence contributed to cause Plaintiff's injuries, or whose conduct resulted in a defective and unreasonably dangerous product being placed into the stream of commerce resulting in Plaintiff's injuries and damages.

9. Fictitious Defendants DEF are those defendants not yet identified by name that participated in the development, production, or formulation of operator's manuals, maintenance manuals, parts manuals, sales or marketing material or documents, or instructions and warnings utilized in the sale, distribution, maintenance, repair or use of the subject product or its component parts and whose negligence contributed to cause Plaintiff's injuries, or whose conduct resulted in a defective and unreasonably dangerous product being placed into the stream of commerce resulting in Plaintiff's injuries and damages.

10. Fictitious Defendants GHI are those defendants not yet identified by name that participated in the assembly of "the product" or its component parts and whose negligence contributed to cause Plaintiff's injuries, or whose conduct resulted in a defective and unreasonably dangerous product being placed into the stream of commerce resulting in Plaintiff's injuries and damages.

11. Fictitious Defendants JKL are those defendants not yet identified by name that are subsidiaries or divisions of the named defendants in this action and whose negligence contributed to cause Plaintiff's injuries, or whose conduct resulted in a defective and unreasonably dangerous product being placed into the stream of commerce resulting in Plaintiff's injuries and damages.

12. Fictitious Defendants MNO are those defendants not yet identified by name that expressly or impliedly warranted "the product" or its component parts or who warranted "the product" as one fit for a particular purpose and whose warranties were reasonably relied upon by Plaintiff or the purchaser and that when said warranties were breached contributed to cause Plaintiff's injuries and damages.

## STATEMENT OF THE CASE

13. Plaintiff realleges paragraphs 1 through 12 above as if specifically set out herein and hereby incorporates each paragraph by reference.

14. On or about August 29, 2003, Mr. Riley's employer (Flavor House) rented "the product" from the Dothan location of Defendant United Rentals. Said product was to be used in the drilling of several holes for the Flavor House located at their facility in Dothan, Alabama.

15. As a part of his job assignment on the day of the incident, Plaintiff Matthew Riley was using the drill for its intended and reasonably foreseeable purpose, i.e., to drill holes through the concrete flooring of the building.

16. During the course of using "the product", the base of the drill broke free from the concrete floor causing the entire core drill assembly to violently shift or spin uncontrollably.

17. In his attempt to get out of the way of the core drill assembly, Matthew Riley was struck about the face and head by the core drill assembly, breaking numerous facial bones surrounding Matthew Riley's eye and causing severe and permanent damage and injuries to Matthew Riley.

18. At the time of the incident, "the product" was being used in a reasonably foreseeable manner, for a person in the same or similar circumstances.

## COUNT ONE

**(Alabama Extended Liability Manufacture's Doctrine Claim against Defendants Saint-Gobain, Gast, Milwaukee, United Rentals and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO)**

19. Plaintiff realleges paragraphs 1 through 18 above as if specifically set out herein and hereby incorporates each paragraph by reference.

20. A manufacturer of a product which may be reasonably anticipated to be dangerous if defectively made

21. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO owed a duty to exercise reasonable care in the manufacture of its products so that they will be reasonably safe for their normal uses.

22. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO negligently designed, manufactured, assembled or put together, and/or placed on the market "the product," the DM 500 Core Drill and its component parts.

23. It was reasonably anticipated by each of these defendants that "the product" could become inherently or imminently dangerous to human life or health when put to its intended, ordinary and customary use.

24. That "the product" became inherently or imminently dangerous to human life or health when put to its intended, ordinary and customary use.

25. That said negligence of Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO proximately caused injury to the plaintiff.

26. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO contributed to the defective condition of "the product".

27. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO knew or should have known of the defective condition of "the product."

28. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO had an opportunity to inspect "the product" which was superior to the knowledge or opportunity of the user of "the product."

29. "The product" was defective in its manufacturing, design, its warnings and instructions, when used as it was intended or was reasonably foreseeable to be used.

30. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO were ordinarily engaged in the business of designing, testing, manufacturing, assembling, distributing, processing for distribution, selling, supplying, retailing, maintaining, and/or marketing the finished product or component parts and placing on the market the finished product and did design, test, manufacture, assemble, distribute, process for distribution, sell, supply, retail, maintain, and/or market and place on the market "the product" or its component parts.

