IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

OCT 07 2005

| | |
|---|---|
| Mathew Riley, ) | |
| ) | |
| Plaintiff ) | Civil Action No.: CV05-534A |
| ) | |
| v. ) | |
| ) | |
| United Rentals, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

JUDY BYRD, CLERK
HOUSTON CO., AL

## ANSWER OF DEFENDANT SAINT-GOBAIN ABRASIVES, INC.

Comes now the Defendant, Saint-Gobain Abrasives, Inc., ("Saint-Gobain"), and for answer to the Complaint filed by the Plaintiff states as follows:

### General and Jurisdictional Allegations

1-4. Saint-Gobain denies the allegations contained in paragraphs 1 through 4 and demands strict proof thereof.

5. Saint-Gobain admits that it is a Massachusetts corporation with its principal office in Worcester, Ma. Saint-Gobain admits that its agent for purposes of service as set forth in the last sentence of paragraph 5 is correct. Saint-Gobain denies all other allegations and/or statements of paragraph 5 of plaintiff's complaint.

6-7. Saint-Gobain denies the allegations contained in paragraphs 6 and 7 and demands strict proof thereof.

8-12. Saint Gobain asserts that these allegations are not relevant to it as a defendant.

## Statement of the Case

13-17.   Saint Gobain lacks sufficient information to admit or deny the allegations contained in paragraphs 13 through 17 and they are therefore denied.

18.   Saint-Gobain denies the allegations contained in paragraph 18 and demands strict proof thereof.

### Count One

19-35.   Saint-Gobain denies the allegations contained in paragraphs 19 through 35 and demands strict proof thereof.  Saint-Gobain further pleads the general denial as to Plaintiff's claim based on the Alabama Extended Manufacturer's Liability Doctrine.

### Count Two

36-42.   Saint-Gobain denies the allegations contained in paragraphs 36 through 42 and demands strict proof thereof.  Saint-Gobain further pleads the general denial as to any liability for negligence or wantonness.

### Count Three

43-47.   Saint-Gobain denies the allegations contained in paragraphs 43 through 47 and demands strict proof thereof.

### Count Four

48-51.   Saint-Gobain denies the allegations contained in paragraphs 48 through 51 and demands strict proof thereof.  Saint-Gobain further pleads the general denial as to any liability for alleged breach of duty to warn.

Count Five

52-60.   Saint-Gobain denies the allegations contained in paragraphs 52 through 60 and demands strict proof thereof.  Saint-Gobain further pleads the general denial as to Plaintiff's claim of breach of implied warranty of fitness for a particular purpose.

61-67.   Saint-Gobain denies the allegations contained in paragraphs 61 through 67 and demands strict proof thereof.  Saint-Gobain further denies any liability for Plaintiff's claim based on breach of implied warranty of merchantability.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Saint-Gobain pleads the defenses of waiver, estoppel and laches.

### THIRD DEFENSE

Saint-Gobain pleads the defense of intervening, efficient cause.  An intervening, efficient cause between any activity on the part of this defendant and plaintiff's alleged injuries and damages breaks any causal connection and provides a complete defense.

### FOURTH DEFENSE

Saint-Gobain pleads the defense of contributory negligence.  The plaintiff's claims against this defendant are barred because the plaintiff was

guilty of negligence which was the proximate cause of his alleged injuries and damages.

### FIFTH DEFENSE

Defendant pleads the defense of assumption of risk.

### SIXTH DEFENSE

Defendant asserts the defense of product misuse.

### SEVENTH DEFENSE

Defendant asserts the defense of lack of causal relation.

### EIGHTH DEFENSE

Saint-Gobain pleads the defense of statute of limitations and asserts that plaintiff's claims against this defendant are barred by the applicable statute of limitation.

### NINTH DEFENSE

Defendant pleads the sophisticated user doctrine and learned intermediary doctrine as a defense.

### TENTH DEFENSE

Defendant pleads the affirmative defense that as a manufacturer it did not have a duty to warn about dangers that were common knowledge in the industry. *Ex parte Chevron Company*, 720 So. 2d 922 (Ala. 1998).

### ELEVENTH DEFENSE

Defendant pleads the defense of lack of privity.

## TWELFTH DEFENSE

Defendant pleads the defense of lack of notice in regard to any and all warranty claims.

## THIRTEENTH DEFENSE

Defendant pleads the defense that plaintiff failed to mitigate damages.

## FOURTEENTH DEFENSE

Defendant pleads the economic loss doctrine as a defense.

## FIFTEENTH DEFENSE

Defendant pleads the defense that it complied with and met all industry standards, including ANSI, with regard to its product referred to in Plaintiff's complaint.

## SIXTEENTH DEFENSE

Defendant pleads the defense that third parties were knowledgeable about the products alleged to have injured Plaintiff and that third parties had a duty to warn Plaintiffs of the alleged dangers and/or hazards.

## SEVENTEENTH DEFENSE

Defendant pleads the defense of open and obvious dangers to a claim based on failure to warn.

## EIGHTEENTH DEFENSE

Defendant pleads the defense of State of Art, and avers that its product as alleged in the complaint was manufactured in a manner consistent with existing state of the art.

## NINETEENTH DEFENSE

Saint-Gobain pleads the defense that it had no duty to warn.

## TWENTIETH DEFENSE

Saint-Gobain states that venue is improper.

## TWENTY-FIRST DEFENSE

Plaintiffs are barred from seeking any remedy on the basis that there was no product defect or breach of warranty on the part of this defendant and/or on the basis that Plaintiffs and/or third parties did not comply with the terms of any written limited warranty.

## TWENTY-SECOND DEFENSE

Saint-Gobain pleads the general denial.

## TWENTY-THIRD DEFENSE

Saint-Gobain asserts that Plaintiff has failed to join indispensable parties to this civil action.

## TWENTY-FOURTH DEFENSE

Saint-Gobain reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.

_____
Robert H. Sprain, Jr. (SPR013)
Attorney for the Defendant,
Saint-Gobain Abrasives, Inc.

OF COUNSEL:
**SPRAIN & ASSOCIATES, P.C.**
201 Beacon Parkway West, Suite 317
Birmingham, Alabama 35209

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following individuals by placing a copy thereof in the United States mail, postage prepaid, on this 3 day of Oct, 2005.

Joseph D. Lane
Cochrane, Cherry, Givens, Smith, Lane & Taylor, PC
P. O. Box 927
Dothan, Ala. 36302

_____
OF COUNSEL