UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MATTHEW RILEY** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) CASE NO.: |
| **UNITED RENTALS (NORTH AMERICA), INC., et. al.** | ) ) ) ) |
| **Defendants.** | ) ) |

## ANSWER

COMES NOW, the Defendant United Rentals (North America), Inc., ("hereinafter "United" or "Defendant") incorrectly named in the Complaint as "United Rentals, Inc." and responds to the numbered allegations of the Complaint as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

2. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

3. Defendant admits that United Rentals (North America), Inc. is a foreign corporation which conducts business in Houston County, Alabama. Defendant admits that its agent for service of process is CSC Corporation Service Company. Defendant otherwise denies the allegations stated in this paragraph.

4. Defendant admits that it is engaged in the business of equipment rental. Defendant is otherwise without sufficient information to admit or deny the allegations contained in this paragraph.

5. The allegations of this paragraph do not appear to require a response from United. To the extent that it is deemed to require a response, it is denied.

01243990.1

6. The allegations of this paragraph do not appear to require a response from United. To the extent that it is deemed to require a response, it is denied.

7. The allegations of this paragraph do not appear to require a response from United. To the extent that it is deemed to require a response, it is denied.

8. The allegations of this paragraph do not appear to require a response from United. To the extent that it is deemed to require a response, it is denied.

9. The allegations of this paragraph do not appear to require a response from United. To the extent that it is deemed to require a response, it is denied.

10. The allegations of this paragraph do not appear to require a response from United. To the extent that it is deemed to require a response, it is denied.

11. The allegations of this paragraph do not appear to require a response from United. To the extent that it is deemed to require a response, it is denied.

12. The allegations of this paragraph do not appear to require a response from United. To the extent that it is deemed to require a response, it is denied.

## STATEMENT OF THE CASE

13. Defendant adopts and incorporates its previous responses as if fully set forth herein.

14. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

15. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

16. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

17. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

18. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

## **COUNT ONE**

19. Defendant adopts and incorporates its previous responses as if fully set forth herein.

20. This paragraph does not appear to require a response. To the extent that it is deemed to require a response, it is denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

01243990.1

## COUNT TWO

36. Defendant adopts and incorporates its previous responses as if fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT THREE

43. Defendant adopts and incorporates its previous responses as if fully set forth herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT FOUR

48. Defendant adopts and incorporates its previous responses as if fully set forth herein.

49. Denied.

50. Denied.

51. Denied.

## COUNT FIVE

01243990.1

52. Defendant adopts and incorporates its previous responses as if fully set forth herein.

53. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT SIX

61. Defendant adopts and incorporates its previous responses as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD DEFENSE

Venue is improper.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, ratification, acquiescence, consent, and/or release.

## FIFTH DEFENSE

United Rentals is not guilty of any of the allegations made against it in the Complaint.

## SIXTH DEFENSE

Plaintiff did not suffer any injury or damage by reason of any act or omission by United Rentals.

## SEVENTH DEFENSE

The alleged injuries to Plaintiff were caused by the actions, omissions, or negligence, or a combination of the actions, omissions or negligence of a person or entity other than United Rentals, who was not acting as the agent or servant of United Rentals, and who was not acting at the instruction or subject to the control of United Rentals.

## EIGHTH DEFENSE

The alleged injuries to Plaintiff were the result of an intervening, superseding action.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## ELEVENTH DEFENSE

There is no causal relation between the acts of United Rentals, its agents or employees, and any injury or damage to the Plaintiffs.

### TWELFTH DEFENSE

Plaintiff's claims are barred by product misuse.

### THIRTEENTH DEFENSE

The Plaintiff's claims are barred because the product had been substantially changed, altered or modified after the time of its manufacture and/or sale.

### FOURTEENTH DEFENSE

The Plaintiff's claims are barred because United Rentals did not owe any duty to the Plaintiff and, therefore, could not have breached any alleged duty.

### FIFTEENTH DEFENSE

Plaintiff's claims are precluded by the applicable Rule of Repose.

### SIXTEENTH DEFENSE

The risks and dangers assumed by the Plaintiff were open and obvious.

### SEVENTEENTH DEFENSE

The Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates this Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

### EIGHTEENTH DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## NINETEENTH DEFENSE

The Plaintiff's Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates this Defendant's rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

## TWENTIETH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America.

## TWENTY-FIRST DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-SECOND DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTY-THIRD DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to this Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently this Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTY-FOURTH DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-FIFTH DEFENSE

It is violative of the self incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-SIXTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this Defendant which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### TWENTY-SEVENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case, on its face and/or as applied in this case, is in violation of the right to trial by jury of the Seventh Amendment of the Constitution of the United States.

01243990.1

## TWENTY-EIGHTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TWENTY-NINTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## THIRTIETH DEFENSE

The imposition of punitive damages in this cause violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution of 1901 because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid state and federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tortfeasors; (3) failing to provide sufficient objective specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tortfeasors; (5) by failing to provide a sufficiently clear, objective, and specific standard for appellate review of

awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### THIRTY-FIRST DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives this Defendant of the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

### THIRTY-SECOND DEFENSE

Plaintiff failed to maintain the equipment properly.

### THIRTY-THIRD DEFENSE

United Rentals adequately warned Plaintiff of the dangers despite having no duty to do so.

### THIRTY-FOURTH DEFENSE

Plaintiff was not using the equipment in a reasonably safe or reasonably foreseeable manner.

### THIRTY-FIFTH DEFENSE

The knowledge of Plaintiff or his employer regarding the hazards of operating the subject equipment relieved Defendant of any duty to warn of those hazards.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

## RESERVATION OF DEFENSES

United Rentals reserves the right to amend its Answer and add any additional affirmative defenses which become applicable after the completion of discovery.

_____
John A. Earnhardt, EAR006
Attorney for Defendant United Rentals
(North America), Inc.

**OF COUNSEL**:
**MAYNARD, COOPER & GALE, P.C**.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Joseph D. Lane, Esq.
COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.
163 West Main Street
P.O. Box 927
Dothan, AL 36302

Robert H. Sprain, Jr., Esq.
SADLER SULLIVAN, P.C.
2500 SouthTrust Tower
420 20th Street North
Birmingham, AL 35203-5203

Gast Manufacturing Corporation
c/o Ivy B. Suter, President
630 Dundee Rd.
Suite 400
Northbrook, IL 60062

Milwaukee Electric Corporation
c/o Daniel Perry, President
13135 W. Lisbon Rd.
Brookfield, WI 53005

on this the 14th day of October, 2005.

_____
OF COUNSEL

01243990.1