IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NO: CV 05-994-SRW |
| | ) |
| UNITED RENTALS (NORTH AMERICA) | ) |
| INC., et al., | ) |
| | ) |
| DEFENDANTS. | ) |

## ANSWER TO COMPLAINT

COMES now the defendant designated as Gast Manufacturing, Inc., a Unit of Idex Corporation and formerly d/b/a Gast Manufacturing, Inc., and answers plaintiff's complaint as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1. Defendant is without sufficient information in which to admit or deny the allegations contained in this paragraph and, therefore, denies same.

2. Defendant is without sufficient information in which to admit or deny the allegations contained in this paragraph.

3. The allegations of this paragraph do not appear to require a response from this defendant. To the extent that it is deemed to require a response, it is denied.

4. The allegations of this paragraph do not appear to require a response from this defendant. To the extent that it is deemed to require a response, it is denied.

5. The allegations of this paragraph do not appear to require a response from this

1

defendant. To the extent that it is deemed to require a response, it is denied.

6. The allegations of this paragraph do not appear to require a response from this defendant. To the extent that it is deemed to require a response, it is denied.

7. Defendant Gast admits that it has headquarters in Benton Harbor, MI. Defendant is without sufficient information in which to admit or deny the remaining allegations of this paragraph and, therefore, denies same.

8. The allegations of this paragraph relate to fictitious party defendants and does not require a response from this defendant. To the extent that it is deemed to require a response, it is denied.

9. The allegations of this paragraph relate to fictitious party defendants and does not require a response from this defendant. To the extent that it is deemed to require a response, it is denied.

10. The allegations of this paragraph relate to fictitious party defendants and does not require a response from this defendant. To the extent that it is deemed to require a response, it is denied.

11. The allegations of this paragraph relate to fictitious party defendants and does not require a response from this defendant. To the extent that it is deemed to require a response, it is denied.

12. The allegations of this paragraph relate to fictitious party defendants and does not require a response from this defendant. To the extent that it is deemed to require a response, it is denied.

## STATEMENT OF THE CASE

13. Defendant adopts and incorporates each and every defense set out above as if fully set forth herein.

14. Defendant is without sufficient information in which to admit or deny the allegations contained in this paragraph and, therefore, denies same.

15. Defendant is without sufficient information in which to admit or deny the allegations contained in this paragraph and, therefore, denies same.

16. Defendant is without sufficient information in which to admit or deny the allegations contained in this paragraph and, therefore, denies same.

17. Defendant is without sufficient information in which to admit or deny the allegations contained in this paragraph and, therefore, denies same.

18. Defendant is without sufficient information in which to admit or deny the allegations contained in this paragraph and, therefore, denies same.

## COUNT ONE

19. Defendant adopts and incorporates each and every defense set out above as if fully set forth herein.

20. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

21. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

22. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

23. Defendant denies each and every allegation of this paragraph as same relate to this

Defendant and demands strict proof thereof.

24. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

25. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

26. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

27. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

28. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

29. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

30. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

31. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

32. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

33. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

34. Defendant denies each and every allegation of this paragraph as same relate to this

Defendant and demands strict proof thereof.

35. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

## COUNT TWO

36. Defendant incorporates each and every defense set out above as if fully set forth herein.

37. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

38. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

39. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

40. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

41. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

42. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

## COUNT THREE

43. Defendant incorporates each and every defense set out above as if fully set out herein.

44. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

45. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

46. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

47. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

## COUNT FOUR

48. Defendant adopts and incorporates each and every defense set out above as if fully set forth herein.

49. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

50. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

51. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

## COUNT FIVE

52. Defendant adopts and incorporates each and every defense set out above as if fully set out herein.

53. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

54. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

55. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

56. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

57. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

58. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

59. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a

response, it is denied.

60. The allegations of this paragraph do not appear to require a response from this defendant as it relates to other named defendants. To the extent that it is deemed to require a response, it is denied.

## COUNT SIX

61. Defendant adopts and incorporates each and every defense set out above as if fully set forth herein.

62. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

63. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

64. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

65. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

66. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

67. Defendant denies each and every allegation of this paragraph as same relate to this Defendant and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants, state they are not guilty of the matters and things alleged against it in the

Complaint.

## SECOND DEFENSE

Defendants state it is not guilty of the material allegations in the Complaint.

## THIRD DEFENSE

Defendants deny that its conduct was the proximate cause of plaintiff's alleged injuries or damages.

