## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MATTHEW RILEY                                    )
                                                 )
       Plaintiff,                                )
                                                 )
vs.                                              )    Civil Action Number: 05-994-SRW
                                                 )
UNITED RENTALS, INC.;                            )
SAINT-GOBAIN ABRASIVES, INC.,                    )
formerly dba Clipper Manufacturing               )
Company, Inc., and dba Norton                    )
Construction Products; GAST                      )
MANUFACTURING, INC., a Unit of IDEX              )
CORPORATION, and formerly                        )
dba GAST MANUFACTURING.,                         )
MILWAUKEE ELECTRIC TOOL                          )
CORPORATION and fictitious                       )
defendnats ABC, DEF, GHI, JKL                    )
and MNO.                                         )
                                                 )
       Defendants.                              )

### DEFENDANT MILWAUKEE ELECTRIC TOOL CORPORATION'S
### ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Milwaukee Electric Tool Corporation, and in answer to

Plaintiff's Complaint and each and every paragraph thereof, states as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1.    This defendant is without sufficient information to either admit or deny the

allegations contained in **paragraph 1** and, therefore, denies the same.

2.    This defendant is without sufficient information to either admit or deny the

allegations contained in **paragraph 2** and, therefore, denies the same.

3.    This defendant is without sufficient information to either admit or deny the

allegations contained in **paragraph 3** and, therefore, denies the same.

4.    This defendant is without sufficient information to either admit or deny the

allegations contained in **paragraph 4** and, therefore, denies the same.

5.     This defendant is without sufficient information to either admit or deny the

allegations contained in **paragraph 5** and, therefore, denies the same.

6.     This defendant admits it manufactured the core drill, model 4096, serial no.

798C602220020, that it is incorporated in the state of Delaware, and that it sells

its products in the State of Alabama.  The remaining allegations contained in

**paragraph 6** are denied.

7.     This defendant is without sufficient information to either admit or deny the

allegations contained in **paragraph 7** and, therefore, denies the same.

8.     **Paragraph 8** does not require a response.  To the extent a response is required,

this defendant denies the allegations contained in **paragraph 8**.

9.     **Paragraph 9** does not require a response.  To the extent a response is required,

this defendant denies the allegations contained in **paragraph 9**.

10.    **Paragraph 10** does not require a response.  To the extent a response is

required, this defendant denies the allegations contained in **paragraph 10**.

11.    **Paragraph 11** does not require a response.  To the extent a response is

required, this defendant denies the allegations contained in **paragraph 11**.

12.    **Paragraph 12** does not require a response.  To the extent a response is

required, this defendant denies the allegations contained in **paragraph 12**.

## STATEMENT OF THE CASE

13.    This defendant reasserts its responses to paragraphs 1-12 of plaintiff's complaint

in response to **paragraph 13**.

14.    This defendant is without sufficient information to either admit or deny the

-2-

allegations contained in **paragraph 14** of plaintiff's complaint and, therefore, denies the same.

15.    This defendant is without sufficient information to either admit or deny the allegations contained in **paragraph 15** of plaintiff's complaint and, therefore, denies the same.

16.    This defendant is without sufficient information to either admit or deny the allegations contained in **paragraph 16** of plaintiff's complaint and, therefore, denies the same.

17.    This defendant is without sufficient information to either admit or deny the allegations contained in **paragraph 17** of plaintiff's complaint and, therefore, denies the same.

18.    This defendant is without sufficient information to either admit or deny the allegations contained in **paragraph 18** of plaintiff's complaint and, therefore, denies the same.

## COUNT ONE

**(Alabama Extended Liability Manufacture's Doctrine Claim against Defendants Saint-Gobain, Gast, Mulwaukee, United Rentals and Fictitious Defendants ABC, DEF, GHI, JKL, and MNO)**

19.    This defendant reasserts its responses to paragraphs 1-18 of plaintiff's complaint in response to **paragraph 19**.

20.    This defendant denies the allegations contained in **paragraph 20** of plaintiff's complaint.

21.    This defendant denies the allegations contained in **paragraph 21** of plaintiff's complaint.

22.    This defendant denies the allegations contained in **paragraph 22** of plaintiff's

complaint.

