UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 JAN -9 A 9: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MATTHEM RILEY )<br><br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED RENTALS, INC.; SAINT-GOBAIN )<br>ABRASIVES, INC., formerly dba Clipper )<br>Manufacturing Company, Inc., and dba )<br>Norton Construction Products; GAST )<br>MANUFACTURING, INC., a Unit of IDEX )<br>CORPORATION, and formerly dba GAST )<br>MANUFACTURING; MILWAUKEE ELECTRIC TOOL )<br>CORPORATION and fictitious defendants )<br>ABC, DEF, GHI, JKL, and MNO. )<br>)<br>    Defendants, and )<br>)<br>)<br>RALCORP HOLDINGS, INC. )<br>)<br>    Intervenor. ) | CIVIL ACTION NO.<br>1:05cv994-T |

### BRIEF IN SUPPORT OF RALCORP HOLDINGS, INC.'S MOTION TO INTERVENE

COMES NOW RalCorp Holdings, Inc., and hereby submits this its Brief in Support of its Motion to Intervene for the purpose of enforcing its workers' compensation lien as provided under Rule 24 of the Federal Rules of Civil Procedure and Ala. Code § 25-5-11 and shows the Court as follows:

HAMILTON, WESTBY,
ANTONOWICH &
ANDERSON L.L.C.
ATTORNEYS AT LAW
ONE GEORGIA CENTER
600 W. PEACHTREE ST., N.W.
17TH FLOOR
ATLANTA, GA 30308
TELEPHONE
(404) 872-3500
TELECOPIER
(404) 872-1822

-1-

I.

**STATEMENT OF FACTS**

1.

On or about August 29, 2003, Matthew Riley (hereinafter "Plaintiff") was involved in an accident while in the course and scope of his employment with RalCorp Holdings, Inc. (hereinafter "RalCorp") (See Affidavit of Jill Roper filed simultaneously herewith).

2.

At the time of said accident, St. Paul Travelers was the workers' compensation insurer for RalCorp. (See Affidavit of Jill Roper filed simultaneously herewith).

3.

Plaintiff filed a claim for workers' compensation benefits against RalCorp related to his injuries. (See Affidavit of Jill Roper filed simultaneously herewith).

4.

Through the date of this Motion, RalCorp, by and through its workers' compensation insurer has paid in excess of $85,073.72 ($11,648.99 in indemnity benefits and $73,424.73 in medical benefits) in workers' compensation benefits to Plaintiff in relation to his injuries serving to give rise to this action. (See Affidavit of Jill Roper filed simultaneously herewith).

HAMILTON, WESTBY,
ANTONOWICH &
ANDERSON L.L.C.
ATTORNEYS AT LAW
ONE GEORGIA CENTER
600 W. PEACHTREE ST., N.W.
17TH FLOOR
ATLANTA, GA 30308
TELEPHONE
(404) 872-3500
TELECOPIER
(404) 872-1822

5.

It has been alleged by Plaintiff in the present action that Defendants United Rentals, Inc., Saint-Gobain Abrasives, Inc., Gast Manufacturing, Inc., Milwaukee Electric Tool Corporation, and fictitious defendants ABC, DEF, GHI, JKL, and MNO are responsible for his injuries under various theories of law.

6.

St. Paul Travelers and RalCorp placed Plaintiff and Defendants on notice of its workers' compensation lien as created under Ala. Code § 25-5-11 (See Affidavit of Jill Roper filed simultaneously herewith).

## II.

### ARGUMENT AND CITATION OF AUTHORITY

Alabama Code § 25-5-11 provides that an employer or insurer paying workers' compensation benefits to an employee under the Alabama Workers' Compensation Act shall have a lien in an amount equal to the compensation paid under the Act where the subject employee has been injured by the tortuous acts of a third party tortfeasor. Ala. Code § 25-5-11.

Under the provisions of Ala. Code § 25-5-11, a worker's compensation insurer may intervene in any action to protect and enforce its lien. See, Millers Mutual Insurance Association v. Young, 601 So. 2d 962 (Ala. 1992), 1992 Ala. LEXIS 711. Further, Ala. Code § 25-5-11(a) provides that to the extent of the recovery

HAMILTON, WESTBY, ANTONOWICH & ANDERSON L.L.C.
ATTORNEYS AT LAW
ONE GEORGIA CENTER
600 W. PEACHTREE ST., N.W.
17TH FLOOR
ATLANTA, GA 30308
TELEPHONE
(404) 872-3500
TELECOPIER
(404) 872-1822

of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death.

