IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY, | ) |
| PLAINTIFF, | ) ) ) |
| VS. | ) CASE NO: 1:05cv994-MHT-SRW ) |
| UNITED RENTALS (NORTH AMERICA) INC., et al., | ) ) ) |
| DEFENDANTS. | ) ) |

**JOINT AMENDED MOTION FOR HIPAA ORDER IN CIVIL ACTION
FOR OBTAINING PLAINTIFF'S MEDICAL RECORDS
PURSUANT TO THE HIPAA PRIVACY RULES, 45 C.F.R. § 164.512(e)(1)**

Comes now the undersigned and jointly moves the Court for a Qualified Protective Order to allow parties to obtain from all health care providers and health plans all information relating to the past, present, or future physical condition of any individual who is a party to the case (or, the decedent of a party), as well as all information relating to the provision of health care to such individual and payment for the provision of such health care.

Attached is a Protective Order pursuant to the HIPAA Privacy Rules, 45 C.F.R. § 164.512(e)(1) and 45 C.F.R. § 164.512(e)(1)(v)(A).

Respectfully submitted,

/s/ Eugene P. Stutts
Eugene P. Stutts, STU003
Attorneys for Defendant

OF COUNSEL:
SPAIN & GILLON LLC
2117 2ND AVENUE N
BIRMINGHAM, AL 35203
(205) 328-4100

s/ Joseph D. Lane<br>Joseph D. Lane (LAN 049)

OF COUNSEL:
Cochrane, Cherry, Givens,
  Smith, Lane & Taylor, PC
163 West Main Street
P.O. Box 927
Dothan, AL 36302

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the ___24th___ day of __APRIL__, 2006:

Robert H. Sprain, Jr.
Sadler Sullivan PC
2500 SouthTrust Tower
420 20th Street N
Birmingham, AL 35203-5203

John A. Earnhardt
Maynard, Cooper & Gayle, PC
1901 6th Ave N
Birmingham, AL 35203

W. Scott McGarrah III
Teresa D. Davenport
McGarrah & Davenport PC
P.O. Box 43548
Birmingham, AL 35243

/s/ Eugene P. Stutts<br>OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) CASE NO: 1:05cv994-MHT-SRW |
| | ) |
| UNITED RENTALS (NORTH AMERICA) | ) |
| INC., et al., | ) |
| | ) |
| DEFENDANTS. | ) |

## HIPAA ORDER IN CIVIL ACTION

Upon compliance with Rule 45 of the Federal Rules of Civil Procedure, the attorneys for the parties are permitted to inspect and copy all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual. Subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care provider, health plan administrator, or other individual in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

**This Court Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any part or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

      Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health information with any other person or any other entity, other than an agent or employee of the attorney or party. The parties are prohibited from using or disclosing the protected health information from any purpose other than the litigation or proceeding for which such information was requested" pursuant to the requirements of 45 C.F.R. § 164.512(e)(1)(v)(A).

      At the immediate conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order. If such written request are not made at the immediate conclusion of this action, all recipients of the Protected Health Information reserves the right to destroy such documents and any copies thereof containing Protected Health Information received by them pursuant to this Order. Such Protected Health Information received in an insurance claim file and law firm litigation file may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

      A photocopy of this Order shall be deemed as an original.

      DONE AND ORDERED this the _____ Day of _____, 2006.

_____

Judge