# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MATTHEW RILEY                            )
                                         )
          Plaintiff,                     )
                                         )
vs.                                      )          Civil Action Number:  1:05cv994-W
                                         )
UNITED RENTALS, INC.;                    )
SAINT-GOBAIN ABRASIVES, INC.,            )
formerly dba Clipper Manufacturing       )
Company, Inc., and dba Norton            )
Construction Products; GAST              )
MANUFACTURING, INC., a Unit of IDEX      )
CORPORATION, and formerly                )
dba GAST MANUFACTURING,;                 )
MILWAUKEE ELECTRIC TOOL                  )
CORPORATION and fictitious               )
defendants ABC, DEF, GHI, JKL            )
and MNO.                                 )
                                         )
          Defendants.                    )

## DEFENDANT SAINT-GOBAIN'S RESPONSES TO PLAINTIFF'S INTERROGATORY REQUESTS

Comes Now the Defendant, Saint-Gobain Abrasives, Inc., formerly d/b/a ClipperManufacturing Company, Inc., and d/b/a Norton Construction Products (hereinafter "Saint-Gobain") and responds to the Plaintiff's interrogatory requests as follows:

## GENERAL OBJECTIONS

1.      Saint-Gobain objects to the Plaintiff's interrogatories to the extent that the requests seek information protected by the attorney-client privilege or by any other privilege recognized by law, as being work product, or as being prepared for in anticipation of litigation.

2.      Saint-Gobain objects to the Plaintiff's interrogatories to the extent that the requests seek information regarding subsequent remedial measures, which are not discoverable pursuant to Rule 407 of the Federal Rules of Evidence.

1

3.    Saint-Gobain objects to the Plaintiff's interrogatories to the extent that the request information which is already in the Plaintiff's possession, or can be as easily obtained by the Plaintiff as Saint-Gobain.

4.    Saint-Gobain objects to the Plaintiff's discovery requests to the extent that the requests seek information based on speculation, hearsay or that is otherwise inadmissible in this cause of action.

5.    Saint-Gobain objects to the Plaintiff's discovery requests as overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence and that they seek to discover information that is not relevant to this cause of action. Saint-Gobain further objects to these discovery requests to the extent that they seek confidential or sensitive information or information that is proprietary in nature.

6.    Saint-Gobain objects to Plaintiff's discovery requests to the extent that said requests seek information, or to impose an obligation on Saint-Gobain, beyond those contained or provided for within the scope of the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS

1.    Saint-Gobain objects to the Plaintiff's use of the definition "*similar products*" in these discovery requests because such definition is overly broad and vague. Saint-Gobain asserts that only the specific product used by the Plaintiff at the time of the incident made the basis of his complaint is relevant to this litigation and, therefore, only information regarding said product is discoverable. Saint-Gobain asserts that any information regarding "similar products" is not discoverable in the instant litigation because such requests are not likely to lead to discoverable information pursuant to Rule 26 of the Federal Rules of Civil Procedure.

2

2.     Saint-Gobain objects to the Plaintiff's use of the definitions *"other incidents"* or *"other similar incidents"* because such information is not related to the incident which forms the basis of the Plaintiff's Complaint. Saint-Gobain asserts that Plaintiff's definition of those terms or phrases is overly broad, vague and ambiguous and does not put Saint-Gobain on sufficient notice as to the information sought by the Plaintiff.

3.     Saint-Gobain objects to the Plaintiff's use of the definitions *"malfunction"* to describe the incident which forms the basis of the Plaintiff's Complaint because there is no evidence that the product *"malfunctioned"* as set out in the definitions of the Plaintiff's discovery requests.

The foregoing objections shall be deemed to be continuing and incorporated throughout responses to specific requests which follow, even if not specifically referenced therein. The statement of additional objections to specific requests shall not constitute a waiver of these objections, and, these objections shall be deemed to be in addition to any specific objections raised in regard any answer to the following discovery requests.

## INTERROGATORY RESPONSES

1.     Please identify the person and official position of the individual(s) answering these Interrogatories.

**ANSWER:     Ronald Karbowski, Manager of World Product Safety.**

2.     Please identify, describe, and/or list all products or models of products that Defendant Saint-Gobain Abrasives, Inc. (hereinafter "Saint-Gobain") has ever, at any time, manufactured, designed, distributed or sold to be used in the same manner as "the product" made the basis of this suit.

