IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: 1:05 CV-994-T |
| | ) |
| UNITED RENTALS, INC.; et al | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MILWAUKEE ELECTRIC TOOL CORPORATION'S**
**MEMORANDUM BRIEF IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**

COMES now the defendant MILWAUKEE ELECTRIC TOOL CORPORATION and files its memorandum brief in support of its motion for summary judgment.

**STATEMENT OF FACTS**

This lawsuit arises from the use of a core drill machine (CDM) manufactured by Diamond Products. (Exhibit A - Saint Gobains' Response to plaintiff's interrogatory no.3). A CDM is used to drill holes in concrete. It is manufactured from various component parts which include the drill motor manufacturer by this defendant and a vacuum pump manufacturer by defendant Gast Manufacturing, Inc. The various component parts are assembled by Diamond Products. Plaintiff was injured on August 29, 2003 while using a CDM manufactured by Diamond Products at his place of employment, Flavor House. (Exhibit B - Plaintiff's depo. p. 18 )Flavor House had rented the CDM from defendant United Rentals. The injury occurred

1

while plaintiff was using the core drill to drill a 3 inch hole in a concrete floor. (Exhibit B - Plaintiff's depo., p. 65) The core drill is equipped with a vacuum system that creates a seal between the drill stand and the concrete floor. The purpose of this seal is to affix the drill to the floor during the drilling process. The accident allegedly occurred when the vacuum seal released causing the drill to spin and hit plaintiff in the head.(Exhibit B - Plaintiff's depo., p. 65)

The theories of liability asserted in the complaint against this defendant are as follows:

1. Count One - Violation of Alabama's Extended Manufacturers Liability Doctrine;

2. Count Two - Negligent and/or wanton conduct in the design, and sale of the drill motor;

3. Count Four - Breach of Duty to Warn; and

4. Count Six - Breach of Implied Warranty of Merchantability.

**ARGUMENT**

I. **THERE IS NO EVIDENCE THAT THIS DEFENDANT 1) VIOLATED ALABAMA'S EXTENDED MANUFACTURERS LIABILITY DOCTRINE; 2) WAS NEGLIGENT, WANTON; 3) BREACHED ANY DUTY TO WARN; OR 4) BREACHED ANY WARRANTY**

Plaintiff has provided his expert disclosures with regards to his two experts, John C. Frost and Donald Shaffer. ( Exhibit C - Shaffer Report; Exhibit D - Frost Report) The expert disclosures do not set forth any opinions that the drill motor manufactured by this defendant and incorporated in Diamond Products Core Drill Machine was defective or unreasonably

dangerous for its intended purpose ;or that this defendant was negligent or wanton; or that it breached any duty to warn; or breached any warranties. As a result of the lack of any such evidence this defendant's motion is due to be granted as to all counts. *Ex Parte Jim Bishop Chevrolet,* 769 So.2d 903 (Ala. 1999);*Brooks v. Colonial Chevrolet-Buick, Inc.* , 579 So.2d 1328 (Ala.1991). The doctrine of res ipsa loquitur is not applicable in products liability cases--mere proof of the accident itself is not proof of a defective product; rather, the plaintiff must present some evidence of a defective product in order to make out a prima facie case in a products liability action. *Brooks v. Colonial Chevrolet-Buick, Inc.* , 579 So.2d 1328 (Ala.1991). As a result thereof, this defendant's motion for summary judgment is due to be granted. *Brooks v. Colonial Chevrolet-Buick, Inc.* , 579 So.2d 1328 (Ala.1991).

## CONCLUSION

In essence, plaintiff's experts do not offer any opinions or criticisms regarding the design, sale or manufacture of the drill motor manufactured by this defendant. Plaintiff cannot make out a prima facie case against this defendant. Thus, this defendant's motion should be granted.

WHEREFORE, defendant Milwaukee Electric Tool Corporation respectfully requests that the Court grant summary judgment in its favor on each and every count and claim contained in plaintiff's Complaint.

3

/s/ W. Scott McGarrah

**W. Scott McGarrah, III (MCG005)**

/s/ Teresa D. Davenport

**Teresa D. Davenport (DAV074)**
Attorneys for defendant Milwaukee Electric Tool Corporation

**OF COUNSEL:**

McGarrah & Davenport, P.C.
P. O. Box 43548
Birmingham, AL 35243
(205) 972-8989

## CERTIFICATE OF SERVICE

I hereby certify that I have this the __30__ day of August , 2006, served a copy of the foregoing pleading on the following attorneys of record:

Joseph D. Lane, Esq.
Cochran, Cherry, Givens, Smith Lane & Taylor, P.C.
163 West Main Street
Post Office Box 927
Dothan, Alabama 36302

Robert H. Sprain, Jr., Esq.
Sprain & Associates, P.C.
201 Beacon Parkway West, Suite 317
Birmingham, Alabama 35209

4

Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148

/s/ W. Scott McGarrah
_____
OF COUNSEL