IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW RILEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO: 1:05cv994-MHT-SRW |
| | ) | |
| UNITED RENTALS (NORTH AMERICA) INC., et al., | ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

## GAST MANUFACTURING'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Comes now the Defendant designated as Gast Manufacturing, Inc., a Unit of Idex Corporation and formerly d/b/a Gast Manufacturing, Inc. ("Gast Manufacturing"), and, pursuant to Rule 56, Fed R. Civ. P., moves that summary judgment be entered in its favor as to each and every claim asserted against it.

### STATEMENT OF FACTS

1. This lawsuit arises from the use of a core drill manufactured by Diamond Products. (Response No. 3 of Defendant Saint-Gobains' Response to Plaintiff's Interrogatories, Ex. A of Defendant Milwaukee Electric Tool Corporation's Motion for Summary Judgment, Doc. # 46).

2. A core drill is used to drill holes in concrete. The core drill alleged to have caused injury in this case was manufactured from various component parts, including a drill motor manufactured by Defendant Milwaukee Electric Tool Corporation and a vacuum system manufactured by Gast Manufacturing.

1

3. Plaintiff was injured on August 29, 2003 while using a core drill manufactured by Diamond Products at his place of employment, Flavor House. (Plaintiff's Depo. at p. 18, Ex. B of Defendant Milwaukee Electric Tool Corporation's Motion for Summary Judgment, Doc. # 46). Flavor House had rented the CDM from Defendant United Rentals.

4. The Plaintiff's injury occurred while he was using the core drill to drill a three-inch hole in a concrete floor. (Plaintiff's Depo. at p.65, Ex. B of Defendant Milwaukee Electric Tool Corporation's Motion for Summary Judgment, Doc. # 46).

5. The theories of liability asserted against Gast Manufacturing are as follows:

> Count One - Violation of the Alabama Extended Liability Manufacturer's Doctrine
>
> Count Two - Negligence and/or Wantonness
>
> Count Four - Breach of Duty to Warn
>
> Count Six - Breach of Implied Warranty of Merchantability

## LEGAL ARGUMENT

### I. THERE IS NO EVIDENCE THAT GAST MANUFACTURING VIOLATED THE ALABAMA EXTENDED LIABILITY MANUFACTURER'S DOCTRINE

To establish liability under the Alabama extended manufacturer's liability doctrine (AEMLD), a plaintiff must show:

> (1) he suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
> (a) the seller is engaged in the business of selling such a product, and
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

Casrell v. Altec Industries, Inc., 335 So.2d 128, 132 -133 (Ala. 1976). Under the AEMLD, the

burden of proof is on the plaintiff to prove that the product left the defendant's control in an unreasonably dangerous condition and not fit for its expected use, and that whatever caused the product to be in such an unfit condition in fact caused the injury. Bell v. T.R. Miller Mill Co., Inc., 768 So.2d 953 (Ala. 2000). Plaintiff has failed to make this required showing.

### A.   Gast Manufacturing Did Not Manufacture The Product Alleged To Have Caused Injury To Plaintiff

Gast Manufacturing did not manufacture the "product" alleged to have caused injury to Plaintiff. See Crane Co. v. Davies, 8 So.2d 196 (Ala. 1942)(ordinarily, the manufacturers liability doctrine is limited in its application to finished products). Plaintiff, in his Complaint, identifies the product that allegedly injured him as the Clipper DM500 manufactured by Saint-Gobain. (Complaint at ¶ 4). Gast Manufacturing manufactured one of the product's component parts, a vacuum pump. Gast Manufacturing is not responsible for the design of the product alleged to have caused injury to Plaintiff. See Andrews v. John E. Smith's Sons Co., 369 So.2d 781 (Ala. 1979).

In Andrews, the plaintiff was injured while using a commercial meat grinder. He subsequently brought a claim for violation of the AEMLD against Hobam, Inc. Through discovery it was learned that the meat grinder had been designed by another company that had been sold to Hobam. Within the past several years prior to the injury, Hobam had supplied replacement parts to the plaintiff's employer for use in the meat grinder that injured plaintiff. The Alabama Supreme Court held that Hobam, as a supplier of component parts of the machine, could not be liable under the AEMLD for defective design of the machine itself. Were this not so, "a tire manufacturer could be liable for injuries resulting from the defectively designed body

3

structure in an automobile." Id. at 784. See also Sanders v. Ingram Equipment, Inc., 531 So.2d 879 (Ala. 1988)("a distributor or manufacturer of a nondefective component is not liable for defects in a product that it did not manufacture, sell, or otherwise place in the stream of commerce.").

