IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MATTHEW RILEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.:  1:05cv994-T |
| vs. ) | |
| ) | |
| **UNITED RENTALS (NORTH** ) | |
| **AMERICA), Inc. et al.,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS RESPONSE IN OPPOSITION TO
DEFENDANT SAINT GOBAIN ABRASIVES, INC.'S
MOTION FOR LEAVE TO AMEND ANSWERS AND
TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant Saint Gobain Abrasives, Inc. (Norton) seeks to plead the releases of Gast Manufacturing (Gast) and Milwaukee Electric Tool Corporation (Milwaukee) as a post-judgment set off, or in the alternative, to request the Court to instruct the jury as to the amount of the settlement.

Although Plaintiff has no objection to having the amounts received from Gast and Milwaukee considered in a post-judgment set off, Plaintiff objects to admission of the releases into evidence for the jury's consideration, or any evidence to the effect that a settlement was reached with these parties.  While Norton is entitled to have the settlement proceeds received from these defendants considered in post-trial proceedings, Norton is not entitled to have the settlements entered into evidence in the trial of this matter.

Rule 408 of the Federal Rules of Evidence excludes the admission of settlements made with a third party. "Well established case law and the Federal Rules of Evidence prohibit the introduction of settlements or settlement negotiations into evidence to prove

liability. Fed.R.Evid. 408; *see Dallis v. Aetna Life Insurance Co.,* 768 F.2d 1303 (11th Cir.1985)." *Lampliter Dinner Theater v. Liberty Mutual Insurance Company*, 792 F.2d 1036, 1042 (11th Cir. 1986); J. Weinstein & M. Berger, Weinstein's Evidence (1993) § 408[04] ("Rule 408 codifies the general practice of the federal courts in making compromise agreements [with a third party] inadmissible in such circumstances as proof of liability for, or invalidity of, the claim, or its amount.")  Based upon Rule 408 and the case law interpreting Rule 408, plaintiffs' settlement with Gast and Milwaukee is not admissible.  To allow the admission of such evidence in the absence of proper grounds would not only violate Rule 408, but would be unduly and unfairly prejudicial to Plaintiff; any probative value of such evidence would be outweighed by the unfairly prejudicial impact in violation of Rule 403 of the Federal Rules of Evidence.  Fed.R.Evid. 403.

Wherefore, Plaintiff requests this Honorable Court to deny Defendant Norton's Motion as it pertains to the alternative request for "the Court to instruct the jury as to the amount of the settlement" or as to any attempt to have the fact of settlement introduced to the jury without first laying a proper foundation (aside from the set off issue) to justify admissibility.

**RESPECTFULLY SUBMITTED** this 27th day of October, 2006.

    **COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**
Counsel for Plaintiff, Matthew Riley
163 W. Main Street
Dothan, AL  36301
(334) 793-1555

2

/s/Joseph D. Lane
**JOSEPH D. LANE (LAN049)**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing has been furnished upon the following counsel of record in this cause by placing a copy of the same in the United States mail, postage pre-paid, addressed as follows, on this the 27th day of October, 2006:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148

Robert H. Sprian, Jr., Esq.
Sprain & Shries, 1707 29th Court South
Homewood, Alabama 35209

Joseph T. Brasher, Esq.
Hamilton, Westby, Antonowich & Anderson
One Georgia Center
17th Floor
600 W. Peachtree Street, N.W.
Atlanta, Georgia 30308

/s/ Joseph D. Lane
JOSEPH D. LANE, ESQUIRE