IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED RENTALS, INC.; and )<br>SAINT-GOBAIN ABRASIVES, INC., )<br>formerly d/b/a Clipper Manufacturing )<br>Company, Inc., and d/b/a Norton )<br>Construction Products )<br>)<br>Defendants. ) | Civil Action Number: 1:05-cv-994-W |

## DEFENDANT SAINT-GOBAIN ABRASIVES, INC.'S, MOTION TO CONSOLIDATE OR JOIN DIAMOND PRODUCTS

Comes Now the Defendant, Saint-Gobain Abrasives, Inc., formerly d/b/a Clipper Manufacturing Company, Inc., and d/b/a Norton Construction Products (hereinafter "Saint-Gobain"), pursuant to Rules 19 and 42 of the Federal Rules of Civil Procedure, and files this Motion to Consolidate and Join Diamond Products as a party to this cause of action. As grounds in support thereof, the Defendant would show unto the Court as follows:

### INTRODUCTION AND PROCEDURAL BACKGROUND

On or about August 25, 2005, the Plaintiff filed the instant cause of action, Matthew Riley, filed his complaint against several defendants, including Saint-Gobain Abrasives, Inc., The Plaintiff's Complaint alleged claims under Alabama's Extended Manufacturers Liability Doctrine ("AEMLD"), Negligence and/or Wantonness, Breach of Implied Warranty for Fitness for a Particular Purpose and Breach of Warranty of Merchantability. The case was removed from the Houston County Circuit Court to this Court based on diversity jurisdiction.

Through the course of discovery in this case it has been ascertained that the Plaintiff's primary theory of liability against this Defendant is that the core drill suffered from a design defect and that such defect proximately caused the Plaintiff's injuries. It is undisputed that Saint-Gobain was not the manufacturer of the core drill involved in the underlying incident. Instead, Saint-Gobain's liability is premised under the rule of law in Alabama that a defendant who distributes a product under its trade name may be held liable as if it were the manufacturer of the product since Saint-Gobain sold the product in question under its trade name Norton. See Casrell v. Altec, 335 So. 2d 128, 134 (Ala. 1976). Even so, it is also undisputed that the core drill was manufactured by Diamond Products, which is not a party to this cause of action.

On September 29, 2006, the Defendant, Saint-Gobain, filed a case in the United States District Court for the Middle District of Alabama against Diamond Products, Inc. The Complaint alleged counts of Active/Passive Negligence, Implied Warranty and Breach of Warranty. This case is styled *Saint-Gobain Abrasives, Inc. v. Diamond Products, Inc.*, case number *1:06-cv-881-WKW*. (For the Court's convenience a copy of this Complaint is attached hereto as Exhibit '1'). The civil cover sheet with that case identified this case as a related cause of action.

A mediation of the underlying cause of action with Mr. Riley is currently scheduled for November 27, 2006, with Mike Maddox in Birmingham, Alabama. However, without the participation of Diamond Products in this case the prospect of a negotiated resolution to the Plaintiff's underlying claims is unlikely. The Plaintiff's primary theory of liability against this Defendant is a design defect in the product, but this Defendant did not design or manufacture the subject product. Instead, Diamond Products, a party due to be joined as an indispensable party in this cause of action, manufactured the subject core drill.

2

## **LEGAL ARGUMENT**

Rule 42 of the Federal Rules of Civil Procedure permits a trial court to consolidate two pending causes of action if the two causes of action involve a common issue of law or fact. Specifically, Rule 42, in pertinent part, states as follows:

> **Rule 42. Consolidation; Separate Trials**
>
> **(a) Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42 Fed. R. Civ. P.

The Eleventh Circuit has held that this rule is a codification of a trial court's "inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'" Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th Cir. 1985) (quoting In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)). The Court further stated that "[w]e have encouraged trial judges to 'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion'". Id. Lastly, the Court observed that the power to consolidate a case is purely discretionary, but when exercising such discretion the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

3

Hendrix, 776 F.2d at 1495. (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir.1982), *cert. denied*, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1983) and 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984)).

