IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED RENTALS, INC.; and <br> SAINT-GOBAIN ABRASIVES, INC., <br> formerly d/b/a Clipper Manufacturing <br> Company, Inc., and d/b/a Norton <br> Construction Products <br><br> Defendants. | Civil Action Number: 1:05-cv-994-W |

**DEFENDANT SAINT-GOBAIN ABRASIVES, INC.'S, MOTION TO CONTINUE**

Comes Now the Defendant, Saint-Gobain Abrasives, Inc., formerly d/b/a Clipper Manufacturing Company, Inc., and d/b/a Norton Construction Products (hereinafter "Saint-Gobain"), and files this Motion to Continue this Court's trial setting of January 8, 2007. As grounds in support thereof, the Defendant would show unto the Court as follows:

1.      On or about August 25, 2005, the Plaintiff, Matthew Riley, filed the instant cause of action against several defendants, including Saint-Gobain Abrasives, Inc., in the Circuit Court of Houston County, Alabama. Soon thereafter, the case was removed to this Court based on diversity of jurisdiction amongst the respective parties. The Plaintiff's Complaint alleged claims under Alabama's Extended Manufacturers Liability Doctrine ("AEMLD"), Negligence and/or Wantonness, Breach of Implied Warranty for Fitness for a Particular Purpose and Breach of Warranty of Merchantability.

2.      Through the course of discovery in this case it has been ascertained that the Plaintiff's primary theory of liability against this Defendant is that the core drill suffered from a

design defect and that such defect proximately caused the Plaintiff's injuries. It is undisputed that Saint-Gobain was not the manufacturer of the core drill involved in the underlying incident. Instead, Saint-Gobain's liability is premised under the rule of law in Alabama that a defendant who distributes a product under its trade name may be held liable as if it were the manufacturer of the product since Saint-Gobain sold the product in question under its trade name Norton. See Casrell v. Altec, 335 So. 2d 128, 134 (Ala. 1976). Even so, it is also undisputed that the core drill was designed and manufactured by Diamond Products, which is not a party to this cause of action.

3.      On September 29, 2006, the Defendant, Saint-Gobain, filed a case in the United States District Court for the Middle District of Alabama against Diamond Products, Inc. The Complaint alleged counts of Active/Passive Negligence, Implied Warranty and Breach of Warranty. This case is styled *Saint-Gobain Abrasives, Inc. v. Diamond Products, Inc.*, case number *1:06-cv-881-WKW*. The civil cover sheet with that case identified this case as a related cause of action. This Defendant has filed a Motion to Consolidate this case with the aforementioned case. This Motion is currently pending before the Court.

4.      A mediation of the underlying cause of action with Mr. Riley is currently scheduled for November 27, 2006, with Mike Maddox in Birmingham, Alabama. However, without the participation of Diamond Products in this case the prospect of a negotiated resolution to the Plaintiff's underlying claims is unlikely. The Plaintiff's primary theory of liability against this Defendant is a design defect in the product, but this Defendant did not design or manufacture the subject product. Instead, Diamond Products, a party due to be joined as an indispensable party in this cause of action, manufactured the subject core drill.

5. On November 28, 2005, this Court entered a Uniform Scheduling Order setting this matter for trial on January 8, 2007. The parties have worked diligently in preparing this case for trial, but due to events beyond Saint-Gobain's control, this Defendant respectfully asserts that this Defendant is not fully prepared to be litigated in this Court as currently set.

6. The Alabama Supreme Court held in Board of Water & Sewer Comm'n of the City of Mobile v. Hunter, 2006 WL 2089914 (Ala. July 28, 2006), that an expert must be licensed in the State of Alabama before providing testimony in a case pending in the State of Alabama. Saint-Gobain had designated an expert in this case that is familiar with the Defendant's products, George Reitmeier, and had been continuously providing Mr. Reitmeier with file materials as they were produced so that Mr. Reitmeier could prepare a report and testify in conformity with this Court's Uniform Scheduling Order. However, upon issuance of the Hunter decision, and the subsequent affirmation of that decision by the State Board of Licensure, the Defendant was forced to retain a new expert, Charles Prewitt, who was wholly unfamiliar with the facts of this case until he was retained approximately one month prior to the filing of this Motion. Although the Defendant has worked diligently with Mr. Prewitt to help him prepare for this case, Defendant represents to the Court that if forced to try this case on January 8, 2007, the Defendant will not be able to adequately prepare its expert to offer his testimony in this case. Mr. Prewitt is from New Orleans, Louisiana, and is currently in the process of scheduling an inspection of the subject core drill in Atlanta, the exemplar drill prepared by Plaintiff's experts that is located in Dothan, and ultimately offering his testimony and opinions. This Defendant represents to the Court that it is genuinely concerned that its expert does not have adequate time under the current scheduling order to review all of the materials produced in this case thus far, conduct these inspections and offer his testimony.

7. On November 14, 2006, this Defendant filed a Motion to Consolidate this cause of action with the case styled *Saint-Gobain Abrasives, Inc. v. Diamond Products, Inc.*, case number *1:06-cv-881-WKW*. The civil cover sheet with that case identified this case as a related cause of action. The Defendant represents to the Court that if these two cases are consolidated it is unlikely that this Defendant can properly prepare its claims against Diamond Products or that Diamond Products can properly prepare its defenses under this Court's current scheduling order.

WHEREFORE, PREMISES CONSIDERED, this Defendant, Saint-Gobain Abrasives, Inc., formerly d/b/a Clipper Manufacturing Company, Inc., and d/b/a Norton Construction Products, respectfully requests this Court to Continue the current trial setting of this case for the reasons stated herein.

                                               Respectfully Submitted,

                                               /s/ Robert H. Sprain, Esq.
                                               Robert H. Sprain, Esq. (ASB-4177-A38R))
                                               Kevin T. Shires, Esq. (ASB-4392-E64K)
                                               Attorneys for Saint-Gobain, Inc.

**OF COUNSEL:**
SPRAIN & SHIRES, P.C.
1707 29th Court South
Birmingham, Alabama 35209
(205) 437-3232
Email: ktshires@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following attorneys of record by e-filing of the same and placing a copy thereof in the United States mail, first class, postage prepaid, on this the 15th day of November, 2006.

Joseph D. Lane, Esq.
COCHRAN, CHERRY, GIVENS,
    SMITH, LANE & TAYLOR, P.C.
P. O. Box 927
Dothan, Alabama 36302

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148

Tony Higgins, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
4001 Carmichael Road, Suite 300
Montgomery, Alabama 36106

/s/ Robert H. Sprain, Esq.
OF COUNSEL