IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MATTHEW RILEY,                    *
                                              *

      Plaintiff,              *
                                                *

v.                               * CIVIL ACTION NO. 1:05-cv-994-MHT
                                              *

UNITED RENTALS, INC., et al,     *
                                              *

      Defendants.           *

**OBJECTION OF DIAMOND PRODUCTS, INC.
TO SAINT-GOBAIN ABRASIVES, INC.'S
MOTION TO CONSOLIDATE OR JOIN**

COMES NOW Diamond Products, Inc., by and through counsel, and respectfully requests this Honorable Court to deny Defendant Saint-Gobain Abrasives, Inc.'s Motion to Consolidate or Join Diamond Products previously filed in this case (Doc. 116). In support of said objection, Diamond Products states as follows:

**INTRODUCTION AND PROCEDURAL BACKGROUND**

1. On August 25, 2005, the Plaintiff, Matthew Riley, filed this product liability lawsuit naming several Defendants, including Saint-Gobain Abrasives, Inc. The case involves a personal injury claim by Matthew Riley allegedly caused by a core drill. The Complaint asserted claims under the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD"), negligence and/or wantonness, breach of implied warranty for fitness for a particular purpose and breach of warranty of merchantability. Although the case was originally filed in the Circuit Court of Houston County, Alabama, it was removed to this Court based on diversity jurisdiction.

2. On November 28, 2005, the Court entered its Uniform Scheduling Order for this case (Doc. 18). In the Court's Uniform Scheduling Order, the Court set forth various deadlines

aiming toward a January 2007 trial setting.  Importantly, Section 4 of the Court's Uniform

Scheduling Order specifically stated that "[a]ny motions to amend the pleadings and to add

parties shall be filed on or before May 15, 2006."  *Id.*

3.  On January 6, 2006, Saint-Gobain Abrasives, Inc., submitted to the Court their initial

disclosures pursuant to Rule 26, Fed.R.Civ.P.  (Doc. 20).  In these initial disclosures, Saint-

Gobain listed as individuals likely to have discoverable information "[e]mployees of Diamond

Products."  "Employees of Diamond Products" were also identified as potential witnesses in the

initial disclosures of Gast Manufacturing Inc. (Doc. 21).

4.  On or about July 17, 2006, Saint-Gobain responded to the first interrogatories

submitted to it on behalf of the Plaintiff, Matthew Riley.  A copy of these interrogatory

responses are attached hereto as Exhibit A. In these interrogatory responses, Saint-Gobain

responded to multiple inquiries regarding the product by asserting the following:

> "Notwithstanding the foregoing objections, Saint-Gobain did not design or
> manufacture 'the product' involved in the incident made the basis of Plaintiff's
> Complaint.  Instead, Diamond Products designed and manufactured 'the product'
> involved in the incident made the basis of the Plaintiff's Complaint. Thus, this
> request is best directed to Diamond Products."

*Id.*

5.  Until the filing of Saint-Gobain's Motion to Consolidate or Join Diamond Products

filed on November 13, 2006, no party in the Riley case has ever sought to amend the pleadings

to add Diamond Products as a Defendant or to assert a third-party claim against them.  (See,

Doc. 116).

6.  On September 29, 2006, Saint-Gobain filed a separate lawsuit in the United States

District Court for the Middle District of Alabama against Diamond Products, Inc. The Complaint is basically one for indemnification and asserts claims of (1) active/passive negligence, (2) implied warranty, and (3) breach of warranty. This case is styled *Saint-Gobain Abrasives, Inc., v. Diamond Products, Inc.* (Case No. 1:06-cv-881-WKW). A copy of this Complaint is attached hereto as Exhibit B.

7. Rather than litigating their claims directly against Diamond Products in the recently-filed separate lawsuit seeking indemnification, Saint-Gobain has now filed a motion seeking to consolidate the two cases or join Diamond Products in the instant case, thus forcing Diamond Products to defend a complicated products liability lawsuit in which it has not participated in discovery and which is set for trial in January of 2007. Based on the above chronology, as well as the argument set forth below, Diamond Products respectfully requests this Honorable Court to deny Saint-Gobain's Motion to Consolidate or Join Diamond Products. (See Doc. 116).

