# EXHIBIT A

**EXHIBIT**

**A**

### IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW RILEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number: 1:05cv994-W |
| | ) | |
| UNITED RENTALS, INC.; | ) | |
| SAINT-GOBAIN ABRASIVES, INC., | ) | |
| formerly dba Clipper Manufacturing | ) | |
| Company, Inc., and dba Norton | ) | |
| Construction Products; GAST | ) | |
| MANUFACTURING, INC., a Unit of IDEX | ) | |
| CORPORATION, and formerly | ) | |
| dba GAST MANUFACTURING.; | ) | |
| MILWAUKEE ELECTRIC TOOL | ) | |
| CORPORATION and fictitious | ) | |
| defendants ABC, DEF, GHI, JKL | ) | |
| and MNO. | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT SAINT-GOBAIN'S RESPONSES TO PLAINTIFF'S INTERROGATORY REQUESTS

Comes Now the Defendant, Saint-Gobain Abrasives, Inc., formerly d/b/a ClipperManufacturing Company, Inc., and d/b/a Norton Construction Products (hereinafter "Saint-Gobain") and responds to the Plaintiff's interrogatory requests as follows:

### GENERAL OBJECTIONS

1.    Saint-Gobain objects to the Plaintiff's interrogatories to the extent that the requests seek information protected by the attorney-client privilege or by any other privilege recognized by law, as being work product, or as being prepared for in anticipation of litigation.

2.    Saint-Gobain objects to the Plaintiff's interrogatories to the extent that the requests seek information regarding subsequent remedial measures, which are not discoverable pursuant to Rule 407 of the Federal Rules of Evidence.

1

3.    Saint-Gobain objects to the Plaintiff's interrogatories to the extent that the request information which is already in the Plaintiff's possession, or can be as easily obtained by the Plaintiff as Saint-Gobain.

4.    Saint-Gobain objects to the Plaintiff's discovery requests to the extent that the requests seek information based on speculation, hearsay or that is otherwise inadmissible in this cause of action.

5.    Saint-Gobain objects to the Plaintiff's discovery requests as overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence and that they seek to discover information that is not relevant to this cause of action.  Saint-Gobain further objects to these discovery requests to the extent that they seek confidential or sensitive information or information that is proprietary in nature.

6.    Saint-Gobain objects to Plaintiff's discovery requests to the extent that said requests seek information, or to impose an obligation on Saint-Gobain, beyond those contained or provided for within the scope of the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS

1.    Saint-Gobain objects to the Plaintiff's use of the definition *"similar products"* in these discovery requests because such definition is overly broad and vague.  Saint-Gobain asserts that only the specific product used by the Plaintiff at the time of the incident made the basis of his complaint is relevant to this litigation and, therefore, only information regarding said product is discoverable.  Saint-Gobain asserts that any information regarding "similar products" is not discoverable in the instant litigation because such requests are not likely to lead to discoverable information pursuant to Rule 26 of the Federal Rules of Civil Procedure.

2.      Saint-Gobain objects to the Plaintiff's use of the definitions *"other incidents"* or *"other similar incidents"* because such information is not related to the incident which forms the basis of the Plaintiff's Complaint. Saint-Gobain asserts that Plaintiff's definition of those terms or phrases is overly broad, vague and ambiguous and does not put Saint-Gobain on sufficient notice as to the information sought by the Plaintiff.

3.      Saint-Gobain objects to the Plaintiff's use of the definitions *"malfunction"* to describe the incident which forms the basis of the Plaintiff's Complaint because there is no evidence that the product *"malfunctioned"* as set out in the definitions of the Plaintiff's discovery requests.

The foregoing objections shall be deemed to be continuing and incorporated throughout responses to specific requests which follow, even if not specifically referenced therein. The statement of additional objections to specific requests shall not constitute a waiver of these objections, and, these objections shall be deemed to be in addition to any specific objections raised in regard any answer to the following discovery requests.

## INTERROGATORY RESPONSES

1.      Please identify the person and official position of the individual(s) answering these Interrogatories.

**ANSWER:    Ronald Karbowski, Manager of World Product Safety.**

2.      Please identify, describe, and/or list all products or models of products that Defendant Saint-Gobain Abrasives, Inc. (hereinafter "Saint-Gobain") has ever, at any time, manufactured, designed, distributed or sold to be used in the same manner as "the product" made the basis of this suit.

