IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MATTHEW RILEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No.: 1:05cv994-T** |
| vs. ) | |
| ) | |
| **UNITED RENTALS (NORTH** ) | |
| **AMERICA), Inc. et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT SAINT-GOBAIN ABRASIVES, INC.'S
MOTION TO CONSOLIDATE OR JOIN DIAMOND PRODUCTS**

COMES NOW Plaintiff in the above-styled matter and responds to Defendant Saint-Gobain's Motion to Consolidate or Join Diamond Products as follows:

**INTRODUCTION**

On November 13th, 2006, Defendant Saint-Gobain Abrasives, Inc.'s submitted its Motion to Consolidate or Join Diamond Products. For the reasons set out below, Plaintiff conditionally has no objection to the Consolidation of Saint-Gobain's action with the instant matter to allow all facts related to this matter to be adequately explored and addressed.

**DISCUSSION**

Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Rule 42(a) sets forth no situations in which consolidation *must* be granted. Rather, "[t]he district court has

broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of California,* 877 F.2d 777 (9th Cir.1989).

Plaintiff has filed claims against Defendant Saint-Gobain (dba Norton) pursuant to the Alabama Extended Manufacturer Liability Doctrine (AEMLD), alleging that the product in issue (a Norton DM500 Core Drill) was defective and unreasonably dangerous and negligently designed. Saint-Gobain has indicated that Diamond Products is the designer and manufacturer of the product and that Saint-Gobain has little or no knowledge about the design of the product. Saint-Gobain, therefore seeks indemnification from Diamond Products for any liability that may result to Saint-Gobain arising out of Plaintiff's claims. In a recent phone conversation with Diamond Products' attorney, Tony Higgins, Plaintiff's counsel was informed that Diamond Products denies that any right of indemnification exists and that Diamond Products did not design the product, but merely manufactured the product pursuant to Saint-Gobain's specifications. It is Plaintiff's position that Saint-Gobain should be prohibited from presenting testimony or evidence denying that it is not the designer and manufacturer of the product, in light of its legal status as a supplier of the product under AEMLD.

In light of these recent (albeit off-the-record) statements, Plaintiff would like the opportunity to conduct a Rule 30(b)(5) and (6) deposition of Diamond Products for the purpose of gathering evidence to either support or refute Saint-Gobain's claims of indemnification and its denials that the product was designed by Saint-Gobain. Although Plaintiff's claims under AEMLD against Saint-Gobain do not require that Saint-Gobain be the actual manufacturer or designer of the product, as a practical matter, if such evidence is presented and admitted, it could affect a jury's determination of liability due to inappropriate speculation on these issues, regardless of Saint-Gobain's legal status as the designer/manufacturer pursuant to AEMLD. The jury might be unfairly confused or conflicted

about imposing liability on Saint-Gobain for claims of design defect or negligent design when Saint-Gobain claims it was not the designer of the product.

WHEREFORE, Plaintiff has no objection to the consolidation of Saint-Gobain's indemnity action with the present action to the extent that Plaintiff is allowed sufficient time to conduct discovery to address the indemnity issues and investigate issues of fact concerning the true designer and manufacturer of the product.

**RESPECTFULLY SUBMITTED** this 21st day of November, 2006.

                **COCHRAN, CHERRY, GIVENS,**
                **SMITH, LANE & TAYLOR, P.C.**

                /s/ Joseph D. Lane
                **JOSEPH D. LANE**
                Alabama Bar No. 118498
                163 W. Main Street
                Post Office Box 927
                Dothan, Alabama 36302
                (334) 793-1555
                (334) 793-8280 (facsimile)
                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by emailing a copy to each recipients email address on file and by placing a copy of the same in the United States mail, postage pre-paid, addressed as follows, on this the 21st day of November, 2006:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148

Robert H. Sprain, Jr., Esq.
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama 35209

Joseph T. Brasher, Esq.
Hamilton, Westby, Antonowich & Anderson
One Georgia Center
17th Floor
600 W. Peachtree Street, N.W.
Atlanta, Georgia 30308

          /s/ Joseph D. Lane
          **OF COUNSEL**