IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED RENTALS (NORTH )<br>AMERICA), Inc. et al., )<br>)<br>Defendants. ) | Case No.: 1:05cv994-T |

**PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO OBJECT TO DEFENDANT UNITED RENTALS' WITNESS AND EXHIBIT LIST**

COMES NOW Plaintiff in the above-styled matter and submits his Motion for Additional Time to Reserve the Right to Object to Defendant United Rentals' Exhibit and Witness List as follows:

1. On November 29th, 2006, by this Court's Order, Parties were to furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial. By Order, Counsel has 5 days to file objections to any exhibits of witnesses disclosed.

2. On November 29th, 2006, pursuant to counsel for United Rentals insistence, Plaintiff provided counsel for each defendant a complete hard copy of all exhibits Plaintiff may use at trial along with Plaintiff's list of witnesses and exhibits. Plaintiff's counsel was not provided with hard copies of exhibits on November 29th, as expected. Instead, counsel for United Rentals informed Plaintiff's counsel that they (Untied Rentals) would email copies of all exhibits to Plaintiff's counsel later on November 29th.

3. On the morning of November 30th, 2006, Plaintiff's counsel's office was inundated with email packets from United Rentals, to the extent that Plaintiff's counsel's email system was

overloaded and unable to receive emails from any other source, including notices and orders from the Court. Plaintiff's counsel notified United Rentals' counsel's office of the problem and asked that no further attempts be made to email exhibits to counsel until further notice. Plaintiff's counsel has only received a portion of the exhibits for United Rentals and is still attempting to process email packets that were sent on the evening of November 29th and November 30th, and is attempting to receive a complete copy of all exhibits.

4.    Under the current scheduling order, objections to exhibits and witnesses would be due December 6th, 2006.

Wherefore, Plaintiff request an additional five days, or until December 13th in which to raise objections to exhibits and witnesses that were to be disclosed on November 29th, 2006, but which have not been fully provided for review as of this date (December 1st, 2006).

**RESPECTFULLY SUBMITTED** this 1st day of December, 2006.

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**

/s/ Joseph D. Lane
**JOSEPH D. LANE**
Alabama Bar No. 118498
163 W. Main Street
Post Office Box 927
Dothan, Alabama 36302
(334) 793-1555
(334) 793-8280 (facsimile)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by emailing a copy to each recipients email address on file and by placing a copy of the same in the United States mail, postage pre-paid, addressed as follows, on this the 1st day of December, 2006:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148

Robert H. Sprain, Jr., Esq.
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama 35209

Joseph T. Brasher, Esq.
Hamilton, Westby, Antonowich & Anderson
One Georgia Center
17th Floor
600 W. Peachtree Street, N.W.
Atlanta, Georgia 30308

/s/ Joseph D. Lane
**OF COUNSEL**