IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 1:05cv994-MHT |
| | ) |
| UNITED RENTALS (NORTH AMERCIA), INC., et al. | ) |
| | ) |
| Defendants. | ) |

**UNITED RENTALS' OBJECTIONS TO DEFENDANT
SAINT GOBAIN ABRASIVES, INC.'S EXHIBITS AND DEPOSITION DESIGNATIONS**

**COMES NOW** the Defendant, United Rentals (North America), Inc., and in accordance with this Court's Scheduling Order submits the following objections to the exhibits identified on Defendant Saint Gobain Abrasives, Inc.'s (formerly d/b/a Clipper Manufacturing, Inc.) ("SGA") Witness and Exhibit List for trial, and as grounds therefore states as follows:

DEPOSITION DESIGNATION

This Defendant objects to SGA's designation of all witnesses designated to give testimony at trial by virtue of their depositions. As grounds for said objection, this Defendant states with the exception of Dr. Marsella and the corporate representative of Ralcorp, none of the listed deponents meets with the criteria set out in *Federal Rule of Civil Procedure* 32(a). This Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. Also, the depositions contain inadmissible hearsay, opinions, and conclusory statements. In addition, these depositions may contain matters that are not relevant nor material. Further to allow the introduction of the

transcript itself would unduly emphasize the testimony over the testimony given live at trial. *Federal Rule of Evidence*, 401, 402, 403 and 802.

The Defendant cannot make meaningful or informed objections as to the introduction of these depositions, and therefore, objects to the introduction of the entire deposition transcripts and all exhibits attached thereto. Second, with regard to the exhibits listed by SGA:

1. The Defendant objects to the Milwaukee Operator's Manual published after the Plaintiff's accident. It is neither relevant nor material to any issue before the court. *Federal Rule of Evidence*, 401, 402, and 403.

2. The Defendant objects to SGA's exhibit 12, titled Investigation of Traumatic Injuries to Mr. Matthew Riley by John C. Frost, Safety Engineer, dated June 28, 2006. Defendant submits that the report should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, opinions, conclusory statements, matters relating to claims and parties no longer in the case and matters that are not relevant or material to the plaintiff's claims. Further, to allow the introduction of the report itself would also unduly emphasize the testimony over the testimony given live at trial. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

3. The Defendant objects to SGA's exhibit 13, titled "Serious Injury," August 29, 2003 Flavor House Products, Houston County, Alabama and completed by Donald R. Shaver, P.E. Defendant submits the report should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, opinions, conclusory statements, matters relating to claims and parties no longer in the case and matters that are not relevant or material to the plaintiff's claims. Further, to allow the introduction of the

report itself would also unduly emphasize the testimony over the testimony given live at trial. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

4. Defendant objects to SGA's exhibit number 17, identified as exemplar Norton DM500 Core Drill as depicted in photographs disclosed in the deposition of Gabriel Uriegas. Because they appear to be photographs of a drill not used by Matthew Riley, this exhibit is not only irrelevant and immaterial but cannot be properly authenticated. *Federal Rule of Evidence*, 401, 402, 403 and 901.

5. Defendant objects to SGA's exhibit number 18, an exemplar warnings of the DM500 Core Drill being operated by Matthew Riley at the time of the accident. Because it is not the drill used by Matthew Riley, this exhibit is not only irrelevant and immaterial but cannot be properly authenticated. *Federal Rule of Evidence*, 401, 402, 403 and 901.

6. The Defendant objects to SGA's exhibit 21, report and resume of Charles Prewitt. Defendant submits that the report may contain inadmissible hearsay, conclusory statements, that are not relevant or material. *Federal Rule of Evidence*, 401, 402, 403, 703 and 802.

7. The Defendant objects to Exhibits 28 and 29 which have not been authenticated and constitute inadmissible hearsay. *Federal Rule of Evidence*, 802 and 901.

8. The Defendant objects to SGA's exhibit number 34, identified as exhibits to deposition transcript of Charles Prewitt. As of today's date, his deposition has not been taken. As such, the Defendant objects to its use at trial, until an informed decision may be made as to their admissibility.

