## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 1:05cv994-MHT |
| ) | |
| UNITED RENTALS (NORTH ) | |
| AMERICA), INC., et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT UNITED RENTALS' EIGHTH MOTION IN LIMINE

COMES NOW the Defendant, United Rentals (North America), Inc., in the above-styled cause, and hereby moves this Court to prohibit the Plaintiff, his attorneys, and witnesses to introduce by way of testimony or documentary evidence information about the following subjects:

Photographs and evidence regarding the current condition of a core drill machine (referred to in pretrial discovery as a "sister" machine) purchased by United Rentals at the same time as the drill that is the subject of this suit. The Dothan Branch of United Rentals purchased two core drill machines in March of 2003 from Saint Gobain Abrasives ("Norton"). The sister machine was inspected after the plaintiff's accident and extensively photographed. However, said inspection and photographs occurred approximately three (3) years after the accident. The sister machine, which was inspected and photographed by the Plaintiff's attorneys in 2006, has been rented hundreds of times since 2003 and had accumulated wear and tear associated with such use over these three years since the subject accident.

Defendant submits that any evidence or pictures of this sister machine owned by United Rentals is not relevant nor material to any of the issues raised in the plaintiff's complaint. It is

also not similar so it should not be used for comparison purposes. FED. R. EVID. 401, 402 and 403. The Defendant submits that introduction of this type evidence would only serve to cause a mini trial regarding the condition of the sister machine and it would not be limited to scope or time of the plaintiff's accident. United Rentals would have to justify post-accident condition of this machine. As such, any probative value of this evidence is substantially outweighed by its prejudicial effect. FED. R. EVID. 401, 402, and 403. *Hapring v. Continental Oil Co.*, 28 F.2d 406, 410 (5th Cir. 1980) (excluding evidence that unduly prolonged the trial).

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.   (SHE013)
Attorney for United Rentals (North America), Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons who were also served by U.S. mail and telefax:

Joseph T. Brasher
Heather Robinson
Hamilton Westby Antonowich
 & Anderson LL
600 W Peachtree Street, NW
Suite 2400
Atlanta, GA 30308
(404) 872-1822

Farrest Taylor
Joseph David Lane
Cochran Cherry Givens & Smith, PC
PO Box 927
Dothan, AL 36302-0927
(334) 793-8290

Robert H. Sprain, Jr.
Kevin Shires
Sprain & Associates PC
1707 29th Court, South
Birmingham, AL 35209
(205) 802-7093

/s/ C. Winston Sheehan, Jr.
OF COUNSEL