IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MATTHEW RILEY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No.: 1:05cv994-MHT |
| | ) |
| **UNITED RENTALS (NORTH AMERCIA), INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

## UNITED RENTALS' OBJECTIONS TO PLAINTIFF'S EXHIBITS

**COMES NOW** the Defendant, United Rentals (North America), Inc. hereinafter ("Defendant"), and in accordance with this Court's Scheduling Order submits the following objections to the exhibits identified on the Plaintiff's Exhibit List for trial, and as grounds therefore states as follows:

A.   On November 29, 2006, the Plaintiff served the attached document entitled Plaintiff Matthew Riley's Pretrial Disclosure Sheet (Exhibit "A") and copies of over 1900 documents.

B.   Defendant generally objects to all of the plaintiff's trial exhibits on the grounds that the exhibits violate the spirit of the Court's Scheduling Order. Said exhibits were haphazardly marked and are not produced in any sort of order. The attorney for the Defendant wrote the plaintiff's attorney the attached letter dated November 30, 2006 (Exhibit "B") asking that the plaintiff identify those documents he intended to offer so that an informed decision might be made as to the admissibility of the plaintiff's trial exhibits. The plaintiff's attorney on December 5, 2006 advised this attorney to object.

The Defendant therefore objects to the following exhibits with specific reasons set forth below:

C. The Defendant does not object to exhibit 1.

D. The Defendant does not object to exhibit 2.

E. The Defendant objects to exhibits 3, 4 and 5 on the basis they were not produced for inspection.

F. The Defendant objects to exhibit 6. It is unknown at what stage the drill listed as exhibit 6 will be presented since the Plaintiff's experts progressively make recommendations for its modification. Defendant submits that this exhibit is neither relevant nor material. *Federal Rule of Evidence*, 401, 402 and 403.

G. The Defendant does not object to exhibits 7-23.

H. The Defendant objects to exhibits 24-50 as inadmissible hearsay. Various portions of these exhibits contain inadmissible hearsay, conclusory statements, matters relating to claims of parties no longer in the case, and the matter that is not relevant nor material to the plaintiff's claims. Further, to allow the introduction of these exhibits would also unduly emphasize testimony. *Federal Rule of Evidence*, 401, 402, 403, 703, and 802. Finally, exhibit 24 is objected to because Defendant submits that this is a discovery document exchanged by and between counsel in the case and is neither relevant nor material to the material allegations of the case. On the contrary, they are discovery tools for discovery purposes. The Defendant submits that the introduction of this exhibit would only serve to confuse the jury and unduly delay the trial of this matter. *Federal Rule of Evidence*, 401, 402, and 403.

I. The Defendant objects to exhibits 51-105 as inadmissible hearsay. Various portions of these exhibits contain inadmissible hearsay, conclusory statements, matters relating to

claims of parties no longer in the case, and the matter is not relevant or material to the plaintiff's claims. Further, to allow the introduction of these exhibits would also unduly emphasize testimony. *Federal Rule of Evidence*, 401, 402, 403, 703, and 802.

    J.    The Defendant does not object to exhibits 106-114.

    K.    The Defendant objects to exhibit 115 and 116, which is identified as a statement of James Mason and an Accident Report and Treatment form respectively. These exhibits contain inadmissible hearsay and opinions. The author of the Accident Report is unidentified. The Report contains summaries of conversations, and other correspondence which constitutes inadmissible hearsay. The Accident Report is not authenticated and does not contain any certification that it is a business record kept in the ordinary course of business or contain any other such certification that would make it admissible over hearsay objection. *Federal Rule of Evidence*, 703, 802 and 901. Furthermore, Ricky Smothers, the alleged author of the Accident Report denies preparing this document. However, in Ken Tew's deposition, Ricky Smothers is identified as the author of the report. As such, this document has not been properly authenticated. *Federal Rule of Evidence*, 901.

    L.    The Defendant does not object to exhibits 118-119.

    M.    The Defendant objects to exhibit 120 on the grounds that the document is not authenticated and is the same Accident Report identified in objection K above. *Federal Rule of Evidence*, 703, 802 and 901.

    N.    This Defendant objects to exhibits 121-124, which are statements of Kenneth Tew. Defendant submits that these statements constitute inadmissible hearsay. *Federal Rule of Evidence*, 802.

