IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW RILEY | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action Number: 1:05-cv-994-W |
| UNITED RENTALS, INC.; and SAINT-GOBAIN ABRASIVES, INC., formerly d/b/a Clipper Manufacturing Company, Inc., and d/b/a Norton Construction Products | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT SAINT-GOBAIN ABRASIVES, INC.'S, MOTION IN LIMINE

COMES NOW the Defendant, Saint-Gobain Abrasives, Inc., formerly d/b/a Clipper Manufacturing Company, Inc., and d/b/a Norton Construction Products (hereinafter "Saint-Gobain"), by and through its undersigned counsel, and hereby moves the Court to enter an order *in limine* excluding any and all evidence, testimony, exhibits, questions, references, and arguments offered by the plaintiff or his counsel in the presence of the jury, whether in *voir dire*, opening statement, during the presentation of evidence, questioning, or closing argument, concerning the subject matters set forth herein.

These subjects are prejudicial and irrelevant to any of the material issues in this case. The injection of any of these matters into this case by plaintiff, his attorneys, or his witnesses would cause irreparable harm to Saint-Gobain, which could not be cured by any instruction from the Court. Saint-Gobain, therefore, respectfully requests that the Court instruct the Plaintiff and his attorneys in this case, and to order the Plaintiff and his attorneys to instruct witnesses that he

may call at trial, not to mention, argue or make any statements or reference to the following subjects within the hearing of the jury or the jury panel:

   1. **ANY EVIDENCE OF SETTLEMENT DISCUSSIONS BETWEEN THE PARTIES IS BARRED BY FEDERAL RULE OF EVIDENCE 408 AND CANNOT BE ADMITTED AT TRIAL.**

The Plaintiff should not be allowed to make mention of any settlement discussions, offers, counter-offers or negotiations between the parties, including but not limited to the amounts of any monetary offers or counter-offers.

All evidence of settlement discussions between the parties is inadmissible under FED. R. EVID. 408 and therefore must be excluded at trial. Rule 408 states, in relevant part, that "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim...is not admissible to prove liability....". The Plaintiff is prohibited by Rule 408 from revealing any offer made by Saint-Gobain, the amount of the offer or the terms of the offer for any purpose, and particularly for the purpose of proving liability or an admission of liability for violations. See, e.g., Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co., 792 F.2d 1036, 1042 (11th Cir. 1986) ("[w]ell established case law and the Federal Rules of Evidence prohibit the introduction of settlements or settlement negotiations into evidence to prove liability").

Moreover, any settlement offer and related negotiations between the parties should be excluded because it is irrelevant under FED. R. EVID. 401 & 402. It should also be excluded under FED. R. EVID. 403 because any minimal probative value that such evidence could have is greatly outweighed by the potential of unfair prejudice against Saint-Gobain. Specifically, if the Plaintiff is allowed to introduce evidence of an offer by Saint-Gobain to resolve the matter, the

jury may improperly assume that Saint-Gobain must be liable to the Plaintiff. This assumption is not only unfair, but it is contrary to the actual facts.

Moreover, such evidence is precluded by Rule 403 because it will confuse the issues and mislead the jury. FED. R. EVID. 403. Thus, all evidence or mention of the terms of settlement discussions and negotiations between the parties, including offers and counter-offers, should be excluded. Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

### 2. ANY MENTION OF THE RELATIVE WEALTH OF THE PARTIES OR SAINT-GOBAIN'S FINANCIAL CONDITION WOULD BE IRRELEVANT AND PREJUDICIAL.

Any evidence or mention the relative wealth of the parties or Saint-Gobain's financial condition should be excluded because it is irrelevant and the Plaintiff's only purpose for mentioning this subject would be to unfairly prejudice the jury against Saint-Gobain. FED. R. EVID. 401-403.

The financial condition of Saint-Gobain is absolutely irrelevant to this action as it does not make the existence of any fact that is of consequence to the determination of the action more or less probable, and it is therefore irrelevant and inadmissible. FED. R. EVID. 401-402.

Moreover, any such comment would be highly prejudicial to Saint-Gobain and have the tendency to mislead and confuse the jurors and distract their attention from the determinative issues in this case. FED. R. EVID. 403. Such comments by Plaintiff's attorneys or witness should therefore be excluded. Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

### 3. MISTREATMENT OR NEGLECT

The Plaintiff should not mention in any way that he was mistreated or poorly treated by Saint-Gobain after notifying representatives of Saint-Gobain of the incident made the basis of his

lawsuit as this testimony is irrelevant and meant only to inflame the jury. Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

Evidence is relevant under Rule 401 only if has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402.

