**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW RILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  1:05cv994-T** |
| **vs.** | ) | |
| | ) | |
| **UNITED RENTALS (NORTH** | ) | |
| **AMERICA), Inc. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

COMES NOW the Plaintiff and submits the following jury instructions for the Court's consideration.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

PATTERN JURY INSTRUCTION BASIC INSTRUCTION NO. 1
U.S. ELEVENTH CIRCUIT DISTRICT JUDGES ASSOCIATION

MEMBERS OF THE JURY:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions-what we call your deliberations.

GIVEN_____    REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

PATTERN JURY INSTRUCTION, BASIC INSTRUCTION NO. 2.2
U.S. ELEVENTH CIRCUIT DISTRICT JUDGES ASSOCIATION.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.  A corporation and all other persons stand equal before the law and must be dealt with in a court of justice.

When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees which are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who assets actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  This was the oath that you took and the promise you gave when selected as jurors. When you are true to this oath, you move us closer to our ideal of equal justice under the law--closer to our aim to make the courthouse a temple of justice.

GIVEN_____    REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

PATTERN JURY INSTRUCTION, BASIC INSTRUCTION NO. 3
U.S. ELEVENTH CIRCUIT DISTRICT JUDGES ASSOCIATION

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

GIVEN_____ REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

PATTERN JURY INSTRUCTION, BASIC INSTRUCTION NO. 4.1
U.S. ELEVENTH CIRCUIT DISTRICT JUDGES ASSOCIATION

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, or course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

GIVEN_____ REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

PATTERN JURY INSTRUCTION, BASIC INSTRUCTION NO. 5.1
U.S. ELEVENTH CIRCUIT DISTRICT JUDGES ASSOCIATION

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field - - one who is called an expert witness - - is permitted to state his or her opinion concerning those technical matters.  Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

GIVEN_____  REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 15-03**

DEPOSITION--DEFINITION

A deposition is the testimony of a party or witness, taken before trial in writing, under oath or affirmation, before some judicial officer, in answer to oral questions. The deposition of the witness (to be inserted during evidence phase) has been offered and has been received in evidence. The testimony of this witness by deposition is evidence in the case just as if the witness had appeared and testified in person. During your deliberations you should consider this testimony along with all the other evidence material to the issues.

GIVEN \_\_\_\_\_ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 15-00**

INFERENCE OF FACT--DEFINITION
EVIDENCE AND WITNESSES

An inference of a fact is a conclusion of the existence of a fact not known or proved, which

may reasonably arise from facts that are known or proved.

GIVEN_____  REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 15-01**

INFERENCES

The jury may draw reasonable inferences from the evidence, but there must be a reasonable connection between the fact proved and the ultimate fact inferred. Inferences may be drawn only from facts established by the evidence. An inference may not be based upon another inference.

GIVEN_____    REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 15-02**

CREDIBILITY

You are the sole judges of the evidence and of the credibility of the witnesses. You may accept or reject any part of the testimony of any witness and you should accept only the testimony you consider worthy of belief. In determining the weight to be accorded the testimony of any witness, you may consider the demeanor of the witness while on the witness stand; his apparent candor or evasion or the existence or non-existence of any bias or interest.

GIVEN_____  REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 15-04**

INTERROGATORIES--DEFINITION

Interrogatories are questions in writing directed by one party to another party in the case which questions must be answered in writing and under oath. Interrogatories by the (plaintiff) (defendant) to the (defendant) (plaintiff) and the sworn answers thereto have been offered and have been received in evidence. These interrogatories and the sworn answers are evidence in the case and during your deliberations you should consider them along with all the other evidence material to the issues.