31. Plaintiff Matthew Riley is a person who should be expected to use or who should be expected to be exposed to "the product".

32. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO sold and/or distributed "the product" or its component parts in an unsafe, defective and dangerous condition to the user at the time "the product" or its component parts were first placed into the stream of commerce by these Defendants.

33. The unsafe, defective, and unreasonably dangerous condition of "the product" was the direct and proximate cause of Matthew Riley's injuries and damages.

34. "The product" and its component parts were in substantially the same condition at the time of the incident as when they were placed into the stream of commerce.

35. As a direct and proximate result of the defective and unreasonably dangerous condition of "the product" Plaintiff was severely injured.

Wherefore, Plaintiff demands damages against Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO, as determined by a jury sufficient to fully compensate him for his injuries and damages and other consequential damages and costs pursuant to Alabama law.

## COUNT TWO

**(Negligence and/or Wanton Claim Against Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, and JKL)**

36. Plaintiff realleges paragraphs 1 through 35 above as if specifically set out herein and hereby incorporates each paragraph by reference.

37. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, and JKL, as manufacturers of a product which may be reasonably anticipated to be dangerous if defectively made owed a duty to exercise reasonable care in the design, testing, manufacturing, assembling, distribution, processing for distribution, selling, supplying, retailing, maintaining, and/or marketing and placing on the market "the product" and its component parts so that "the product" will be reasonably safe for its normal uses.

38. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, and JKL negligently designed, tested, manufactured, assembled, distributed, processed for distribution, sold, supplied, retailed, maintained, and/or marketed and placed on the market "the product" or its component parts.

39. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, and JKL could have reasonably anticipated that "the product" could become inherently or imminently dangerous to human life or health when put to its intended, ordinary and customary use.

40. "The product" did become inherently or imminently dangerous to human life or health when put to its intended, ordinary and customary use.

41. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, and JKL were negligent and/or wanton in the design, testing, manufacturing, assembling, distribution, processing for distribution, selling, supplying, retailing, maintaining, and/or marketing and placing on the market "the product."

42. The negligence and/or wanton conduct of Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, and JKL proximately caused injury to the Plaintiff Matthew Riley.

Wherefore, Plaintiff demands damages against Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, GHI, and JKL, as determined by a jury sufficient to fully compensate him for his injuries and damages and other consequential and punitive damages and costs pursuant to Alabama law.

## COUNT THREE

**(Defendant United Rentals' and Fictitious Defendants ABC's Negligent and/or Wanton Failure to Inspect and Maintain)**

43. Plaintiff realleges paragraphs 1 through 42 above as if specifically set out herein and hereby incorporates each paragraph by reference.

44. Defendant United Rentals and Fictitious Defendants ABC owed a duty to inspect, test and maintain "the product" in a reasonably safe working condition.

45. Defendant United Rentals and Fictitious Defendants ABC were negligent and/or wanton in the manner in which they inspected, tested and/or maintained "the product."

46. Defendant United Rentals and Fictitious Defendants ABC were aware or should have been aware of the consequences of failing to inspect, test and maintain "the product" in a reasonably safe working condition.

47. As a direct and proximate result of Defendant United Rentals' and Fictitious Defendants ABC's negligent and/or wanton conduct, Matthew Riley was caused to suffer severe and permanent injuries and damages.

Wherefore, Plaintiff demands damages against Defendant United Rentals, and Fictitious Defendants ABC, as determined by a jury sufficient to fully compensate him for his injuries and damages and other consequential and punitive damages and costs as determined by a jury pursuant to Alabama law.

## COUNT FOUR

**(Breach of Duty to Warn against Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL)**

48. Plaintiff realleges paragraphs 1 through 47 above as if specifically set out herein and hereby incorporates each paragraph by reference.

49. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL owed Plaintiff and others similarly situated a duty to exercise reasonable care to give reasonable and adequate warning of any dangers known to each, or which in the exercise of reasonable care they should have known and which the user of "the product" obviously could not discover.

50. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL negligently and/or wantonly breached their respective duties to warn and instruct concerning the dangers associated with the use of "the product."

51. As a direct and proximate cause of the negligent and/or wanton breach of duty by Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL, Plaintiff Matthew Riley was severely and permanently injured and damaged.