## FOURTH DEFENSE

Defendants plead that the plaintiff assumed the risk of injury or was guilty of contributory negligence and that his negligence proximately contributed to cause his alleged injuries and damages.

## FIFTH DEFENSE

Defendants plead that the plaintiff was guilty of abuse or misuse of the product involved in this action and that said abuse or misuse proximately contributed to cause the alleged injuries and damages.

## SIXTH DEFENSE

The incident in question and the plaintiff's damages resulting therefrom were proximately caused by an intervening or superseding force or event.

## SEVENTH DEFENSE

The plaintiff's alleged injuries and damages were caused by the acts or omissions of others for whom Defendants, owe no legal responsibility.

## EIGHTH DEFENSE

Defendants aver that the product was substantially changed from the condition of its

manufacture.

## NINTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## TENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## ELEVENTH DEFENSE

Defendants allege that Plaintiff's injuries and damages were caused by the negligence, misuse, assumption of the risk, or comparative fault of others for whom Defendants is not liable.

## TWELFTH DEFENSE

Defendant deny that it is guilty of any wrongful conduct giving rise to a cause of action in favor of plaintiff and deny that any wrongful conduct on its part proximately caused the injuries alleged by plaintiff.

## THIRTEENTH DEFENSE

Defendant avers that there is no causal relationship between any alleged wrongful conduct on their part and any damage or injuries resulting to plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's claims against Defendants are barred as a result of lack of privity among the parties.

## FIFTEENTH DEFENSE

Defendant avers that plaintiff failed to comply with applicable provisions of commercial law in the State of Alabama by failing to give reasonable notice to Defendants and

plaintiff is barred from recovery with respect to such causes of action.

## SIXTEENTH DEFENSE

Plaintiff's complaint is barred by the equitable doctrines of laches, unclean hands, waiver, release and/or estoppel.

## SEVENTEENTH DEFENSE

The product complained of in plaintiff's complaint conformed to their specifications.

## EIGHTEENTH DEFENSE

Defendants deny the product was defectively designed and/or negligently inspected as set forth in plaintiff's complaint.

## NINETEENTH DEFENSE

This defendants have complied with all the requirements of federal and state law regarding the manufacture of the product made the basis of this lawsuit.

## TWENTIETH DEFENSE

Defendants avers that if a defect existed it was open and obvious to the plaintiff.

## TWENTY-FIRST DEFENSE

Defendants plead adequate warning and failure of plaintiff and others to heed the adequate warning.

## TWENTY-SECOND DEFENSE

Defendants avers that it was in compliance with applicable industry standards at the time of the manufacture of the product made the basis of this lawsuit.

## TWENTY-THIRD DEFENSE

Defendants plead as a set off any money recovered by plaintiff from other sources.

## TWENTY-FOURTH DEFENSE

Defendants plead the Plaintiffs were not in privity of contract with these Defendants.

## TWENTY-FIFTH DEFENSE

Defendants plead that the product made the basis of this lawsuit was not unreasonably dangerous or defective, and did not subject plaintiff to an unreasonable risk of harm.

## TWENTY-SIXTH DEFENSE

The incident in question and the plaintiff's injuries resulting therefrom were proximately caused by an intervening or superseding force or event.

## TWENTY-SEVENTH DEFENSE

Defendants aver the exclusivity provision of the Alabama Worker's Compensation Act bars this action.

## TWENTY-EIGHTH DEFENSE

Defendants avers that any award of punitive damages to plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the State of Alabama.

## TWENTY-NINTH DEFENSE

Defendants avers that any award of punitive damages to plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

## THIRTIETH DEFENSE

Defendants avers that any award of punitive damages to plaintiff in this case will be

violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate government interests.

### THIRTY FIRST DEFENSE

Defendants avers that any award of punitive damages to plaintiff in this case will be violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages suffered or awarded to the plaintiff.