23.     This defendant denies the allegations contained in **paragraph 23** of plaintiff's
        complaint.

24.     This defendant denies the allegations contained in **paragraph 24** of plaintiff's
        complaint.

25.     This defendant denies the allegations contained in **paragraph 25** of plaintiff's
        complaint.

26.     This defendant denies the allegations contained in **paragraph 26** of plaintiff's
        complaint.

27.     This defendant denies the allegations contained in **paragraph 27** of plaintiff's
        complaint.

28.     This defendant denies the allegations contained in **paragraph 28** of plaintiff's
        complaint.

29.     This defendant denies the allegations contained in **paragraph 29** of plaintiff's
        complaint.

30.     This defendant is without sufficient information to either admit or deny the
        allegations contained in **paragraph 30** of plaintiff's complaint and, therefore,
        denies the same.

31.     This defendant is without sufficient information to either admit or deny the
        allegations contained in **paragraph 31** of plaintiff's complaint and, therefore,
        denies the same.

32.     This defendant denies the allegations contained in **paragraph 32** of plaintiff's
        complaint.

33.     This defendant denies the allegations contained in **paragraph 33** of plaintiff's

complaint.

34.    This defendant denies the allegations contained in **paragraph 34** of plaintiff's
complaint.

35.    This defendant denies the allegations contained in **paragraph 35** of plaintiff's
complaint.


## COUNT TWO

## (Negligence and/or Wanton Claim Against Defendants United Rentals, Milwaukee, Gast, Saint-Gabain, and Fictitious Defendants ABC, DEF, GHI, and JKL)

36.    This defendant reasserts its responses to paragraphs 1-35 of plaintiff's complaint in response to **paragraph 36**.

37.    This defendant denies the allegations contained in **paragraph 37** of plaintiff's
complaint.

38.    This defendant denies the allegations contained in **paragraph 38** of plaintiff's
complaint.

39.    This defendant denies the allegations contained in **paragraph 39** of plaintiff's
complaint.

40.    This defendant denies the allegations contained in **paragraph 40** of plaintiff's
complaint.

41.    This defendant denies the allegations contained in **paragraph 41** of plaintiff's
complaint.

42.    This defendant denies the allegations contained in **paragraph 42** of plaintiff's
complaint.

## COUNT THREE

### (Defendant United Rentals' and Fictitious Defendants ABC's Negligent and/or Wanton Failure to Inspect and Maintain)

43.    This defendant reasserts its responses to paragraphs 1-42 of plaintiff's complaint in response to **paragraph 43**.

44.    The allegations contained in **paragraph 44** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

45.    The allegations contained in **paragraph 45** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

46.    The allegations contained in **paragraph 46** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

47.    The allegations contained in **paragraph 47** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

## COUNT FOUR

### (Breach of Duty to Warn against Defendants United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL)

48.    This defendant reasserts its responses to paragraphs 1-47 of plaintiff's complaint in response to **paragraph 48.**

49.    This defendant denies the allegations contained in **paragraph 49** of plaintiff's complaint.

50.    This defendant denies the allegations contained in **paragraph 50** of plaintiff's complaint.

51.    This defendant denies the allegations contained in **paragraph 51** of plaintiff's complaint.

## COUNT FIVE

**(Defendants United Rentals, Saint-Gobain, and Fictitious Defendants ABC, DEF, JKL, and MNO Breach of Implied Warranty of Fitness for a Particular Purpose)**

52.    This defendant reasserts its responses to paragraphs 1-51 of plaintiff's complaint in response to **paragraph 52**.

53.    The allegations contained in **paragraph 53** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

54.    The allegations contained in **paragraph 54** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

55.    The allegations contained in **paragraph 55** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

56.    The allegations contained in **paragraph 56** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

57.    The allegations contained in **paragraph 57** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

58.    The allegations contained in **paragraph 58** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

59.    The allegations contained in **paragraph 59** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

60.    The allegations contained in **paragraph 60** of plaintiff's complaint are directed to entities other than this defendant and, therefore, all such allegations are denied.