RalCorp requests that this Court enter an order allowing it to intervene as a party in interest in the above-captioned action for the purpose of protecting and enforcing its statutory workers' compensation lien. RalCorp respectfully submits that it is entitled to intervene in this lawsuit under Rule 24 of the Federal Rules of Civil Procedure.

**A.   Intervention as of Right.**

RalCorp respectfully submits that it is entitled to intervene in this action as a matter of right pursuant to both Alabama case law and Rule 24(a)(2) of the Federal Rules of Civil Procedure, and, therefore, the pending Motion to Intervene should be granted.

An Employer/Insurer is entitled to be reimbursed, out of any judgment recovered by the employee or his representative in a suit against a third party wrongdoer, for all compensation made by the employer or the insurance carrier, irrespective of the type of damages claimed in the complaint in the suit against a third party wrongdoer. <u>Liberty Mut. Ins. Co. v. Manasco</u>, 271 Ala. 124, 127, 123 So. 2d 527, 529-30 (1960).

A party seeking to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) must establish the following:

HAMILTON, WESTBY,
ANTONOWICH &
ANDERSON L.L.C.
ATTORNEYS AT LAW
ONE GEORGIA CENTER
600 W. PEACHTREE ST., N.W.
17TH FLOOR
ATLANTA, GA 30308
TELEPHONE
(404) 872-3500
TELECOPIER
(404) 872-1822

-4-

1. The application to intervene as timely;
2. He has an interest related to the property of transaction that is the subject of the action;
3. He is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect his interest; and
4. His interest is represented inadequately by the existing parties to the suit.

<u>Chiles v. Thornburgh</u>, 865 F.2d 1197, 1213 (11th Cir. 1989); <u>ManaSota-88, Inc. v. Tidwell</u>, 896 F.2d 1318, 1321 (11th Cir. 1990).

RalCorp respectfully submits that it has satisfied the first requirement. The Complaint was originally filed in the Circuit Court of Houston County, Alabama on August 26, 2005. The Defendant, Milwaukee Electric Tool Corporation filed its Notice of Removal with this Court on October 17, 2005, and filed an Amended Notice of Removal on November 8, 2005. All other Defendants joined Milwaukee Electric Tool Corporation in its removal to this court during the months of October 2005 and November 2005. The within Motion to Intervene is being filed in January 2006. RalCorp contends that its Motion to Intervene is timely. See <u>Chiles</u>, 865 F.2d at 1213

RalCorp also submits that it has satisfied the second requirement of Rule 24(a)(2) Federal Rules of Civil Procedure. Code of Alabama § 25-5-11 provides that RalCorp has a subrogation

HAMILTON, WESTBY, ANTONOWICH & ANDERSON L.L.C.
ATTORNEYS AT LAW
ONE GEORGIA CENTER
600 W. PEACHTREE ST., N.W.
17TH FLOOR
ATLANTA, GA 30308
TELEPHONE
(404) 872-3500
TELECOPIER
(404) 872-1822

interest in any recovery obtained by Plaintiff as a result of this lawsuit, based on its payment of workers' compensation benefits. Ala. Code § 25-5-11. RalCorp submits that it has an interest relating to the property or transaction that is the subject of this action.

Additionally, RalCorp submits that it has satisfied the third requirement of Rule 24(a)(2). RalCorp is so situated that the disposition of this matter may impede RalCorp's ability to protect its interest. RalCorp need not prove that Plaintiff has been fully compensated for his injuries in order to recover from proceeds of the Plaintiff's third party action. River Gas Corp. v. Sutton, 701 So. 2d 35, 38, (Ala. Civ. App. 1997), 1997 Ala. Civ. App. LEXIS 218. However, without being made a party, RalCorp will not be able to present evidence proving the extent if its recovery interest in this case. RalCorp, therefore, respectfully submits that a disposition of the action, as a practical matter, may impede or impair RalCorp's ability to protect its subrogation interest.