3

ANSWER:    Saint-Gobain objects to this request as overly broad and vague. Further, Saint-Gobain objects to this request because discovery of information regarding products other than "the product" involved in the incident made the basis of the Plaintiff's Complaint is immaterial and irrelevant and the request is not calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, pursuant to Rule 33(c) of the Alabama Rules of Civil Procedure please see the 'Owners Manual' and 'Assembly Drawings' produced in response to the Plaintiff's Requests for Production to Saint-Gobain.

3.    Please identify, describe and/or list any and all steps that Saint-Gobain took in the manufacture, design, warning or instruction on "the product" and other "similar products" to prevent injuries to its users from a "malfunction" of "the product" while being used for its intended purposes.

ANSWER:    Saint-Gobain objects to this request to the extent that it assumes that there was a "malfunction" of "the product" at the time of the incident made the basis of the Plaintiff's Complaint. That is a genuine issue of material fact that is reserved for the jury. Further, Defendant asserts that any alleged defects or malfunction of products other than the product in question in the instant case is immaterial and irrelevant. Notwithstanding the foregoing objections, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Thus, this request is best directed to Diamond Products.

4.    Please identify the name and current employment status of any and all individuals who participated in any testing, investigations, analysis, and/or evaluations of the potential hazards associated with the use of "the product" and/or any other "similar products" designed,

4

manufactured, distributed and/or sold by Defendant Saint-Gobain at any time prior to August 29, 2003.

**ANSWER:**    Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and is not calculated to lead to the discovery of admissible evidence. Further, Saint-Gobain objects to this request to the extent that it assumes that when used correctly "the product" presents a "hazard". Lastly, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

5.    Please list, identify or describe any and all hazard analysis, or failure mode effects analysis or fault tree analysis or other safety analysis that Saint-Gobain conducted on "the product" as well as any other "similar product" designed, manufactured, distributed and/or sold by Saint-Gobain prior to the injuries complained of in the instant action.

**ANSWER:**    Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is immaterial and irrelevant to the instant cause of action and this request is not calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

5

6.    Please list, describe or otherwise identify any and all performance or safety standards or specifications, including, but not limited to any governmental or industry standards, that Saint-Gobain relied upon in the design and/or manufacture of "the product" and other "similar products" designed, manufactured, distributed and/or sold by Saint-Gobain at any time either before or after the injury complained of in this matter.

**ANSWER:    Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and is not calculated to lead to the discovery of admissible evidence.    Notwithstanding the foregoing objection, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint.    Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint.    Therefore, this request is best directed to Diamond Products.**

7.    Please list, identify, describe, including the identity of the person or persons responsible for performing or reporting results of any and all performance or safety test conducted by Saint-Gobain, or by any other entity on behalf of Saint-Gobain, on "the product" or other "similar product" designed, manufactured, distributed and/or sold by Saint-Gobain at any time prior to the injury complained of in the instant matter.

**ANSWER:    Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and is not calculated to lead to the discovery of admissible evidence.    Notwithstanding the foregoing objection, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's**

6

Complaint.   Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

8.      Please list, identify, and/or describe any modification programs, recalls, field modifications or other such modification activities that Saint-Gobain has undertaken through service bulletins or product recalls on the "the product" or any other "similar product" due to or related to any risk of harm from a "malfunction" of "the product" while being used for its intended purpose.

ANSWER:      Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and is not calculated to lead to the discovery of admissible evidence.  Further, Saint-Gobain objects to this request to the extent that it assumes that there was a "malfunction" of "the product" at the time of the incident made the basis of the Plaintiff's Complaint.  Notwithstanding the foregoing objections, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint.    Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint.   Therefore, this request is best directed to Diamond Products.

9.      Please identify, describe and/or list any warnings or instructions that were provided for "the product" or for any "similar product" at any time prior to the injury complained of in this action concerning any risk of injury or death or harm due to a malfunction of "the product" while being used for its intended purpose.