**B.      Gast Manufacturing's Vacuum Pump Reached The Plaintiff With Substantial Change In The Condition In Which It Was Sold**

To show a prima facie case under the AEMLD, a product must be "expected to and does reach the user or consumer without substantial change in the condition in which it is sold." Casrell, 335 So.2d 128, 132 -133. Gast Manufacturing built a vacuum system that reached the Plaintiff with substantial change in its condition. It reached the Plaintiff as a component part of a finished product, one part among many chosen for inclusion in a complex piece of machinery designed by a third party, Saint-Gobain. Thus, this required element of a valid AEMLD claim has not been met.

**C.      The Opinions Of Plaintiff's Experts Do Not Show That Gast Manufacturing's Vacuum Pump Was "Defective" For Purposes Of The AEMLD**

Even assuming for argument purposes only that this Court finds that a cause of action under the AEMLD can be brought against Gast Manufacturing as the maker of a component part of a finished product, the Plaintiff has failed to show that Gast Manufacturing's vacuum pump was "defective" as required for a proper claim under the AEMLD. Under the AEMLD, a manufacturer has a duty to design and manufacture a product that is reasonably safe for its intended purpose and use; however, the manufacturer is not an insurer against all harm that may be caused by the use of the product, and the manufacturer is not required to produce an accident-

proof or injury-proof product. Townsend v. General Motors Corp., 642 So.2d 411 (Ala. 1994).

The reports of Plaintiffs' experts suggest that the core drill should have been equipped with a cutoff mechanism in the event of loss of vacuum. The vacuum system is itself a safety mechanism for the core drill. The suggestion that the vacuum system could be designed to provide even more safety for use of the core drill does not make the vacuum system "defective" for the purposes of the AEMLD. The vacuum system is only one part of the core drill. There is no evidence that the vacuum system itself did not function properly. The manufacturer of a product is not required to produce the safest possible product, but only to produce a product that is reasonably safe when put to its intended use. Graham v. Sprout-Waldron and Co., 657 So.2d 868 (Ala. 1995).

Even assuming for argument purposes only that the vacuum created by the vacuum system used on the subject core drill was not powerful enough to properly secure the drill, the decision to add the particular vacuum system onto the core drill was not Gast Manufacturing's. There has been no showing that the vacuum system itself was defective for purposes of the AEMLD. Instead, Plaintiff has offered expert opinions that this particular vacuum system was insufficient for the requirements of a vacuum system component of Diamond Product's core drill. There is no evidence that the vacuum system itself is defective for purposes of the AEMLD. Thus, Plaintiff's claim to the contrary fails as a matter of law.

II.  **THERE IS NO EVIDENCE THAT THE DEFENDANT ARE LIABLE TO PLAINTIFF FOR WANTON CONDUCT BECAUSE PLAINTIFF CANNOT PRESENT SUBSTANTIAL EVIDENCE THAT THE DEFENDANT ACTED WANTONLY**

The wantonness claims asserted by Plaintiff against Gast Manufacturing fail as a matter of

law because there is no evidence of wanton conduct on the part of Gast Manufacturing. Plaintiff's theory as to how the subject accident occurred is that various parts of the core drill were improperly designed. Even assuming for argument purposes only that this theory is correct, there is no evidence to put Gast Manufacturing's conduct at the level of recklessness. Put another way, there is no evidence that Gast Manufacturing consciously manufactured a defective vacuum system knowing that an injury would probably result. Thus, there can be no recovery for wantonness here. In Alabama, wantonness is defined as follows:

> the **conscious** doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury.

Ala. Code §6-11-20 (1993)(emphasis added); Senn v. Alabama Gas Corp., 619 So. 2d 1320 (Ala 1993). "Wantonness is not merely a higher degree of culpability than negligence." Ex parte Anderson, 682 So.2d 467, 470 (Ala. 1996) quoting Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142 (Ala. 1987). Based on the definition of wantonness in Alabama law, Gast Manufacturing cannot be liable for wanton conduct where, as here, there is no evidence of such a conscious act on its part.