In the instant case, it is clear that consolidation is warranted. It is undisputed that Diamond Products manufactured the core drill involved in Mr. Riley's underlying lawsuit. All of the claims asserted by Saint-Gobain against Diamond Products arise from the same transaction and occurrence – the injury to Mr. Riley and the alleged design defects of the drill. Even so, Diamond Products is not a party to the underlying lawsuit, but is instead a party to another case filed in this jurisdiction. Consolidating these two cases will prevent the possibility of inconsistent results and conserve judicial resources by litigating these common cases as one.

Rule 19 of the Federal Rules of Civil Procedure permits the Court to join a party to a cause of action if the party's absence from the case would otherwise prevent complete relief to those already parties to a case or if the party to be joined is an essential party to the cause of action. Specifically, in pertinent part, Rule 19 states as follows:

> **Rule 19. Joinder of Persons Needed for Just Adjudication**
>
> **(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action ***shall be joined as a party in the action if*** (1) ***in the person's absence complete relief cannot be accorded among those already parties***, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) ***leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.***

Rule 19 Fed. R. Civ. P. (emphasis added).

The official comment to the rule states that the rule "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." Rule 42 Fed. R. Civ. P. The comment also states that the rule furthers the public interest by "avoiding repeated lawsuits on the same essential subject matter". Id.

In analyzing a motion to join a party under Rule 19, the Courts have established a two part test. First, the Court "must ascertain under the standards of Rule 19(a) whether the person in question is one who should be feasible". Focus on the Family v. Pinellas Suncoast Transit, 344 F.3d 1263, 1279-1280 (11th Cir. 2003). Under the rule, "[i]f the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factor enumerated in Rule 19(b), the litigation must continue." Id.

In the instant case, the cause of action and party to be consolidated and joined is a defendant in an already pending action in the United States District Court for the Middle District of Alabama. Thus, the first consideration of Rule 19 is overcome by the fact that it is clear that this Court has jurisdiction over Diamond Products since they are already a defendant in another case in this District. Moreover, the considerations which form the basis of Rule 19 are all met in the instant case.

The Plaintiff's primary theory of liability in this case is that the core drill was defectively designed. Diamond Products, the party to be joined and whom Saint-Gobain has sued and wishes to have such case consolidated, is the party that designed the subject core drill. If Diamond Products is not joined into this action complete relief can not be afforded to all of the parties. Put simply, any relief afforded to the Plaintiff would be "hollow" and both Saint-Gobain

5

and Diamond Products could be subject to "repeated lawsuits on the same essential subject matter". Clearly, Diamond Products is an indispensable party to this cause of action as defined by Rule 19 and under Rule 42 the Defendant respectfully requests this Court to consolidate the cause of action already pending against Diamond Products.

WHEREFORE, PREMISES CONSIDERED, the Defendant, Saint-Gobain Abrasives, Inc., respectfully requests this Court to consolidate this action with the case styled *Saint-Gobain Abrasives, Inc. v. Diamond Products, Inc.*, case number *1:06-cv-881-WKW*.

Respectfully Submitted,

/s/ Robert H. Sprain, Esq.
Robert H. Sprain, Esq. (ASB-4177-A38R))
Kevin T. Shires, Esq. (ASB-4392-E64K)
Attorneys for Saint-Gobain, Inc.

**OF COUNSEL:**
SPRAIN & SHIRES, P.C.
1707 29th Court South
Birmingham, Alabama 35209
(205) 437-3232
Email: ktshires@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following attorneys of record by e-filing of the same and placing a copy thereof in the United States mail, first class, postage prepaid, on this the 13th day of November, 2006.

Joseph D. Lane, Esq.
COCHRAN, CHERRY, GIVENS,
    SMITH, LANE & TAYLOR, P.C.
P. O. Box 927
Dothan, Alabama 36302

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148

Tony Higgins, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
4001 Carmichael Road, Suite 300
Montgomery, Alabama 36106

                                            /s/ Robert H. Sprain, Esq.
                                            OF COUNSEL