**ARGUMENT**

I.    Joinder of Diamond Products Should Not be Allowed in this Case

As correctly pointed out by Saint-Gobain, Rule 19, Fed.R.Civ.P., permits the Court to join a party to a cause of action if the party's absence from the case would otherwise prevent complete relief to those already parties to a case or if the party to be joined is an essential party to the cause of action. In its motion, Saint-Gobain specifically argues that "Diamond Products is an <u>indispensable party</u> to this cause of action as defined by Rule 19 and under Rule 42. . . ." (Emphasis added). However, pursuant to Saint-Gobain's argument that Diamond Products is an "indispensable party" to this litigation, Saint-Gobain has essentially waived any claim against

Diamond Products by not adding Diamond Products as a party pursuant to the Court's Scheduling Order which specifically set forth May 15, 2006, as the date for "[a]ny motions to amend the pleadings and to add parties. . . ." (Doc. 18).

Contrary to Saint-Gobain's assertions, no new information or theories of liability have been generated in this lawsuit which excuse Saint-Gobain from asserting claims against Diamond Products in a timely fashion. Indeed, attached hereto as Exhibit C is a letter dated December 8, 2005, from William J. McGettigan, Senior Counsel for Saint-Gobain Corporation, Inc., to Tracy Howe, the Controller for Diamond Products, Inc., expressly seeking defense and indemnification for this lawsuit. This letter was sent to Diamond Products within 10 days of the Court entering its Uniform Scheduling Order on November 28, 2005 (Doc. 18). Rather than add Diamond Products in a timely fashion and in such a manner that Diamond Products could participate in discovery, retain appropriate expert witnesses, inspect the product in question and vigorously defend the product at issue, as well as the claims for indemnity asserted against it by Saint-Gobain, Saint-Gobain has elected to wait until the eve of the January 2007 trial setting to attempt to add Diamond Products in this case. As the Court is well aware, many meaningful deadlines under the Court's Uniform Scheduling Order have already passed and it would be virtually impossible for Diamond Products to defend this complex products liability lawsuit in this limited time-frame.

In addition to the above issues which would need to be addressed, additional discovery and investigation is needed into the product at issue and the nature of the relationship between Diamond Products and Saint-Gobain which gives rise to their various claims seeking defense

and indemnification.  Because defense counsel has not had access to all of the materials which have been generated in the underlying case, including an opportunity to inspect the machine and obtain copies of all depositions taken in the underlying lawsuit, it is unknown the extent of the prejudice to Diamond Products by Saint-Gobain's efforts to join them as a party at this late date. Had Saint-Gobain had sought to add Diamond Products via a timely-filed third-party complaint in accordance with the Uniform Scheduling Order, Diamond Products would be a proper party to this case and could have participated in all discovery and had an appropriate opportunity to defend the product at issue, as well as the various indemnification claims asserted against it by Saint-Gobain.  As indicated by the letter attached hereto as Exhibit C, Saint-Gobain was certainly aware of the nature of the claims and had sought indemnification from Diamond Products shortly after this lawsuit was filed and removed to this Honorable Court.  Their neglect in filing a properly-timed third-party complaint or in complying with the Court's Uniform Scheduling Order does nothing but prejudice Diamond Products and should not be permitted in this case.

Based on the foregoing, Diamond Products respectfully requests this Honorable Court to deny Saint-Gobain's Motion to Join Diamond Products in the instant lawsuit.

II.    <u>Consolidation Should not be Allowed in this Case</u>

As an alternative method of relief, Saint-Gobain seeks to consolidate the instant case with the case they have recently filed against Diamond Products styled *Saint-Gobain Abrasives, Inc., v. Diamond Products, Inc.*, (Case No. 1:06-cv-881-WKW) (See Exhibit B). This relief is sought pursuant to Rule 42, Fed.R.Civ.P.  The same argument set forth in opposing Saint-Gobain's

Motion to Join Diamond Products is equally applicable to the Motion to Consolidate.  Again,

it is Saint-Gobain who chose not to add Diamond Products via a properly and timely-filed third-

party complaint pursuant to this Court's Uniform Scheduling Order.  Having missed the Court's

deadline, even though Saint-Gobain had already sought defense and indemnification from

Diamond Products back in December of 2005, Saint-Gobain now seeks to circumvent the

Court's Uniform Scheduling Order by pursuing a second lawsuit against Diamond Products.