3

ANSWER:    Saint-Gobain objects to this request as overly broad and vague. Further, Saint-Gobain objects to this request because discovery of information regarding products other than "the product" involved in the incident made the basis of the Plaintiff's Complaint is immaterial and irrelevant and the request is not calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, pursuant to Rule 33(c) of the Alabama Rules of Civil Procedure please see the 'Owners Manual' and 'Assembly Drawings' produced in response to the Plaintiff's Requests for Production to Saint-Gobain.

3.    Please identify, describe and/or list any and all steps that Saint-Gobain took in the manufacture, design, warning or instruction on "the product" and other "similar products" to prevent injuries to its users from a "malfunction" of "the product" while being used for its intended purposes.

ANSWER:    Saint-Gobain objects to this request to the extent that it assumes that there was a "malfunction" of "the product" at the time of the incident made the basis of the Plaintiff's Complaint. That is a genuine issue of material fact that is reserved for the jury. Further, Defendant asserts that any alleged defects or malfunction of products other than the product in question in the instant case is immaterial and irrelevant. Notwithstanding the foregoing objections, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Thus, this request is best directed to Diamond Products.

4.    Please identify the name and current employment status of any and all individuals who participated in any testing, investigations, analysis, and/or evaluations of the potential hazards associated with the use of "the product" and/or any other "similar products" designed,

4

manufactured, distributed and/or sold by Defendant Saint-Gobain at any time prior to August 29, 2003.

ANSWER:    Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and is not calculated to lead to the discovery of admissible evidence. Further, Saint-Gobain objects to this request to the extent that it assumes that when used correctly "the product" presents a "hazard". Lastly, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

5.    Please list, identify or describe any and all hazard analysis, or failure mode effects analysis or fault tree analysis or other safety analysis that Saint-Gobain conducted on "the product" as well as any other "similar product" designed, manufactured, distributed and/or sold by Saint-Gobain prior to the injuries complained of in the instant action.

ANSWER:    Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is immaterial and irrelevant to the instant cause of action and this request is not calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

5

6.    Please list, describe or otherwise identify any and all performance or safety standards or specifications, including, but not limited to any governmental or industry standards, that Saint-Gobain relied upon in the design and/or manufacture of "the product" and other "similar products" designed, manufactured, distributed and/or sold by Saint-Gobain at any time either before or after the injury complained of in this matter.

**ANSWER:    Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and is not calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.**

7.    Please list, identify, describe, including the identity of the person or persons responsible for performing or reporting results of any and all performance or safety test conducted by Saint-Gobain, or by any other entity on behalf of Saint-Gobain, on "the product" or other "similar product" designed, manufactured, distributed and/or sold by Saint-Gobain at any time prior to the injury complained of in the instant matter.

**ANSWER:    Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and is not calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's**

6

Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

8.   Please list, identify, and/or describe any modification programs, recalls, field modifications or other such modification activities that Saint-Gobain has undertaken through service bulletins or product recalls on the "the product" or any other "similar product" due to or related to any risk of harm from a "malfunction" of "the product" while being used for its intended purpose.

ANSWER:   Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and is not calculated to lead to the discovery of admissible evidence. Further, Saint-Gobain objects to this request to the extent that it assumes that there was a "malfunction" of "the product" at the time of the incident made the basis of the Plaintiff's Complaint. Notwithstanding the foregoing objections, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

9.   Please identify, describe and/or list any warnings or instructions that were provided for "the product" or for any "similar product" at any time prior to the injury complained of in this action concerning any risk of injury or death or harm due to a malfunction of "the product" while being used for its intended purpose.

7

ANSWER:    Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and is not calculated to lead to the discovery of admissible evidence. Further, Saint-Gobain objects to this request to the extent that it assumes that there was a "malfunction" of "the product" at the time of the incident made the basis of the Plaintiff's Complaint. That is a genuine issue of material fact that is reserved for the jury. Notwithstanding the foregoing objections, pursuant to Rule 33(c) of the Alabama Rules of Civil Procedure, please see the 'Owners Manual' produced in response to the Plaintiff's Requests for Production to Saint-Gobain. Saint-Gobain was not the manufacturer of "the product" involved in the incident made the basis of the Plaintiff's Complaint, and the manufacturer of "the product", Diamond Products, may have more information responsive to this request.