9. The Defendant objects to SGA's exhibit number 37, identified as documents produced by United Rentals in response to Amended Deposition Notice dated July 18, 2006. The Amended Deposition Notice and response thereto are discovery documents exchanged by and

between counsel in the case and are not relevant nor material to any of the material allegations of the case. On the contrary, they are discovery tools used for discovery purposes. Defendant submits that the introduction of the discovery requests and response would only serve to confuse the jury. *Federal Rule of Evidence*, 401, 402 and 403.

10. The Defendant objects to SGA's exhibit number 47, identified as the deposition of Matthew Riley and attached exhibits. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

11. The Defendant objects to SGA's exhibit number 48, identified as the deposition of William Harold Mixon and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

12. The Defendant objects to SGA's exhibit number 49, identified as the deposition of George A. Kennedy and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

13. The Defendant objects to SGA's exhibit number 50, identified as the deposition of Joseph Adam Hall and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself

should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

14.     The Defendant objects to SGA's exhibit number 51, identified as the deposition of Donald Curley Cody, Jr. and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

15.     The Defendant objects to SGA's exhibit number 52, identified as the deposition of Kenneth Tew and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

16.     The Defendant objects to SGA's exhibit number 53, the deposition of Michael James Walters and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

17.     The Defendant objects to SGA's exhibit number 54, identified as the deposition of Michael Waters and attached exhibits. To the extent the plaintiff may try to introduce the

deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

18. The Defendant objects to SGA's exhibit number 55, identified as the deposition of Timothy Whitecotton and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

19. The Defendant objects to SGA's exhibit number 56, identified as the deposition of James Mason and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

20. The Defendant objects to SGA's exhibit number 57, identified as the deposition of Aaron Myers and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

21. The Defendant objects to SGA's exhibit number 58, identified as the deposition of Ricky Smothers and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

22. The Defendant objects to SGA's exhibit number 59, identified as the deposition of Donna Senn and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

23. The Defendant objects to SGA's exhibit number 60, identified as the deposition of Tom Nance and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

24. The Defendant objects to SGA's exhibit number 61, identified as the deposition of plaintiff's expert, Donald Shaver and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the

jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

25. The Defendant objects to SGA's exhibit number 62, identified as the deposition of Roger Davis and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

26. The Defendant objects to SGA's exhibit number 63, identified as the deposition of Roy Donnelly and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403 and 802.

27. The Defendant objects to SGA's exhibit number 64, identified as the deposition of Joe Frank Smith and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

28. The Defendant objects to SGA's exhibit number 65, identified as the deposition of Joe Frank Smith and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself

should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

29. The Defendant objects to SGA's exhibit number 65, identified as the deposition of John C. Frost and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

30. The Defendant objects to SGA's exhibit number 66, identified as the deposition of Dr. David Turok and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

31. The Defendant objects to SGA's exhibit number 67, identified as the deposition of Charles Prewitt and attached exhibits. To the extent the plaintiff may try to introduce the deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403, 701 and 802.

32. The Defendant objects to SGA's exhibit number 68, identified as the deposition of Gabriel Uriegas and attached exhibits. To the extent the plaintiff may try to introduce the

deposition transcript itself as evidence, Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. It contains inadmissible hearsay, conclusory statements, and matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403 and 802.

33. The Defendant objects to SGA's exhibits 69-85. Defendant submits that these are discovery documents exchanged by and between counsel in the case and are not relevant nor material to the allegations of the case. They are discovery tools for discovery purposes. The Defendant submits that the introduction of these exhibits would only serve to confuse the jury and unduly delay the trial of this matter. *Federal Rule of Evidence*, 401, 402, and 403.

34. The Defendant objects to the pleadings identified as exhibits 86-94. Defendant submits these pleadings constitute inadmissible hearsay. *Federal Rule of Evidence*, 401, 402, and 403.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.   (SHE013)
Attorney for United Rentals (North America), Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Joseph T. Brasher (jbrasher @hwaalaw.com)

Heather Robinson (hrobinson@hwaalaw.com)

Farrest Taylor (ftaylor@cochranfirm.com)

Joseph Davie Lane (jlane@cochranfirm.com jdavidlane@aol.com)

Robert H. Sprain, Jr. (rhs@sprainlaw.com)

Kevin Shires (ktshires@bellsouth.net)

/s/ C. Winston Sheehan, Jr.
OF COUNSEL