O. The Defendant objects to exhibit 125, identified as a letter from David Rawe. Mr. Rawe is a Risk Manager for the Defendant. Defendant submits that reference to the letter would unduly prejudice the Defendant. As a result, Defendant submits that the probative value of the letter is outweighed by its prejudicial effect. *Federal Rule of Evidence*, 401, 402, 403 and 411.

P. The Defendant does not object to exhibit 126.

Q. The Defendant objects to exhibit 127. Defendant submits that this is a discovery document exchanged by and between counsel in the case and is neither relevant nor material to the material allegations of the case. On the contrary, it is a pretrial discovery tools for discovery purposes. The Defendant submits that the introduction of this exhibit would only serve to confuse the jury and unduly delay the trial of this matter. It also constitutes inadmissible hearsay. *Federal Rule of Evidence*, 401, 402, 403, and 802.

R. The Defendant does not objection to exhibits 128-131.

S. The Defendant does not object to exhibits 132-137.

T. The Defendant does not object to exhibit 138-140.

U. The Defendant objects to exhibit 141-143 on the grounds these exhibits are not relevant or material. *Federal Rule of Evidence*, 401, 402, and 403.

V. The Defendant does not object to exhibits 144-148.

W. The Defendant does not object to exhibit 149-151.

X. The Defendant objects to exhibits 152 which are handwritten notes of Kenneth Tew. The Defendant submits that these notes are inadmissible hearsay, and are neither relevant nor material to any issue before the Court. *Federal Rule of Evidence*, 802, 401, 402 and 403.

Y. The Defendant objects to exhibits 153 which is the same Accident Report previously objected to above. The Defendant submits this exhibit contains inadmissible hearsay. *Federal Rule of Evidence*, 802 and adopts the objection previously set out in paragraph K above.

Z. The Defendant objects to exhibit 154 as it constitutes inadmissible hearsay and contains opinion evidence. *Federal Rule of Evidence*, 701 and 802.

AA. The Defendant objects to exhibit 155. The Defendant submits that these notes constitute inadmissible hearsay. *Federal Rule of Evidence*, 802.

BB. The Defendant does not object to exhibit 156.

CC. The Defendant does not object to exhibits 157-172.

DD. The Defendant objects to exhibits 173-185. These exhibits contain inadmissible hearsay, inadmissible opinions, conclusory statements, matters relating to claims and parties no longer in the case, and matters that are not material or relevant. Further, to allow the introduction of these exhibits would also unduly emphasize testimony. *Federal Rule of Evidence*, 401, 402, 403, 703 and 802.

EE. The Defendant objects to exhibit 186. These exhibits contain inadmissible hearsay, inadmissible opinions, conclusory statements, matters relating to claims and parties no longer in the case, and matters that are not material or relevant to the plaintiff's claims. Further, to allow the introduction of these exhibits would also unduly emphasize the testimony over the testimony given live at trial. *Federal Rule of Evidence*, 401, 402, 403, 703 and 802.

FF. The Defendant does not object to exhibit 187.

GG. The Defendant objects to both exhibits 188 and 189. Defendant submits that these are discovery documents exchanged by and between counsel in the case and is not relevant nor material to the material allegations of the case. On the contrary, they are discovery tools for

discovery purposes. The Defendant submits that the introduction of this exhibit would only serve to confuse the jury and unduly delay the trial of this matter. *Federal Rule of Evidence*, 401, 402, and 403.

HH. The Defendant does not object to exhibits 190-192.

II. The Defendant objects to exhibit 193 as there is no foundation for admissibility and it is not relevant nor material to any issue before the court. Because they appear to be photographs of a drill not used by Matthew Riley, this exhibit is not only irrelevant and immaterial but cannot be properly authenticated. *Federal Rule of Evidence*, 401, 402, 403, and 901.

JJ. The Defendant objects to exhibit 194 in that it was not produced.

KK. The Defendant does not object to exhibit 195-201.

LL. The Defendant does not object to exhibit 202-205.

MM. The Defendant objects to exhibits 206-208. There has been no testimony regarding these exhibits. As such, the exhibits cannot be properly authenticated or identified under *Federal Rule of Evidence* 901 or 902. In addition, in an injury/negligence claim, a plaintiff must also prove by preponderance of the evidence that he or she incurred damages as a result of the defendant's negligence. With respect to damages, the plaintiff may only recover those "reasonable and necessary" medical expenses specifically shown to have resulted from treatment made necessary by the negligent act of the Defendant. *Birmingham Amusement Co. v. Norris*, 216 Ala. 138 (1927); *Aplin v. Dean*, 231 Ala. 320 (1935) (reasonable and proper charges); APJI Civ. 11.09, (2nd Ed. 2002); (Section 25-5-77 *Code of Alabama* (1975).