Saint-Gobain anticipates that the Plaintiff will improperly attempt to divert attention from the relevant issues at trial by testifying that he was unkindly or unfairly treated by this Defendant after notifying Saint-Gobain of the incident. Any issues of neglect or wounded feelings are not a part of this case. Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

### 4. DIFFICULT ECONOMIC TIMES

The plaintiff should not imply that he has had difficult economic times or that he has had to cut back on her standard of living during the pendency of this lawsuit as such allegations are immaterial and irrelevant in this case. Conrad v. Twin Oaks, Inc., 344 S.W.2d 286 (Mo. App. 1961); Pyles v. St. Louis Public Service Co., 372 S.W.2d 114 (Mo. 1963). Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

### 5. MEDICAL RECORDS AND BILLS NOT PROPERLY AUTHENTICATED AND/OR NOT PROVEN TO BE CAUSALLY RELATED TO THE ACCIDENT AT ISSUE IN THIS CASE.

Medical bills and records that have not been proven by a reasonable degree of medical certainty to be causally related to an accident are not admissible. See Howe v. Choctaw Emergency Management Services, 725 So. 2d 978 (Ala. Civ. App. 1998); Buford v. Sonoco Fibre Drum, 628 So. 2d 644 (Ala. Civ. App. 1993); Harden v. Alabama Great So. Railway Co.,

45 Ala. App. 301, 229 So. 2d 803 (Ala. 1969); Jackson v. Brown, 49 Ala. App. 55 (1972); Aetna Life Ins. Co. v. Hare, 47 Ala. App. 478, 256 So. 2d 902 (1972); FoodTown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So. 2d 211 (1968); Ex parte Hicks, 537 So. 2d 486 (Ala. 1988); Hamrick v. Daniel, 449 So. 2d 1247 (Ala. Civ. App. 1984). Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

6.  **ANY ARGUMENTS AND/OR EVIDENCE REGARDING THE DOCTRINE OF RES IPSA LOQUITUR.**

The doctrine of *res ipsa loquitur* is inapplicable to this case, and any argument or evidence by the Plaintiff attempting to suggest in that the Plaintiff could not have been injured but for the negligence of the Defendants should be barred. Specifically, Alabama law is clear that "[p]roof of an accident and injury alone is insufficient to establish fault under the AEMLD." Verchot v. General Motors Corp., 812 So. 2d 296, 301 (Ala. 2001). Rather, "the plaintiff must prove more than the fact that an injury occurred while [she was] using the product. Under the Alabama Extended Manufacturers Liability Doctrine, the plaintiff must *affirmatively* show a defect in the product." Id. In addition, "[t]he Plaintiff must prove that the product was *substantially unaltered* when used by [her] and must also prove causation in fact, including proof that the defect caused the injury and that the defect is traceable to the Defendant. Id. Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

7.  **ANY ARGUMENTS AND/OR EVIDENCE REGARDING OTHER CLAIMS AGAINST SAINT-GOBAIN**

Any evidence relating to the Plaintiff's claims that there have been other lawsuits and/or claims against Saint-Gobain Abrasives, Inc., and that some of these claims may have been settled. To allow evidence of this nature would only serve to prejudice Saint-Gobain and also cause a "mini-trial" on each of the claims. Saint-Gobain would be forced to explain and/or

justify its decisions with respect to those individuals. Further, with respect to any such claims that may have been settled "[e]vidence of. . . furnishing or offering or promising to furnish. . . a valuable consideration in compromising or attempting to compromise a claim which was disputed as to validity or amount, is not admissible to prove liability for or in validity of the claim or its amount." FED. R. EVID. 408; <u>Reynolds v. Roberts</u>, 202 F.3d 1303, 1317-18 (11th Cir. 2000) ( Rule 408 precludes use of settlement evidence to prove liability or validity of a claim). Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