GIVEN_____ REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 15-05**

INTERROGATORIES AND ANSWERS USED AS EVIDENCE

Interrogatories are questions in writing propounded by one party to another party in the case which questions must be answered in writing and under oath. Interrogatories by the (plaintiff) (defendant) _____ to the (defendant) (plaintiff) _____ and the sworn answers thereto have been offered and have been received in evidence. These interrogatories and the sworn answers thereto are evidence in the case, but only against the (plaintiff) (defendant) _____ who made the sworn answers and during your deliberations you should consider the interrogatories and the sworn answers along with all the other evidence in the case material to the issues only as against the person who made the sworn answers.

GIVEN_____   REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 15-06**

OPINION OF LAYMAN--WEIGHT

Lay witnesses have testified in this case and have been permitted to express an opinion and/or draw a conclusion. In passing upon the facts you are not required to accept the conclusions or expressed opinions of (these) (this) witness(es), but must determine for yourselves the weight to be accorded to such testimony and evidence when considered in connection with all the other evidence material to the issue.

GIVEN_____ REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 15-07**

EXPERT WITNESS--DEFINITION

An expert witness is one who by education, training and/or experience has attained such skill, knowledge or experience of some science, profession, business or occupation, not of common knowledge to the average layman.

GIVEN\_\_\_\_\_     REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 15-08**


EXPERT WITNESS--HYPOTHETICAL QUESTION

Witnesses have testified in this case as experts and have expressed opinions based upon assumed facts which were set forth in hypothetical questions. The weight to be accorded such testimony is dependent entirely upon the truth of the material facts stated in the hypothetical questions and before considering the opinions of the experts, you should first examine carefully all the material facts stated in the hypothetical questions and be reasonably satisfied that they have substantially been proved to be true.


GIVEN_____ REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 15-09**

EXPERT WITNESS--WEIGHT

Witnesses have testified in this case as experts and have been permitted to express an opinion (and) (or) draw a conclusion. In passing upon the facts you are not required to accept the conclusions or expressed opinions of expert witnesses, but must determine for yourselves the weight to be given to such testimony and evidence when considered in connection with all the other evidence material to the issue.

GIVEN_____  REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-08**

GENERAL CHARGE

Modified

The plaintiff charges that the defendants are engaged in the business of selling, renting, leasing and/or distributing the product in question and that they are liable to one who may be reasonably expected to use the product as it is intended or in a reasonably foreseeable manner and who is injured as a proximate consequence of the defective or unreasonably dangerous condition of the product, the subject Norton Core Drill.

The burden is upon Plaintiff to reasonably satisfy you by the evidence of the truthfulness of all the material averments of his claim before he would be entitled to recover. If Plaintiff Matthew Riley has reasonably satisfied you by the evidence of the truthfulness of each element of his claim, he is entitled to recover, unless the defendants have proven an affirmative defense.

If Plaintiff Matthew Riley has not reasonably satisfied you by the evidence of the truthfulness of each element of his claim, he is not entitled to recover.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-09**

PLAINTIFF'S CONTENTIONS

Modified

Plaintiff Matthew Riley charges (1) that he was injured, (2) by the defendants who sold, leased, rented, or distributed a product (the subject Norton Core Drill) in a (3) defective condition unreasonably dangerous (4) to Plaintiff as the ultimate user or consumer, and (5) that the defendants were engaged in the business of selling, leasing or renting such a product and that (6) the product was expected to, and did, reach the user or consumer without substantial change in the condition in which it was sold.

Plaintiff contends that the defective condition of the core drill caused the incident and Plaintiff's injuries and damages. It is undisputed that Defendant Saint-Gobain sold the product, the subject "Norton Core Drill" and that it was in the business of selling such products. It is also undisputed that United Rentals rented the subject "Norton Core Drill" and that Untied Rentals was in the business of renting core drills.

The defects include: (1) absence of a safety mechanism to detect the presence of a loss of vacuum pressure during the use of the core drill; (2) absence of a constant hand pressure switch to allow the immediate shutdown of the product in the event the base securing mechanism fails; and (3) absence of adequate warnings or instructions that would allow the operator to prevent injury in the event the base securing mechanism fails.