Wherefore, Plaintiff demands damages against Defendant United Rentals, and Fictitious Defendants ABC, as determined by a jury sufficient to fully compensate him for his injuries and damages and other consequential and punitive damages and costs as determined by a jury pursuant to Alabama law.

## COUNT FIVE

**(Defendants United Rentals, Saint-Gobain, and Fictitious Defendants ABC, DEF, JKL, and MNO Breach of Implied Warranty of Fitness for a Particular Purpose)**

52. Plaintiff realleges paragraphs 1 through 51 above as if specifically set out herein and hereby incorporates each paragraph by reference.

53. Defendants United Rentals, Saint-Gobain, and Fictitious Defendants ABC, DEF, JKL, and MNO sold, distributed, leased, rented or otherwise placed "the product" and/or its component parts into the stream of commerce.

54. At the time of sale Defendants United Rentals, Saint-Gobain, and Fictitious Defendants ABC, DEF, JKL, and MNO knew or had reason to know of a particular purpose for which "the product" was to be used.

55. At the time of sale Defendants United Rentals, Saint-Gobain, and Fictitious Defendants ABC, DEF, JKL, and MNO knew or had reason to know plaintiff was relying on the skill and judgment of these defendants to select or furnish a suitable product or tool for the intended purpose.

56. At the time of sale Defendants United Rentals, Saint-Gobain, and Fictitious Defendants ABC, DEF, JKL, and MNO exercised their respective skill and judgment in the selection of "the product" and Plaintiff or Plaintiff's employer relied thereon.

57. "The product" or article was used by Plaintiff Matthew Riley for the particular purpose for which selection had been made by these defendants.

58. "That product" was not reasonably fit and suitable for the use for which it was selected.

59. As a direct and proximate result of the failure of Defendants United Rentals, Saint-Gobain, and Fictitious Defendants ABC, DEF, JKL, and MNO to select a product which was reasonably safe for the intended use, Plaintiff Matthew Riley was severely and permanently injured and damaged.

60. Defendants received notice of the alleged breach of warranty within a reasonable time after he discovered or should have discovered the alleged breach of warranty.

Wherefore, Plaintiff demands damages against Defendant United Rentals, Saint-Gobain, and Fictitious Defendants ABC, DEF, JKL, and MNO as determined by a jury

sufficient to fully compensate him for his injuries and damages and other consequential damages and costs as determined by a jury pursuant to Alabama law.

## COUNT SIX

### (United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL Breach of Implied Warranty of Marchantability)

61. Plaintiff realleges paragraphs 1 through 60 above as if specifically set out herein and hereby incorporates each paragraph by reference.

62. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL were merchants or sellers with respect to goods of the same kind as "the product" and its major component parts.

63. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL sold, distributed, rented or leased "the product" and/or its major component parts.

64. "The product" in question was used for the ordinary purposes for which such products are used.

65. "The product" in question was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such products are used.

66. As a direct and proximate result of the defect or defects in "the product" Plaintiff Matthew Riley was severely and permanently injured and damaged.

67. Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL were notified of the breach of warranty within a reasonable time after Plaintiff discovered or should have discovered the breach of warranty.

Wherefore, Plaintiff demands damages against Defendant United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL as determined by a jury sufficient to fully compensate him for his injuries and damages and other consequential damages and costs as determined by a jury pursuant to Alabama law.

Respectfully submitted this the 26th day of August 2005.

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.

JOSEPH D. LANE (LAN 049)
Attorney for Plaintiff
Alabama Bar No. 118498
163 West Main Street
P.O. Box 927
Dothan, AL 36302
(334) 793-1555
FAX (334) 793-8280

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury of all issues in this action.

Joseph D. Lane

FILED
AUG 26 2005
BYRD, CLERK
CO., AL

Defendants may be served by Certified Mail at:

United Rentals (North America), Inc.
CSC Lawyers Incorporating Service Inc.
150 S Perry Street
Montgomery, AL 36104-4227

Saint Gobain Abrasives, Inc.
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

Milwaukee Electric Tool Corporation
C/O Daniel Perry, President/CEO
13135 W. Lisbon Road
Brookfield, Wisconsin 53005

Gast Manufacturing Corporation / Idex Corporation
C/O Ivy B. Suter / President
630 Dundee Road, Suite 400
Northbrook, IL 60062