### THIRTY SECOND DEFENSE

Defendants avers that any award of punitive damages to plaintiff in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

### THIRTY THIRD DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against these defendants punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

### THIRTY FOURTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and

Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded in this state constitute an unconstitutional impediment, infringement and restraint to defendants' rights under the Commerce Clause of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### THIRTY FIFTH DEFENSE

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate government interests;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

(f) It is a violation of the Due Process Clause to impose punitive damages against these defendants, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

## THIRTY SIXTH DEFENSE

The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY SEVENTH DEFENSE

The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

## THIRTY EIGHTH DEFENSE

Defendants avers that Alabama Code § 6-11-20(a) (1993) is unconstitutional because it provides no standards to distinguish between the degree of conduct warranting the imposition of a small punitive damages award versus conduct warranting the imposition of a large punitive damage award. BMW v. Gore, 517 U.S. ____, 134 L.Ed. 809, 116 S. Ct. 1589 (1996).

## THIRTY NINTH DEFENSE

Defendants avers that the lack of standards under Alabama law for the award of punitive

damages violate the Constitution, because they provide no guidance to the jury to determine what constitutes a reasonable relationship between the harm suffered and the amount of punitive damages awarded. Moreover, Alabama law fails to provide legal standards to safeguard an individuals' constitutional rights and prevent the unjust or arbitrary imposition of punitive damages by constraining the unlimited, unbridled discretion of the jury in the award of punitive damages. BMW v. Gore, 517 U.S. ____, 134 L.Ed. 809, 116 S. Ct. 1589 (1996).

### FORTIETH DEFENSE

Defendants avers that plaintiff's case was not timely filed as to this defendants and is barred by the Statute of Limitations.

### FORTY FIRST DEFENSE

Defendants avers that the Alabama Supreme Court's holding in Henderson v. Alabama Power Co., 627 So.2d 878 (Ala. 1993) that the $250,000 cap of an award of punitive damages, pursuant to § 6-11-21, Ala. Code, was unconstitutional, was in error and was, itself, an unconstitutional exercise of judicial legislation in violation of the Alabama Constitution and the Alabama Supreme Court should now revisit the propriety and effectiveness of § 6-11-21, Ala. Code, reverse its holding in *Henderson* and declare that the punitive damage cap of $250,000 promulgated in § 6-11-21, Ala. Code (1987) is effective and enforceable. *Oliver v. Towns*, [Ms. NO. 1970312, January 15, 1999]. ___ So.2d ___, ___ N. 7 (Ala. 1999)(See, J) and *Goodyear Tire & Rubber Company v. Vinson*. [Ms. No. 1972057, April 23, 1999], ____ So.2d ____ (Ala. 1999).

### FORTY SECOND DEFENSE

Defendants affirmatively plead the protections afforded it pursuant to § 6-11-21, Ala. Code (1987), and/or as now amended and set forth pursuant to Act No. 99-358 (1999 Regular Session)

16

is barred.

## FORTY THIRD DEFENSE

Any claim by Plaintiff for punitive damages in excess of $250,000 is barred pursuant to § 6-11-21, Ala. Code (1987).

## FORTY FOURTH DEFENSE

Plaintiff's claims are barred because Defendant did not owe any duty to the plaintiff and, therefore, could not have breached any alleged duty.

## FORTY FIFTH DEFENSE

Plaintiff's claims are precluded by the Rule of Repose.

## FORTY SIXTH DEFENSE

Defendant pleads the sophisticated user doctrine.

## FORTY SEVENTH DEFENSE

Defendants reserve the right to amend its Answer when discovery is completed.

/s/ Eugene P. Stutts
Eugene P. Stutts, ASB-0303-s577e
Attorney for Defendant

**OF COUNSEL**:
SPAIN & GILLON, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
(205) 328-4100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel of record by placing a copy of same in the United States Mail, first class, postage prepaid, on this the 21st day of OCTOBER, 2005.

17

| | |
|---|---|
| Joseph D. Lane<br>Cochrane, Cherry, Givens,<br>   Smith, Lane & Taylor, PC<br>163 West Main Street<br>P.O. Box 927<br>Dothan, AL 36302 | Attorney for Plaintiff |
| Robert H. Sprain, Jr.<br>Sadler Sullivan PC<br>2500 SouthTrust Tower<br>420 20th Street N<br>Birmingham, AL 35203-5203 | Attorney for Saint-Gobain |
| John A. Earnhardt<br>Maynard, Cooper & Gayle, PC<br>1901 6th Ave N<br>Birmingham, AL 35203 | Attorney for United Rentals |
| W. Scott McGarrah III<br>Teresa D. Davenport<br>McGarrah & Davenport PC<br>P.O. Box 43548<br>Birmingham, AL 35243 | Attorneys for Milwaukee Electric |

/s/ Eugene P. Stutts
OF COUNSEL