## COUNT SIX

### (United Rentals, Milwaukee, Gast, Saint-Gobain, and Fictitious Defendants ABC, DEF, and JKL Breach of Implied Warranty of Merchantability)

61.     This defendant reasserts its responses to paragraphs 1-60 of plaintiff's complaint in response to **paragraph 61**.

62.     This defendant is without sufficient information to either admit or deny the allegations contained in **paragraph 62** and, therefore, denies the same.

63.     This defendant is without sufficient information to either admit or deny the allegations contained in **paragraph 63** and, therefore, denies the same.

64.     This defendant is without sufficient information to either admit or deny the allegations contained in **paragraph 64** and, therefore, denies the same.

65.     This defendant denies the allegations contained in **paragraph 65** of plaintiff's complaint.

66.     This defendant denies the allegations contained in **paragraph 66** of plaintiff's complaint.

67.     This defendant denies the allegations contained in **paragraph 67** of plaintiff's complaint.

## DEFENSES

1.     Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.     This defendant denies each and every material averment of plaintiff's complaint.

3.     This defendant states that plaintiff was guilty of contributory negligence.

4.     This defendant pleads the defense of assumption of the risk.

5.     This defendant states that the product was being misused at the time of the

accident and that said misuse proximately cause the subject accident .

6.     This defendant states the subject product was not in substantially the same

condition it was in at the time it left the possession and control of this defendant.

7.     This defendant demands strict proof of plaintiff's injuries and damages.

8.     This defendant pleads the applicable statute of limitations.

9.     This defendant pleads lack of jurisdiction over this defendant.

10.    This defendant pleads improper venue.

11.    This defendant pleads insufficiency of process.

12.    This defendant pleads insufficiency of service of process.

13.    Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and
       Fourteenth Amendments of the Constitution of the United States, on the following
       grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the
       Fourteenth Amendment of the United States Constitution to impose punitive
       damages, which are penal in nature, against a civil defendant upon the plaintiff's
       satisfying a burden of proof which is less that the "beyond a reasonable doubt"
       burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in
       the award of joint and several judgments against multiple defendants for different
       alleged acts of wrong-doing, which infringe the Due Process and Equal
       Protection Clauses of the Fourteenth Amendment of the United States
       Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a
       reasonable limit on the amount of the award against defendant, which thereby
       violates the Due Process Clause of the Fourteenth Amendment of the United
       States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide
       specific standards for the amount of the award of punitive damages, which
       thereby violates the Due Process Clause of the Fourteenth Amendment of the
       United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the
       imposition of different penalties for the same or similar acts and, thus, violate the
       Equal Protection Clause of the Fourteenth Amendment of the United States
       Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g)     The procedures pursuant to which punitive damages are awarded permit the imposition of successive fines in violation of the Eighth Amendment of the United States Constitution.

13.     Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(a)     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less that the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)     The procedures pursuant to which punitive damages are awarded are vague;

(d)     The procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of the award of punitive damages; and

(e)     the award of punitive damages in this case would constitute a deprivation of property without due process of law.

14.     The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

15.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.


W. Scott McGarrah, III (MCG005)


Teresa D. Davenport (DAV074)
Attorneys for defendant,
Milwaukee Electric Tool Corporation

**OF COUNSEL:**

MCGARRAH & DAVENPORT, P.C.
Post Office Box 43548
Birmingham, AL 35243
(205) 972-8989

## DEFENDANT DEMANDS TRIAL BY STRUCK JURY

### CERTIFICATE OF SERVICE

    I hereby certify that I have this the 26   day of __October_____, 2005, served a
copy of the foregoing on the following attorneys of record:

Joseph D. Lane, Esq.
Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C.
163 West Main Street
Post Office Box 927
Dothan, Alabama 36302

John A. Earnhardt, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth Plaza
Birmingham, AL 35203-2618

Robert H. Sprain, Esq.
Sprain & Associates,P.C.
201 Beacon Parkway
Suite 317
Birmingham, AL 35209

Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
2117 Second Avenue North
Birmingham, AL 35203

OF COUNSEL

-11-