Finally, RalCorp submits that its interest cannot be adequately protected by the existing parties to the suit. RalCorp's interest is not congruent with Plaintiff's interest in this case. Although RalCorp's interest in recovery might be similar to the Plaintiff's, the Plaintiff's interests are not identical to those of the intervenor. The statute which gives rise to RalCorp's subrogation lien interest also contemplates that it

HAMILTON, WESTBY, ANTONOWICH & ANDERSON L.L.C.
ATTORNEYS AT LAW
ONE GEORGIA CENTER
600 W. PEACHTREE ST., N.W.
17TH FLOOR
ATLANTA, GA 30308
TELEPHONE
(404) 872-3500
TELECOPIER
(404) 872-1822

-6-

would be appropriate for an intervenor to retain separate counsel to protect its interest in that the statute provides for an apportionment of attorney fees for which the Intervenor is liable following a settlement made with a third party, based on the proportion that the amount of the reduction in the employer's liability to pay compensation bears to the total recovery had from the third party.

Accordingly, RalCorp submits that its interests are not adequately represented, and the Court should allow RalCorp's intervention as a matter of right.

**B.     Permissive Intervention**

In the alternative, to the extend that the Court finds that RalCorp is not entitled to intervene in this action as a matter of right, RalCorp submits that it is entitled to intervene pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure. Rule 24(b)(2) provides that a court may permit intervention "when an applicant's claim or defense in the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). "In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id.

RalCorp's claim for reimbursement of workers compensation benefits paid to Plaintiff and the underlying action have questions of fact in common. Additionally, RalCorp submits that permitting

HAMILTON, WESTBY,
ANTONOWICH &
ANDERSON L.L.C.
ATTORNEYS AT LAW
ONE GEORGIA CENTER
600 W. PEACHTREE ST., N.W.
17TH FLOOR
ATLANTA, GA 30308
TELEPHONE
(404) 872-3500
TELECOPIER
(404) 872-1822

-7-

the intervention will not unduly delay the adjudication of this case. Indeed, discovery is ongoing. This is indicative that no substantial proceedings have yet occurred. Moreover, for the reasons set forth above in subsection A, RalCorp has already demonstrated that its motion is timely filed.

### III.

### CONCLUSION

WHEREFORE, RalCorp hereby requests that this Court enter an order allowing it to intervene as a party in interest in the above-captioned action for the purpose of protecting and enforcing its statutory workers' compensation lien.

Respectfully submitted this 4th day of January, 2006.

_____
JOSEPH T. BRASHER
State Bar No.: # BRA084

**Attorney for Intervenor**

HAMILTON, WESTBY, ANTONOWICH &
ANDERSON
One Georgia Center
600 West Peachtree Street NW
17th Floor
Atlanta, GA 30308
(404) 872-3500

HAMILTON, WESTBY,
ANTONOWICH &
ANDERSON L.L.C.
ATTORNEYS AT LAW
ONE GEORGIA CENTER
600 W. PEACHTREE ST., N.W.
17TH FLOOR
ATLANTA, GA 30308
TELEPHONE
(404) 872-3500
TELECOPIER
(404) 872-1822

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **BRIEF IN SUPPORT OF RALCORP HOLDINGS, INC.'S MOTION TO INTERVENE** document upon all parties by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

Jospeh D. Lane, Esq.
COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.
163 West Main Street
P.O. Box 927
Dothan, AL. 36302

W. Scott McGarrah, III, Esq.
Teresa D. Davenport, Esq.
MCGARRAH & DAVENPORT, P.C.
P.O. Box 43548
Birmingham, AL. 35243

Robert H. Sprain, Esq.
SPRAIN & ASSOCIATES, P.C.
201 Beacon Parkway
Suite 317
Birmingham, AL. 35209

John A. Earnhardt, Esq.
MAYNARD, COOPER, & GAYLE, P.C.
1901 Sixth Avenue North
Birmingham, AL. 35203

Eugene P. Stutts, Esq.
SPAIN & GILLON, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, AL. 35203

Dated this 4th day of January, 2006.

_____
JOSEPH T. BRASHER
State Bar No.: # BRA084

HAMILTON, WESTBY, ANTONOWICH & ANDERSON
One Georgia Center
600 West Peachtree Street NW
17th Floor
Atlanta, GA 30308
(404) 872-3500

HAMILTON, WESTBY, ANTONOWICH & ANDERSON L.L.C.
ATTORNEYS AT LAW
ONE GEORGIA CENTER
600 W. PEACHTREE ST., N.W.
17TH FLOOR
ATLANTA, GA 30308
TELEPHONE
(404) 872-3500
TELECOPIER
(404) 872-1822