7

ANSWER:   Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and is not calculated to lead to the discovery of admissible evidence.  Further, Saint-Gobain objects to this request to the extent that it assumes that there was a "malfunction" of "the product" at the time of the incident made the basis of the Plaintiff's Complaint.  That is a genuine issue of material fact that is reserved for the jury. Notwithstanding the foregoing objections, pursuant to Rule 33(c) of the Alabama Rules of Civil Procedure, please see the 'Owners Manual' produced in response to the Plaintiff's Requests for Production to Saint-Gobain.  Saint-Gobain was not the manufacturer of "the product" involved in the incident made the basis of the Plaintiff's Complaint, and the manufacturer of "the product", Diamond Products, may have more information responsive to this request.

10.   Please list, describe and/or identify each and every incident of injury Saint-Gobain has become aware of or learned of, allegedly due to or related to a "malfunction" of "the product" while being used for its intended purpose, or due to a similar "malfunction" of any other "similar product" designed, manufactured, distributed and/or sold by Saint-Gobain, providing the names and addresses of the injured, the date of the alleged incident and the model alleged to have been involved.

ANSWER:   Objection.  Saint-Gobain asserts that there is no proof that "the product" malfunctioned in the instant case.  Further, Saint-Gobain asserts that any similar incidents involving "the product" are irrelevant and immaterial to the instant case and not discoverable.  Further, Saint-Gobain asserts that this request is overly broad and unduly burdensome and that said request is not limited in time or scope.  Lastly, Saint-Gobain

8

asserts that any incidents with a "similar product" are immaterial and not discoverable in this cause of action. Notwithstanding the foregoing objections, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

11.    Please list, identify and/or describe any communications orally or in writing or electronically, either before or after the date for the subject injury, that Saint-Gobain has had with the Consumer Product Safety Commission, Underwriters Laboratories, American National Standards Institute, or any other governmental or industry organization in the United States or the World regarding, related to, or concerning the safety and performance of "the product" or any "similar product" in any way related to the potential for injuries resulting from a "malfunction" of "the product" while being used for its intended purpose or from a similar "malfunction" of any "similar product", and provide the names of any employees of Saint-Gobain representatives responsible for conducting such communications.

ANSWER:    Saint-Gobain objects to this request to the extent that it seeks information that constitutes subsequent remedial measures. Saint-Gobain also objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and the request is not calculated to lead to the discovery of admissible evidence. Further, Saint-Gobain objects to this request to the extent that it assumes that there was a "malfunction" of "the product" at the time of the incident made the basis of the Plaintiff's Complaint. Saint-Gobain also objects to this request to the extent that it assumes that when used correctly "the product"

9

presents a "hazard". Lastly, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

12.    State the name, last known address, telephone number and employment of the person or persons employed by you or formerly employed by you who were responsible for the design, testing and safety of "similar products".

ANSWER:    Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and the request is not calculated to lead to the discovery of admissible evidence.


## VERIFICATION

I verify, under penalty of perjury, that the above and foregoing Answers to Interrogatories are true and accurate to the best of my information and belief.

Ronald J. Karbowski
Ronald Karbowski, for Saint-Gobain
Abrasives, Inc., formerly d/b/a Clipper
Manufacturing Company, Inc., and
d/b/a Norton Construction Products

Sworn and subscribed to me on this the 10th day of July, 2006

Lanice E. Vasalofsky
Notary Public
My Commission Expires: 3-21-08

10

Robert H. Sprain, Esq. (SPR013)
Kevin T. Shires, Esq. (SHI027)
Attorneys for Saint-Gobain, Inc.

**OF COUNSEL:**
SPRAIN & SHIRES, P.C.
1707 29th Court South
Birmingham, Alabama 35209
(205) 802-7037

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following attorneys of record by placing a copy thereof in the United States mail, first class, postage prepaid, on this the _17th_ day of July, 2006.

Joseph D. Lane, Esq.
COCHRAN, CHERRY, GIVENS,
    SMITH, LANE & TAYLOR, P.C.
P. O. Box 927
Dothan, Alabama   36302

W. Scott McGarrah, Esq,
MCGARRAH & DAVENPORT, P.C.
Post Office Box 43548
Birmingham, Alabama   35243

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama   36102-2148

Eugene P. Stutts, Esq.
SPAIN GILLION, LLC
The Zinszer Building
2117 2nd Avenue North
Birmingham, Alabama   35203

OF COUNSEL

11