It is not sufficient to establish a prima facie claim of wantonness for a plaintiff to merely characterize an act as wanton in the complaint. Lovell v. Southern Ry. Co., 59 So.2d 807, 563 (Ala. 1952). "[T]he mere characterization of an act as constituting wanton conduct is not sufficient where the facts upon which such a charge is predicated are set out. The facts set up must themselves show wantonness." Id. In the present case, the facts set out in Plaintiff's Complaint do not show

6

wantonness because they do not show conscious action on the part of Gast Manufacturing. See Thompson v. White, 149 So.2d 797, 804 (Ala. 1963)("Wantonness and negligence cannot exist in the same act or omission, for the reason that wanton or willful misconduct implies mental action; whereas that fact is absent in mere negligence.").

Wantonness thus requires more than a showing of negligence but requires substantial evidence of a conscious and intentional act:

> Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury.
> ...
> To be guilty of wanton conduct, one must, with reckless indifference to the consequences, consciously and intentionally do some wrongful act or omit some known duty, and to be actionable, that act or omission must produce the plaintiff's injury. Under Alabama law, wanton conduct must be shown by substantial evidence. Alabama Code 1975 § 12-21-12.

Carter v. Treadway Trucking, Inc., 611 So. 2d 1034, 1035 (Ala. 1992)(citation omitted); See also Dorman v. Jackson, 623 So.2d 1056, 1058 (Ala. 1993); George v. Champion Ins. Co, 591 So.2d 852 (Ala. 1991); Burns v. Moore, 494 So.2d 4, 5 (Ala. 1986)("proof of wanton misconduct requires a showing of Defendant's 'conscious doing of some act'").

Reviewing the facts and evidence stated above, even in a light most favorable to Plaintiff, it is clear that Gast Manufacturing is not liable to Plaintiff for wanton conduct. There is no evidence that the incident made the basis of this lawsuit was the result of a "conscious, intentional and/or reckless act" on the part of Gast Manufacturing. Thus, Plaintiff's wantonness claim against Gast Manufacturing fails as a matter of law and Gast Manufacturing is entitled to summary judgment with respect to this claim.

### III. GAST MANUFACTURING DID NOT HAVE A DUTY TO WARN PLAINTIFF

A manufacturer who sells an industrial product to a "sophisticated purchaser" has no duty to provide warnings to the employees of that purchaser where the purchaser has an obligation to inform its employees. Ex parte Chevron Chemical Co., 720 So.2d 922, 926 n.3 (Ala. 1998) citing Vines v. Beloit Corp., 631 So.2d 1003 (Ala. 1994). Flavor House is a sophisticated industrial operation staffed with a Safety Director. (Tew Depo., Ex. 1, at p. 10). On this basis, Gast Manufacturing did not have a duty to provide warnings to Plaintiff. Thus, this claim fails as a matter of law.

### IV. GAST MANUFACTURING HAS NO DUTY UNDER AN IMPLIED WARRANTY OF MERCHANTABILITY BECAUSE IT WAS NOT THE SELLER OF THE SUBJECT CORE DRILL

The implied warranty of merchantability is found in Ala. Code § 7-2-314 (1975). The section provides, in pertinent part, that, "[u]nless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Assuming for argument purposes only that the implied warranty of merchantability was not excluded or modified in this case, it is undisputed that Gast Manufacturing was not the seller of the subject core drill, nor is it a merchant. Thus, Gast Manufacturing has no duty under an implied warranty of merchantability and Plaintiff's claim of violation of such a duty fails as a matter of law.

### CONCLUSION

For the foregoing reasons, Defendant Gast Manufacturing respectfully requests that summary judgment be entered in its favor with respect to all of Plaintiff's claims against it.

                                            /s/Eugene P. Stutts
                                            Eugene P. Stutts
                                            Attorney Bar No.: STU003

**OF COUNSEL:**
SPAIN & GILLON, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
(205) 328-4100

## CERTIFICATE OF SERVICE

     I hereby certify that on **August 31, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    **Joseph D. Lane, Esq.**
    **Robert H. Spain, Jr., Esq.**
    **John A. Earnhardt, Esq.**
    **W. Scott McGarrah III, Esq.**

and I hereby certify that I have mailed by United States Postal Service the document to the following non–CM/ECF participants:

                        [no manual recipients]

     This the 31st day of August, 2006.

                                            /s/ Eugene P. Stutts
                                            OF COUNSEL