Importantly, in its own motion seeking joinder and consolidation, Saint-Gobain asserts

as follows:

> "If Diamond Products is not joined into this action complete relief cannot be
> afforded to all of the parties.  Put simply, any relief afforded to the Plaintiff
> would be 'hollow' and both Saint-Gobain and Diamond Products could be
> subject to 'repeated lawsuits on the same essential subject matter.'  Clearly,
> Diamond Products is an indispensable party to this cause of action as defined by
> Rule 19 and under Rule 42 [and] the Defendant respectfully requests this Court
> to consolidate the cause of action already pending against Diamond Products."

(See Doc. 116).

Keep in mind that the Plaintiff, Matthew Riley, has never sought to amend his Complaint

to add Diamond Products as a Defendant.  Further, given that the injuries to Matthew Riley

occurred on August 29, 2003, the applicable two-year statute of limitations in Alabama for tort

claims has already expired.  It was Saint-Gobain, who now complains of the threat of "repeated

lawsuits" who chose not to timely join Diamond Products in the instant case and who has,

instead, filed a separate or "repeated" lawsuit against Diamond Products.  In sum, the actions

of Saint-Gobain has created this situation, not the actions of any other parties to this litigation

or Diamond Products.

Finally, consolidation is not warranted in this case because of additional factors. First, the issues raised by Saint-Gobain against Diamond Products in the second lawsuit involve claims of indemnification and are separate and distinct from the issues in the instant case. Second, the two lawsuits were filed approximately one year apart from each other and are not on the same time schedule. Attached hereto as Exhibit D is the Planning Meeting Report submitted to the Court by counsel for Saint-Gobain and Diamond Products in the recently-filed case. In the Planning Meeting Report, the parties are in agreement that the second case cannot be ready for trial until the Court's January 2008 civil jury term. The differences in the issues in the two cases, as well as the disparate time-frame involved all weigh against consolidation of these two cases.

Finally, with respect to both joinder and consolidation, fundamental fairness to Diamond Products dictates that Saint-Gobain's motion should be denied. Although Saint-Gobain asserted its claim for defense and indemnification against Diamond Products in December of 2005, they have chosen to wait until very recently to file their claim against Diamond Products. This has effectively eliminated Diamond Products' ability to participate in the discovery process. This is a complex products liability lawsuit and Diamond Products has effectively been denied any ability to defend the case given the dates set forth in the current Uniform Scheduling Order. Also, Diamond Products has been denied the right to participate in depositions and inspections of the core drill at issue in the underlying case. If Diamond Products is the "indispensable party" as claimed by Saint-Gobain, Diamond Products should have been added as a party to the instant lawsuit in accordance with the Court's Uniform Scheduling Order instead of at the last hour as the case is nearing its January 2007 trial setting.

Based on the foregoing, Diamond Products respectfully requests this Honorable Court to deny the Motion to Consolidate filed on behalf of Saint-Gobain in this case.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Diamond Products respectfully requests this Honorable Court to enter an order denying Defendant Saint-Gobain Abrasives, Inc.'s Motion to Consolidate or Join Diamond Products in this case.

Respectfully submitted this the 21st day of November , 2006.


/s/S. Anthony Higgins
S. ANTHONY HIGGINS
Attorney for Diamond Products, Inc.


OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert H. Sprain, Jr., Esq.
Kevin T. Shires, Esq.
Sprain & Shires, P.C.
1707 29th Court South
Birmingham, AL 35209

Joseph D. Lane, Esq.
Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C.
P. O. Box 927
Dothan, AL 36302

W. Scott McGarrah, III, Esq.
Teresa D. Davenport, Esq.
McGarrah & Davenport
P. O. Box 43548
Birmingham, AL 35243

Eugene P. Stutts, Esq.
Spain & Gillon
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak
P. O. Box 2148
Montgomery, AL 36102

/s/S. Anthony Higgins
OF COUNSEL