10.    Please list, describe and/or identify each and every incident of injury Saint-Gobain has become aware of or learned of, allegedly due to or related to a "malfunction" of "the product" while being used for its intended purpose, or due to a similar "malfunction" of any other "similar product" designed, manufactured, distributed and/or sold by Saint-Gobain, providing the names and addresses of the injured, the date of the alleged incident and the model alleged to have been involved.

ANSWER:    Objection. Saint-Gobain asserts that there is no proof that "the product" malfunctioned in the instant case. Further, Saint-Gobain asserts that any similar incidents involving "the product" are irrelevant and immaterial to the instant case and not discoverable. Further, Saint-Gobain asserts that this request is overly broad and unduly burdensome and that said request is not limited in time or scope. Lastly, Saint-Gobain

8

asserts that any incidents with a "similar product" are immaterial and not discoverable in this cause of action. Notwithstanding the foregoing objections, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

11.    Please list, identify and/or describe any communications orally or in writing or electronically, either before or after the date for the subject injury, that Saint-Gobain has had with the Consumer Product Safety Commission, Underwriters Laboratories, American National Standards Institute, or any other governmental or industry organization in the United States or the World regarding, related to, or concerning the safety and performance of "the product" or any "similar product" in any way related to the potential for injuries resulting from a "malfunction" of "the product" while being used for its intended purpose or from a similar "malfunction" of any "similar product", and provide the names of any employees of Saint-Gobain representatives responsible for conducting such communications.

ANSWER:    Saint-Gobain objects to this request to the extent that it seeks information that constitutes subsequent remedial measures. Saint-Gobain also objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and the request is not calculated to lead to the discovery of admissible evidence. Further, Saint-Gobain objects to this request to the extent that it assumes that there was a "malfunction" of "the product" at the time of the incident made the basis of the Plaintiff's Complaint. Saint-Gobain also objects to this request to the extent that it assumes that when used correctly "the product"

9

presents a "hazard". Lastly, Saint-Gobain did not design or manufacture "the product" involved in the incident made the basis of the Plaintiff's Complaint. Instead, Diamond Products designed and manufactured "the product" involved in the incident made the basis of the Plaintiff's Complaint. Therefore, this request is best directed to Diamond Products.

12. State the name, last known address, telephone number and employment of the person or persons employed by you or formerly employed by you who were responsible for the design, testing and safety of "similar products".

ANSWER: Saint-Gobain objects to this request to the extent that it seeks information regarding "other similar products" because discovery of such information is irrelevant to the instant cause of action and the request is not calculated to lead to the discovery of admissible evidence.

## VERIFICATION

I verify, under penalty of perjury, that the above and foregoing Answers to Interrogatories are true and accurate to the best of my information and belief.

Ronald Karbowski, for Saint-Gobain
Abrasives, Inc., formerly d/b/a Clipper
Manufacturing Company, Inc., and
d/b/a Norton Construction Products

Sworn and subscribed to me on this the 10Th day of July, 2006

Notary Public
My Commission Expires: 3-27-08

10

Robert H. Sprain, Esq. (SPR013)
Kevin T. Shires, Esq. (SHI027)
Attorneys for Saint-Gobain, Inc.

**OF COUNSEL:**
SPRAIN & SHIRES, P.C.
1707 29th Court South
Birmingham, Alabama 35209
(205) 802-7037

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following attorneys of record by placing a copy thereof in the United States mail, first class, postage prepaid, on this the 17th day of July, 2006.

Joseph D. Lane, Esq.
COCHRAN, CHERRY, GIVENS,
      SMITH, LANE & TAYLOR, P.C.
P. O. Box 927
Dothan, Alabama   36302

W. Scott McGarrah, Esq.
MCGARRAH & DAVENPORT, P.C.
Post Office Box 43548
Birmingham, Alabama   35243

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama   36102-2148

Eugene P. Stutts, Esq.
SPAIN GILLION, LLC
The Zinszer Building
2117 2nd Avenue North
Birmingham, Alabama   35203

OF COUNSEL

11

# EXHIBIT B



EXHIBIT

B

RECEIVED

2006 SEP 29  A 10: 37

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

SAINT-GOBAIN ABRASIVES, INC.    )
                                )
      Plaintiff,               )
                                )
vs.                             )    Civil Action Number: 1:06-CV-881-WKW
                                )
DIAMOND PRODUCTS, INC.,         )
                                )    **DEMAND FOR JURY TRIAL**
      Defendants               )