NN. The Defendant does not object to exhibit 209.

OO.  The Defendant objects to exhibit 210. In an injury/negligence claim, a plaintiff must also prove by preponderance of the evidence that he or she incurred damages as a result of the defendant's negligence. With respect to damages, the plaintiff may only recover those "reasonable and necessary" medical expenses specifically shown to have resulted from treatment made necessary by the negligent act of the Defendant. *Birmingham Amusement Co. v. Norris*, 216 Ala. 138 (1927); *Aplin v. Dean*, 231 Ala. 320 (1935) (reasonable and proper charges); APJI Civ. 11.09 (2nd Ed. 2002) (Section 25-5-77 *Code of Alabama* (1975).

PP.  The Defendant objects to exhibits 211-216. There has been no testimony regarding these exhibits. As such, the exhibits cannot be properly authenticated or identified under *Federal Rule of Evidence* 901 or 902. In addition, in an injury/negligence claim, a plaintiff must also prove by preponderance of the evidence that he or she incurred damages as a result of the defendant's negligence. With respect to damages, the plaintiff may only recover those "reasonable and necessary" medical expenses specifically shown to have resulted from treatment made necessary by the negligent act of the Defendant. *Birmingham Amusement Co. v. Norris*, 216 Ala. 138 (1927); *Aplin v. Dean*, 231 Ala. 320 (1935) (reasonable and proper charges); APJI Civ. 11.09 (2nd Ed. 2002) (Section 25-5-77 *Code of Alabama* (1975).

QQ.  The Defendant does not object to exhibits 217-220.

RR.  The Defendant objects to exhibits 221-225. There has been no testimony regarding these exhibits. As such, these exhibits can not be properly authenticated or identified under *Federal Rule of Evidence* 901 or 902. These exhibits constitute inadmissible hearsay and opinion evidence. *Federal Rule of Civil Procedure*, 701, 703, 802 and 901.

SS. The Defendant objects to exhibit 226-227 in that they were not produced and have not been authenticated and therefore they are not material or relevant in this particular trial. *Federal Rule of Evidence*, 401, 402, 403, 901.

TT. The Defendant does not object to exhibits 228-229.

UU. The Defendant objects to exhibits 230 and 231 on the grounds that the prejudicial affect outweighs any probative value in violation of Rule 402 of the *Federal Rules of Evidence*.

VV. The Defendant objects to exhibits 232 and 233 on the grounds that these photographs could not be dated by Dr. Owen and the proper foundation has not been laid for their admissibility. *Federal Rule of Evidence*, 802 and 901.

XX. The Defendant does not object to exhibits 236-240.

YY. The Defendant does not object to exhibits 241-243.

ZZ. The Defendant objects to all "Misc. Documents" as they were not produced and the Defendant cannot make an informed decision as to their admissibility.

## DEPOSITION DESIGNATION

This Defendant objects to all witnesses designated by the plaintiff to give testimony at trial by virtue of their depositions. As grounds for said objection, this Defendant states that none of the listed deponents meets with the criteria set out in *Federal Rule of Civil Procedure* Rule 32(a). This Defendant submits that the deposition transcript itself should not be admitted as a trial exhibit and/or utilized in its physical form by the jury in its deliberations. Also, the depositions contain inadmissible hearsay, conclusory statements, matters relating to claims and/or parties no longer in the case. In addition, these depositions may contain matters that are not relevant nor material. *Federal Rule of Evidence*, 401, 402, 403 and 802.

The Defendant cannot make meaningful or informed objections as to which portions of these depositions will be used; and therefore, the Defendant objects to the use of the entire deposition transcripts designated by the plaintiff as well as use of the videotaped depositions.

                    /s/ C. Winston Sheehan, Jr.
                    C. WINSTON SHEEHAN, JR.   (SHE013)
                    Attorney for United Rentals (North America), Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Joseph T. Brasher (jbrasher @hwaalaw.com)

Heather Robinson (hrobinson@hwaalaw.com)

Farrest Taylor (ftaylor@cochranfirm.com)

Joseph Davie Lane (jlane@cochranfirm.com jdavidlane@aol.com)

Robert H. Sprain, Jr. (rhs@sprainlaw.com)

Kevin Shires (ktshires@bellsouth.net)

                    /s/ C. Winston Sheehan, Jr.
                    OF COUNSEL