## 8. ANY ARGUMENTS AND/OR EVIDENCE REGARDING THE FACT THAT THE DEFENDANTS MAY HAVE INSURANCE COVERAGE

Reference to the fact that the Defendants may have liability insurance coverage is improper and inadmissible. Pursuant to Rule 411 of the Federal Rules of Evidence, evidence that a person was or was not insured against liability is not admissible on the issue of whether the person acted negligently or otherwise wrongfully. Defendant submits that the introduction of the fact that the Defendants may have insurance coverage would substantially prejudice them in this case, as the jury might decide the case on improper grounds, such as whether the Defendants had insurance, which might cover a potential verdict in this case. FED. R. EVID. 411. Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

## 9. ANY ARGUMENTS AND/OR EVIDENCE REGARDING PLAINTIFF'S HOURLY WAGES AFTER THE ACCIDENT

Defendant asserts that evidence that Matthew Riley is currently not making the same hourly wage he was making on the date of his accident at Flavor House would be improper. Defendant Saint-Gobain submits that any evidence of Mr. Riley's current wages is not relevant nor material to the issues raised in Plaintiff's Complaint. The Plaintiff is not making a claim for

lost wages in this case. Only evidence of Plaintiff's employment is relevant and material to the issues raised in the Complaint. FED. R. EVID. 401, 402 and 403.

In addition, Defendant submits that introduction of this evidence would only serve to cause a mini-trial, confuse the jury, prolong the trial, and potentially allow a jury to consider damages that are not claimed in the case. As such, any probative value of this evidence is substantially outweighed by its prejudicial effect. FED. R. EVID. 401, 402 and 403; Hapring v. Continental Oil Co., 28 F.2d 406, 410 (5th Cir. 1980) (excluding evidence that unduly prolonged the trial). Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

**10. EXHIBIT 9 TO THE DEPOSITION OF DR. DAVID TUROK, M.D. (A LETTER FROM DR. DON W. BARNHAM, M.D.)**

Plaintiff's exhibit number nine (9) to the deposition of Dr. David Turok was a letter from Dr. Don W. Barham, M.D. (a copy of this letter is attached to the Motion in Limine filed by United Rentals' Tenth Motion in Limine). This letter was reviewed by Dr. Turok approximately one hour prior to his deposition when the doctor began to review his file in preparation. This letter was read into the record by Dr. Turok, but this letter is inadmissible hearsay because Dr. Turok also testified that he did not rely upon this letter during the course of his treatment of Mr. Riley because the letter was not in his possession during the course of his treatment of Mr. Riley.

The facts or data in the particular case upon which an expert bases an opinion or inference may be based are those perceived by or made known to the expert at or before the hearing. FED. R. EVID. 703. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inferences unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs the prejudicial effect. Id. Admittedly, a physician in his own practice bases his diagnoses on information from numerous sources and of considerable variety, including statements by

7

patients, relatives, reports and opinions from nurses, technicians and other doctors, hospital records and x-rays. FED. R. EVID. 703. (Advisory committee notes). While this letter may fit the description of a source upon which experts may normally base their opinion, it is clear from Dr. Turok's testimony that he did not use this letter in forming his opinion. In fact, by his own testimony, Dr. Turok only saw this evidence one hour prior to glancing through the chart, which was after he had formed the opinions to which he testified. Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

**11.  ALL MEDICAL RECORDS AND EXPENSES THAT HAVE NOT BEEN PROPERLY AUTHENTICATED**

Saint-Gobain asserts that medical treatment of Plaintiff, Matthew Riley, and expenses for medical treatment of Mr. Riley alleged to have been incurred as a result of the accident made the basis of this action, which treatment and which expenses have not been shown by expert testimony to have been both reasonable and necessary.

Under Alabama law, for medical records and expenses to be admissible, four prerequisites must be met: (1) authentication; (2) foundation; (3) causation; and (4) reasonableness and necessity of the same. Western Ry. of Alabama v. Brown, 196 So. 2d 392 (Ala. 1967); J.T.H. v. W.R.H., 628 So. 2d 894, 897 (Ala. Civ. App. 1993).

To date, no foundation has been laid to establish thee admissibility of evidence of some of the medical care provided to Mr. Riley, or of the expenses related thereto.

"The law in Alabama is clear that there must be proof of the reasonableness of expenses which are not of common knowledge." Foodtown Stores, Inc. v. Patterson, 213 So. 2d 211, 216 (Ala. 1968). Reasonableness of costs or expenses incurred as a result of medical treatment has been held to fall outside the realm of "common knowledge". Id. at 213 So. 2d at 217. See also

Aetna Life Ins. Co. v. Hare, 256 So. 2d 904, 908 (Ala Civ. App. 1972); Ross v. United States, 640 F.2d 511, 521 (5th Cir. 1981).