The Plaintiff claims that due to the defective condition of the product, the core drill failed to meet the reasonable expectations of the operators, including Matthew Riley. Plaintiff claims that the defective condition of the product rendered the core drill unreasonably dangerous, and that this condition proximately caused Matthew Riley's injuries.

Plaintiff also contends that Defendant United Rentals was negligent in the maintenance of the maintenance of the core drill, and in the manner in which the core drill was rented, and that the negligence of United Rentals in the maintenance of the product and in the manner in which the

product was rented was a proximate cause of Matthew Riley's injuries and damages.

This presents for your determination the following:

1.      Was the subject "Norton Core Drill" defective at the time it was sold, rented or leased by defendants United Rentals and Saint-Gobain?

2.      If so, was the defective condition of the subject "Norton Core Drill" a proximate cause of Matthew Riley's injuries?

3.      Was Defendant United Rentals negligent in the maintenance of the Norton Core Drill?

4.      If so, was United Rentals negligence in the maintenance of the core drill a proximate cause of the incident and Matthew Riley's injuries and damages?

5.      Was United Rentals negligent in the manner in which it rented or leased the subject core drill?

6.      If so, was the negligent manner in which Defendant United Rentals rented or leased the subject core drill a proximate cause of Matthew Riley's injuries and damages?


Plaintiff seeks all damages as allowed by law.



GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-10**

PLAINTIFF--"USER" OR "CONSUMER"

Modified

The plaintiff charges that he, Matthew Riley, was a person who should have been expected to use the product.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-11**

DEFENDANT--MANUFACTURER OR SUPPLIER

Modified

The plaintiff charges that the defendants were ordinarily engaged in the business of supplying, selling, retailing, marketing, and/or placing on the market the product and did supply, sell, retail, market, and/or place on the market such product.

GIVEN \_\_\_\_\_ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-12**

DEFECT--DEFINITION

Modified

The plaintiff charges that such product was defective in its design, its warning, and/or its instructions when used as it was intended or was reasonably foreseeable to be used.  Defective means unreasonably dangerous.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-14**

CAUSATION

Modified

Plaintiff Matthew Riley charges that he was injured as a proximate result of the defective condition of the product, the Norton Core Drill.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-13**

DEFINITION--SUBSTANTIAL CHANGE

The plaintiff claims that the product at the time of the injury in question was in substantially the same condition as when first marketed and sold. A product is in substantially the same condition as when first marketed if it has not been subjected to change that would be an independent or intervening cause of the plaintiff's injuries. An intervening cause is a cause that occurs after the marketing of the product in this case, and such cause was not reasonably foreseeable to the defendant at the time of marketing the product in question; and such change alone was sufficient to produce the injury complained of. If the product has not been subject to a change which was sufficient in and of itself to cause the injury complained of, or such a change was or should have been reasonably foreseeable to the defendant, then such a change is not considered an intervening cause and the product would be in substantially the same condition as when first marketed. The plaintiff has the burden of proving that the injury was proximately caused by an alleged defect in the product that was in substantially the same condition at the time of the accident as when first marketed.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 33-00**

PROXIMATE CAUSE--DEFINITION

The proximate cause of an injury is that cause which in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury and without which such injury would not have occurred.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 28-00**

DEFINITION

Negligence is the failure to discharge or perform a legal duty owed to the other party.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 28-01**

NEGLIGENCE AND ORDINARY CARE

Negligence means the failure to exercise (reasonable) (ordinary) care; that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances.