# COMPLAINT

COMES NOW the Plaintiff, Saint-Gobain Abrasives, Inc., ("Saint-Gobain"), by and through its undersigned counsel of record, and for its cause of action against the Defendant, Diamond Products, Inc., ("Diamond Products), states as follows:

## PARTIES AND JURISDICTION

1.      The Plaintiff, Saint-Gobain Abrasives, Inc., is a corporation incorporated in the Commonwealth of Massachusetts. The principal place of business of Saint-Gobain is Worcester, Massachusetts.

2.      Diamond Products is a corporation incorporated in the State of Ohio with a principal place of business in Elryia, Ohio.

## VENUE AND JURISDICTION

3.      Jurisdiction is proper before this Court pursuant to U.S.C. § 1331. Both of the parties are foreign corporations with complete diversity of citizenship and principal places of business.

1

SCANNED
KH 9/29/06


4.      Venue in this Court is proper because all of the acts or omissions complained of in the Plaintiff's Complaint occurred within the territorial jurisdiction of this Court.

## FACTS

5.      On or about August 29, 2003, Matthew Riley, an employee of Flavor House in Dothan, Alabama, was injured while using a core drill. Mr. Riley was injured when the drill bit allegedly stuck in the hole he was drilling and caused the drill to spin around, striking Mr. Riley on the face.

6.      The core drill was sold under the brand name of the Plaintiff, but Diamond Products was the manufacturer of the core drill that injured Mr. Riley. Diamond Products placed the core drill into the stream of commerce and the drill reached the end user, Flavor House, without substantial change in its condition. Diamond Products had a duty to manufacture the core drill in a manner that it would be reasonably safe to operate for its intended use.

7.      Mr. Riley filed suit for his injuries against Milwaukee Tool Corporation, the manufacturer of the motor on the core drill; Gast Manufacturing, Inc., the manufacturer of the vacuum; United Rentals, who rented the core drill to Flavor House; and Saint-Gobain Abrasives f/k/a Norton Company, which sold the core drill to United Rentals under its brand name (hereinafter referred to as the "underlying lawsuit").

8.      Saint-Gobain has incurred and continues to incur attorneys' fees and other expenses associated with the defense of the underlying lawsuit. Saint-Gobain has made a timely demand upon Diamond Products for indemnity and defense of the underlying lawsuit, but thus far Diamond Products has refused to honor this demand.

2

## COUNT I – ACTIVE/PASSIVE NEGLIGENCE

9.      The Plaintiff reavers and alleges each and every allegation contained in paragraphs 1-8 as if set out herein.

10.     Saint-Gobain alleges that any negligence in the manufacture, design or other defect in the core drill is attributable to Diamond Products.  Saint-Gobain alleges that the negligence of Diamond Products in the manufacture, design or other defect in the core drill was active, whereas any negligence of Saint-Gobain was passive.

11.     Saint-Gobain alleges that it has incurred substantial expense in defending the claims of Matthew Riley, whose injuries were caused in whole or in part by the active negligence of Diamond Products.  Saint-Gobain alleges that under the theory of active-passive negligence the Defendant, Diamond Products, owes the Plaintiff, Saint-Gobain, indemnity and defense in the underlying lawsuit filed by Matthew Riley.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Saint-Gobain, demands judgment against the Defendant, Diamond Products, for active-passive negligence and requests damages including, but not limited to, compensatory damages, attorneys' fees, interest and any and all other damages which may be awarded by a struck jury and deemed proper by this Court.

## COUNT II – IMPLIED INDEMNITY

12.     The Plaintiff reavers and alleges each and every allegation contained in paragraphs 1-11 as if set out herein.

13.     Saint-Gobain alleges that the proximate cause of any injuries suffered by Matthew Riley in the underlying case was the negligence of Diamond Products in the manufacture or design of the subject core drill.  Saint-Gobain alleges that because the negligence of Diamond

3

Products was the proximate cause of Matthew Riley's injuries, Saint-Gobain claims an implied contract of indemnity from Diamond Products for any and all sums it is or may be liable to Matthew Riley, either through contractual obligation, judgment of a Court of law or through reasonable settlement.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Saint-Gobain, demands judgment against the Defendant, Diamond Products, for implied contract of indemnity and requests damages including, but not limited to, compensatory damages, attorneys' fees, interest and any and all other damages which may be awarded by a struck jury and deemed proper by this Court.