Without any testimony or competent evidence on which to base a determination of causation, reasonableness of cost and medical necessity, the jury would be inclined to award damages for this treatment based upon insufficient and thus inadmissible evidence, speculation, conjecture or guesswork. It is well settled in Alabama that an award of damages may not be based upon speculation or conjecture. Bergob v. Scrushy, 855 So. 2d 523, 529 (Ala. Civ. App. 2002).

While there is necessarily a progression of testimony and evidence to establish the foundation for admissibility of medical treatment and expenses, if the Plaintiff cannot demonstrate assurance that all necessary proof is forthcoming, as is the case here, the admission of evidence establishing a portion of the necessity foundation, such as the fact of medical treatment or the amount of medical expenses, without subsequent proof of the remaining necessary proof, would be prejudicial to the Defendant. Hence, relief by way of this Motion in Limine is appropriate. Therefore, Saint-Gobain respectfully requests this Court to exclude such evidence.

### 12. ALL EXHIBITS IDENTIFIED BY THE PLAINTIFF AND TIMELY OBJECTED TO BY THIS DEFENDANT

Saint-Gobain asserts that pursuant to this Court's scheduling order it filed a timely objection to several of the Plaintiff's exhibits in this case. This Defendant files this Motion in Limine and asks this Court to exclude those exhibits identified by the Plaintiff that were objected to by Saint-Gobain.

### 13. ANY REFERENCE TO SAINT-GOBAIN AS THE MANUFACTURER OR DESIGNER OF THE SUBJECT CORE DRILL

Saint-Gobain asserts that any reference by the Plaintiff, his counsel or any witnesses to Saint-Gobain as the manufacturer or designer of the subject core drill would be improper. It is undisputed the Diamond Products, Inc., was the manufacturer and designer of the subject core drill. Therefore, Saint-Gobain asserts that any reference to Saint-Gobain as the manufacturer or designer of the subject core drill would be unduly prejudicial, would create a mini-trial of a separately pending cause of action by Saint-Gobain against Diamond Products and possibly cause the jury to decide the case upon improper grounds.

### 14. ANY REFERENCE TO OSHA REGULATIONS IN REGARD TO THE MANUFACTURE OR DESIGN OF THE SUBJECT CORE DRILL

Plaintiff's experts have referenced OSHA Regulations in the course of their reports and depositions as possible applicable to this case and, in particular, the manufacture and design of the subject core drill. Saint-Gobain asserts that any reference to OSHA regulations in this case, other than testimony and evidence directed to the negligence of Flavor-House, would be improper because OSHA regulations only apply to employers. See 29 U.S.C. § 651 et seq.

### 15. ADOPTION OF MOTIONS IN LIMINE FILED BY CO-DEFENDANT, UNITED RENTALS

Saint-Gobain adopts by reference each and every Motion in Limine filed by co-defendant, United Rentals (North America), Inc., as if set our herein.

**WHEREFORE**, Defendant moves this Court to enter an Order in Limine excluding any and all evidence, testimony, exhibits, questions, references, and arguments offered by Plaintiff on the above issues.

Respectfully Submitted,


/s/ Robert H. Sprain, Esq.
Robert H. Sprain, Esq. (ASB-4177-A38R))
Kevin T. Shires, Esq. (ASB-4392-E64K)
Attorneys for Saint-Gobain, Inc.

**OF COUNSEL:**
SPRAIN & SHIRES, P.C.
1707 29th Court South
Birmingham, Alabama 35209
(205) 437-3232
Email: ktshires@bellsouth.net

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing has been served upon the following attorneys of record by e-filing of the same and placing a copy thereof in the United States mail, first class, postage prepaid, on this the 26th day of December, 2006.

Joseph D. Lane, Esq.
COCHRAN, CHERRY, GIVENS,
    SMITH, LANE & TAYLOR, P.C.
P. O. Box 927
Dothan, Alabama  36302

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148

Tony Higgins, Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
4001 Carmichael Road, Suite 300
Montgomery, Alabama  36106

                                                 /s/ Robert H. Sprain, Esq.
                                                 OF COUNSEL