Therefore, "negligence" is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 28-02**

DUTY OWED--NEGLIGENCE AND ORDINARY CARE

The duty owed by the defendant to the plaintiff was to exercise reasonable care not to injure or damage the plaintiff; that is, to exercise such care as a reasonably prudent person would have exercised under the same or similar circumstances.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 28-08**

JOINT AND SEVERAL LIABILITY

Modified

In lawsuits such as this, all persons are jointly and severally liable for the proximate results of their negligence and/or liability under AEMLD.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-15**

SUMMARY--PLAINTIFF'S BURDEN OF PROOF

The law places the burden on Plaintiff Matthew Riley to reasonably satisfy you of the truthfulness of each of the material elements of his claim.  If you are not reasonably satisfied that the plaintiff has met this burden, then you will find that the defendants are not liable.  If, however, you are reasonably satisfied that the plaintiff has met the burden of proving the material elements of his claim, then you will consider the following affirmative defense(s) asserted by the defendant.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 21-03**

DEFENSE OF CONTRIBUTORY NEGLIGENCE and
ASSUMPTION OF RISK

Modified

The defendants have also interposed a defense of contributory negligence. By this defense the defendants claim that at the time and place specified the plaintiff was himself negligent *in and about the operation of the core drill* and that the plaintiff's own negligence proximately caused or proximately contributed to cause his injuries and damages.

The defendants also assert that Matthew Riley unreasonably assumed the risk of injury during the use of the product and that his injuries resulted from his unreasonable assumption of the risk of injury.

If you find that the product was defective and that the defective condition of the product was a proximate cause of Matthew Riley's injuries, or you find that United Rentals was negligent in the manner in which it maintained the core drill, or in the manner in which it rented the core drill, and that United Rentals negligence contributed to cause Matthew Riley's injuries, then you must decide whether Matthew Riley was contributorily negligent in the manner in which he used the core drill, or whether he unreasonably assumed the risk of injury in using the core drill, and;  whether any such contributory negligence or assumption of risk was a proximate cause of Matthew Riley's injuries and damages.

If you find that Matthew Riley did not contribute in a negligent manner to cause his own injuries, or that he did not unreasonably assume the risk of injury in using the product, or that either was not the proximate cause of his injuries, then you must decide what amount of monetary sums will adequately compensate him for his injuries and damages.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 30-05**

Modified

ELEMENTS OF CONTRIBUTORY NEGLIGENCE and

ASSUMPTION OF RISK

In order to find that Plaintiff Matthew Riley was contributorily negligent, or that he unreasonably assumed the risk of injury, defendants must show by a preponderance of the evidence that Matthew Riley put himself in danger's way and that he appreciated the danger confronted. Moreover, Defendants must demonstrate by a preponderance of the evidence that Matthew Riley's appreciation of the danger was a *conscious appreciation at the moment the incident occurred.* Mere "heedlessness" is insufficient to warrant a finding of contributory negligence, or unreasonable assumption of the risk.

In other words, Defendant must demonstrate that:

(1)  Matthew Riley had knowledge of the dangerous condition;

(2)  Matthew Riley had an appreciation of the danger under the surrounding circumstances;

(3)  Matthew Riley failed to exercise reasonable care by placing himself in way of danger; and,

(4)  Matthew Riley had a conscious appreciation of the danger at the moment the incident occurred rather than mere heedlessness.

See Hicks v. Commercial Union Ins. Co., 652 So. 2d 211, 219 (Ala. 1994)(quoting Central Alabama Electric Co-op v. Tapley, 546 So. 2d 371, 381 (Ala. 1989); Empiregas, Inc. v. Suggs, 567 So. 2d 271, 273 (Ala. 1990)(quoting same).

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-18**

(Revised)

ASSUMPTION OF RISK DEFENSE--WHEN THE PRODUCT IS DEFECTIVE

Modified

The defendant claims that the user of the product--Matthew Riley--assumed the risk of injury. The defendant's answer raising assumption of risk is an affirmative defense. Therefore, the burden is upon the defendant to reasonably satisfy you from the evidence that the user of the product--Matthew Riley--was aware of the defect, was aware of the danger, and nevertheless voluntarily proceeded unreasonably to use the product and as a proximate result was injured by the product.