## COUNT III – BREACH OF WARRANTY

14.    The Plaintiff reavers and alleges each and every allegation contained in paragraphs 1-13 as if set out herein.

15.    Saint-Gobain alleges that any negligence in the manufacture, design or other defect in the core drill is attributable to Diamond Products. Saint-Gobain alleges that the negligence of Diamond Products in the manufacture, design or other defect in the core drill was the proximate cause of Matthew Riley's injuries.

16.    Diamond Products was the manufacturer of the core drill involved in the incident made the basis of the underlying litigation and Saint-Gobain was the buyer of that core drill from Diamond Products.

17.    Saint-Gobain has given notice to Diamond Products of the pending litigation filed by Matthew Riley against Saint-Gobain, but Diamond Products has refused to provide defense and indemnity to Saint-Gobain in the underlying litigation. Saint-Gobain alleges that as the

4

buyer of the core drill it was owed certain warranties by Diamond Products. Saint-Gobain alleges that Diamond Products, in its refusal to indemnify and defend Saint-Gobain in the underlying litigation, has breached the warranties owed to Saint-Gobain as the buyer of the core drill.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Saint-Gobain, demands judgment against the Defendant, Diamond Products, for breach of warranty and requests damages including, but not limited to, compensatory damages, attorneys' fees, interest and any and all other damages which may be awarded by a struck jury and deemed proper by this Court.

Robert H. Sprain, Jr. (ASB-4177-A38R)
Kevin T. Shires, Esq. (ASB-4382-E64K)
Attorney for Saint-Gobain Abrasives, Inc.

**OF COUNSEL:**
SPRAIN & SHIRES, P.C.
1707 29th Court South
Birmingham, Alabama 35209
(205) 802-7037
Email: ktshires@bellsouth.net

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure the Plaintiff demands a trial by a struck jury on all counts.

OF COUNSEL

Please serve the Defendant by Certified Mail at the following Address:
Karl H. Moller
Diamond Products, Inc.
333 Prospect Street
Elryia, Ohio  44035

5

# EXHIBIT C

SAINT-GOBAIN
CORPORATION

EXHIBIT

C

December 8, 2005

Tracy Howe
Controller
Diamond Products, Inc.
333 Prospect Street
Elyria, OH 44035

Re:    Matthew Riley vs. United Rentals, et al., including Saint-Gobain Abrasives, Inc.
       In the Circuit Court of Houston County, Alabama
       Case No. CV-05-534-A

Dear Ms. Howe:

Per our discussion, kindly consider this as a tender of defense by Saint-Gobain Abrasives, Inc. to Diamond Products, Inc. of the above-captioned action naming Saint-Gobain Abrasives as a defendant. Saint-Gobain Abrasives is an indirect, wholly-owned subsidiary of Saint-Gobain Corporation.

This is a personal injury suit filed against several defendants, including Saint-Gobain Abrasives, by plaintiff, Matthew Riley, alleging that he sustained personal injuries to his face and head while he was drilling with a core drill rented from United Rentals, Inc. which has also been named as a defendant in this case. Plaintiff alleges that the drill struck him in the face and head when the base of the drill broke free from the concrete floor which he was drilling. Based on a review of our records, the best information we have regarding the date of the purchase of the core drill machine at issue would be sometime subsequent to June 29, 1999.

I have enclosed a copy of the pleadings and correspondence which have been received to date in connection with this case. Please note that Saint-Gobain Abrasives was served with the Complaint on September 14, 2005. In order to protect its interest, Saint-Gobain Abrasives has retained the services of Robert Sprain, Esq., of Sprain & Associates, in Birmingham, Alabama. His telephone number is (205) 437-3232.

Upon your review of the enclosed, I look forward to your confirming that Diamond Products, Inc. will agree to accept the tender of defense in this matter.

Your consideration in this matter is greatly appreciated.