In addition to showing the above three elements by a preponderance of the evidence, Defendants must also demonstrate by a preponderance of the evidence that Matthew Riley had a conscious appreciation or specific awareness of the danger. See Hicks v. Commercial Union Ins. Co., 652 So. 2d 211, 219 (Ala. 1994).

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-19**

CONTRIBUTORY NEGLIGENCE DEFENSE IN AEMLD ACTION

Modified

The defendants claim that Matthew Riley was contributorily negligent in the use of the product, and that such negligence on the part of the plaintiff proximately contributed to his death. Contributory negligence means the failure of the plaintiff to exercise reasonable care in the use of the product; that is, the failure to use such care as a reasonably prudent person would have exercised under the same or similar circumstances.

Therefore, contributory negligence is the failure on the part of the plaintiff to do what a reasonably prudent person would have done in the use of the product under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-19.1**

PRODUCT MISUSE DEFENSE

Modified

The defendants claim that Matthew Riley misused the product. "Misuse" is use of the product in a manner unintended and is not reasonably foreseeable by the seller.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 30-01**

Modified

BURDEN OF PROOF

The burden is upon the defendants to reasonably satisfy you from the evidence as to the truth of all of the material allegations of these affirmative defenses, that is, contributory negligence, unreasonable assumption of risks, and product misuse.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO._____**

**APJI 32-20**

SUMMARY--DEFENDANT'S BURDEN OF PROOF

Modified

The burden of proof is on the defendant to reasonably satisfy you of the truthfulness of the affirmative defense(s) they have claimed. If you are reasonably satisfied that the defendants have met this burden of proving one or more of their affirmative defenses, then you will find for the defendant.  If, however, you find that the defendant has not met its burden of reasonably satisfying you of the truthfulness of its defense(s), and Plaintiff has met his burden on any of his claims, then you will find for Plaintiff on each of those claims proved.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 11-00**

INTRODUCTION
DAMAGES

Modified

Ladies and Gentlemen of the jury, the Court will now instruct you on the law of damages. The burden is on Plaintiff Matthew Riley to reasonably satisfy you from the evidence of the truthfulness of his claim.  If after a consideration of all of the evidence in this case, you are not reasonably satisfied of the truthfulness of the plaintiff's claims for each respective defendant, your verdict should be for that specific defendant.  If you find that Plaintiff has failed to reasonably satisfy you from the evidence of the truthfulness of any of his claims against either defendant, then in this event you would go no further.  This would end your deliberations.  On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the truthfulness of Plaintiff's claims against either or both of the defendants (and the defendants have failed to satisfy you from the evidence of the truthfulness of any of the affirmative defenses), your verdict should be for Plaintiff against that defendant or defendants.

In this event it will be necessary for you to arrive at an amount to be awarded in the verdict from which I will read to you and describe later in my charge.  I now give you the following rules of law to assist you in your deliberations in arriving at an amount in the event you find for the plaintiff.

GIVEN _____ REFUSED _____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 11-01**

Modified

GENERAL

Compensatory or actual damages are allowed and should be awarded where the plaintiff reasonably satisfies the jury from the evidence that plaintiff has been injured or damaged as a proximate result of breach of duty by the defendant(s).

GIVEN_____    REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 11-02**


COMPENSATORY

The purpose of awarding compensatory damages is to fairly and reasonably compensate the

injured party for the loss or injury sustained. Compensatory damages are intended as money

compensation to the party wronged, to compensate him for his injury and other damages which have

been inflicted upon him as a proximate result of the wrong complained of.




GIVEN_____ REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 11-04**

PERSONAL INJURY--ELEMENTS

The plaintiff claims compensation for the following items or elements of damages:

medical expenses

loss of earnings

physical pain and suffering

mental anguish

permanent injuries and disabilities, and

disfigurement

GIVEN_____ REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 11-05**

PERSONAL INJURY--PHYSICAL PAIN AND MENTAL ANGUISH

The law has no fixed monetary standard to compensate for physical pain and mental anguish. This element of damage is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate the plaintiff for such physical pain and mental anguish as you find from the evidence the plaintiff did suffer.