Very truly yours,

William J. McGettigan
Senior Counsel

cc:    R. Karbowski
       P. Ferrero
       D. Bello
       C. Nowak
       R. Sprain

# EXHIBIT D



EXHIBIT
D

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

SAINT-GOBAIN ABRASIVES, INC.,     *
                                  *

     Plaintiff,                    *
                                  *

v.                           * CIVIL ACTION NO. 1:06-cv-881-WKW
                                  *

DIAMOND PRODUCTS, INC.,         *
                                  *

     Defendant.                 *

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P., 26(f), a meeting was held on November 20, 2006, and was attended by:

S. Anthony Higgins; Nix Holtsford Gilliland Higgins & Hitson, P.C., P. O. Box 4128, Montgomery, AL 36103-4128, (334) 215-8585; Attorney for Defendants;

Kevin Shires, Sprain & Shires, P.C., 1707 29th Court South, Birmingham, AL 35209; Attorney for Plaintiff.

The parties do not request a conference with the court before entry of the scheduling order.

1.  This jury action should be ready for trial by January 7, 2008, and, at this time, is expected to take approximately 3 trial days.

2.  The parties request a pretrial conference in November 2007.

3.  Discovery Plan. The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the allegations of the Complaint as well as affirmative defenses asserted by the Defendant.

All discovery commenced in time to be completed by November 16, 2007.

4.  Initial Disclosures. The parties will exchange by November 30, 2006, the information required by Fed.R.Civ.P, 26(a)(1).

5.  The parties request until January 31, 2007, to join additional parties and amend the pleadings.

6. Reports from retained experts under Rule 26(a)(2) due:
     from plaintiff(s) by July 13, 2007 - deposed by August 17, 2007
     from defendant(s) by September 14, 2007 - deposed by October 12, 2007

Any supplemental disclosures due by November 2, 2007.

7. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due 60 days prior to the trial. The parties have 30 days to depose any witness not previously disclosed. Objections must be filed within 14 days of receipt of list(s).

8. Discovery Limits.

Maximum of 50 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 10 depositions by plaintiff(s) and 10 by defendant(s). Each deposition limited to maximum of 8 hours unless extended by agreement of the parties.

Maximum of 50 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 50 requests for production of documents by each party to any other party. Responses due 30 days after service.

9. All potentially dispositive motions filed 90 days prior to pretrial conference.

10. Settlement cannot be evaluated prior to initial discovery being completed.

11. Other matters: None at this time.

Pursuant to the CM/ECF procedures, the undersigned parties certify that they are in agreement regarding the joint filing of this Report of Parties' Planning Meeting.

Date: November 20, 2006

                              /s/S. Anthony Higgins
                              S. ANTHONY HIGGINS
                              Attorney for Defendants

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

/s/Kevin T. Shires
KEVIN T. SHIRES
Attorney for Plaintiff

OF COUNSEL:
SPRAIN & SHIRES, P.C.
1707 29th Court South
Birmingham, AL 35209

**Tony Higgins**

**From:** efile_notice@almd.uscourts.gov
**Sent:** Monday, November 20, 2006 3:29 PM
**To:** almd_mailout@almd.uscourts.gov
**Subject:** Activity in Case 1:06-cv-00881-WKW-SRW Saint- Gobain Abrasives, Inc. v. Diamond Products, Inc. "Report of Rule 26(f) Planning Meeting"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Alabama Middle District

Notice of Electronic Filing

The following transaction was received from Higgins, Steven entered on 11/20/2006 at 3:28 PM CST and filed on 11/20/2006

**Case Name:**        Saint- Gobain Abrasives, Inc. v. Diamond Products, Inc.
**Case Number:**    1:06-cv-881
**Filer:**
**Document Number:** 6

**Docket Text:**
REPORT of Rule 26(f) Planning Meeting. (Higgins, Steven)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=11/20/2006] [FileNumber=637302-0
] [0fa7c5fcf1476c965b31d816568ae80e5b6531b67ec6f0ea6a28e7b92c297b0a3c8
db152d87bf7fdcf4c506f3747960b55972f7bfb5d3f699edefd63f2a5c638]]

**1:06-cv-881 Notice will be electronically mailed to:**

Steven Anthony Higgins    thiggins@nixholtsford.com, cmalandro@nixholtsford.com

Kevin Tannehill Shires    ktshires@bellsouth.net, ktshires@hotmail.com

Robert H. Sprain , Jr    rhs@sprainlaw.com

**1:06-cv-881 Notice will be delivered by other means to:**