If you are reasonably satisfied from the evidence that the plaintiff has undergone pain and suffering or mental anguish as a proximate result of the injury in question, you should award a sum which will reasonably and fairly compensate him for such pain, suffering, or mental anguish already suffered by him and for any pain, suffering or mental anguish which you are reasonably satisfied from the evidence that he is reasonably certain to suffer in the future.

GIVEN_____ REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 11-06**

PERMANENT INJURIES OR DISFIGUREMENT

It is for you to determine from the evidence the nature, extent and duration of the plaintiff's injuries. If you are reasonably satisfied from the evidence that the plaintiff has suffered permanent injuries or disfigurement, and that such injuries proximately resulted from the wrongs complained of, then you should include in your verdict such sum as you determine to be reasonable compensation for such injuries.

GIVEN_____ REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 11-09**


PERSONAL INJURY--MEDICAL EXPENSES

The measure of damages for medical expenses is all reasonable expenses necessarily

incurred for doctors' and medical bills which the plaintiff has paid or become obligated to pay.  The

reasonableness of, and the necessity for, such expenses are matters for your determination from the

evidence.


GIVEN_____ REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 11-10**

LOSS OF EARNINGS

In determining the amount of damages for loss of earnings, you should consider any evidence of the plaintiff's earning capacity, his earnings, the manner in which he ordinarily occupied his time before the injury, his inability to pursue his occupation, and determine what he was reasonably certain to have earned during the time so lost, had he not been disabled.

GIVEN\_\_\_\_\_    REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

**APJI 11-21**

MATHEMATICAL FORMULA

The suggestion of counsel in argument of a mathematical formula to compensate the plaintiff for pain and suffering is not an improper argument but neither this nor any other argument is evidence in the case. There is no legal yardstick by which such damages are measured. You are the sole judges of what amount of damages should be assessed in the event you find for the plaintiff. In any event your verdict must be based upon evidence and not upon speculation, guess or conjecture.

GIVEN\_\_\_\_\_     REFUSED_____

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. _____**

PATTERN JURY INSTRUCTION, BASIC INSTRUCTION NO. 7.1
U.S. ELEVENTH CIRCUIT DISTRICT JUDGES ASSOCIATION

Finally, your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion if you are convinced that it is erroneous. But do not surrender your honest conviction as to the weight and effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson, who will preside over your deliberations and speak for you in court.

Verdict forms have been prepared for your convenience.

(Explain the verdicts)

You will take the verdict forms to the jury room, and when you have reached unanimous agreement as to the verdict, you will have your foreperson fill in, date and sign the appropriate form, and then return to the courtroom.

If during your deliberations, you should find it necessary to communicate with the court, please put your message or question in writing signed by the foreperson, and pass the note to the marshal, who will bring it to my attention.

I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  This will have to be done in the presence of the parties and their attorneys.  If you desire to communicate with me, do not indicate the numerical division of the jury.

GIVEN_____   REFUSED_____

**RESPECTFULLY SUBMITTED** this 26th, day of December, 2006.

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**

/s/ Joseph D. Lane
**JOSEPH D. LANE**
Alabama Bar No. 118498
163 W. Main Street
Post Office Box 927
Dothan, Alabama  36302
(334) 793-1555
(334) 793-8280 (facsimile)
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by emailing a copy to each recipients email address on file and by placing a copy of the same in the United States mail, postage pre-paid, addressed as follows, on this the 26th day of December, 2006:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148

Robert H. Sprain, Jr., Esq.
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama 35209

Joseph T. Brasher, Esq.
Hamilton, Westby, Antonowich & Anderson
One Georgia Center
17th Floor
600 W. Peachtree Street, N.W.
Atlanta, Georgia 30308

/s/ Joseph D. Lane
**OF COUNSEL**