IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:05cv994-T |
| vs. ) | |
| ) | |
| UNITED RENTALS (NORTH ) | |
| AMERICA), Inc. et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S PROPOSED VOIR DIRE

**Juror Background:**

1.   As set out in Juror Information Questionnaire

**Education:**

2.   As set out in Juror Information Questionnaire

**Vocation, training or profession:**

3.   Have you had any vocational or technical training? If yes, please describe where you obtained this training and what it consisted of.

4.   Have you had any training in science or engineering?

5.   Have you had any training in product design?

6.   Have you had any training in medicine, nursing or health care?

7.   Have you had any training, experience or education in the field of human factors or psychology?

8.   Have you had any training in the field of law? For example: paralegal, legal assistant, legal secretary, attorney or investigator.

9. Have you had any training, experience, employment or education in the field of adjusting claims?

10. Have you had any training, experience, employment or education in the field of law enforcement?

11. Do any of you or any of your family members own their own business?

12. Are any of you owners of manufacturing companies?

**Construction equipment exposure (general):**

13. Do you own any heavy duty construction equipment? If so, what are they?

14. Have you or any member of your family ever sold, repaired construction equipment or tools? If yes, tell us about that.

15. Have you ever had any problems with heavy duty construction equipment? If so, what happened?

16. Have you ever been injured while using construction equipment? If so, how?

**Exposure to Rental Equipment:**

17. Have you ever rented equipment from a rental company? If so, what equipment?

18. Have you ever had problems with equipment rented from a rental company?

**Knowledge of parties:**

19. Do you know any of the parties in this case? The plaintiff is Matthew Riley, who lives in the Dothan Area.

20. The corporate representative for the Defendant United Rentals is ????, who resides in ??????. Do any you know this person?

21. The corporate representative for the Defendant Saint-Gobain is ????, who resides in ??????. Do any you know this person?

**Business dealings with United Rentals and/or Saint Gobain:**

22. Have any of you ever had any business dealings with Saint-Gobain, Inc.?

23. Have any of you ever had any business dealings with United Rentals, Inc.?

24. Have any of you ever worked for Saint-Gobain, Inc., or any company owned by them?

25. Have any of you ever worked for United Rentals, Inc., or any company owned by them?

26. Do any of you or any member of your family work for either of these companies?

27. Do any of you or your family members own any stock in either of these companies?

28. Do any of you have any Norton or Saint-Gobain products in your home or business to the best of your knowledge? If so, have you ever had any complaints about those products?

**Relationship to attorneys:**

29. Do any of you know any of the attorneys involved in this lawsuit? For the plaintiff, Joe Lane and Farrest Taylor from Dothan, Alabama. For Defendant United Rentals, Winston Sheehan, from Montgomery, Alabama. For Saint-Gobain, Kevin Shires and Robert Sprain, both from Birmingham, Alabama.

30. Do you know anyone who works for any of the law firms involved in this case?

**Knowledge of witnesses:**

31. Do you know any of the following witnesses:

    For the Plaintiffs:

    List witnesses for Plaintiff

       List witnesses for Saint-Gobain

       List witnesses for United Rentals

**Accident knowledge:**

32. This case involves an accident that occurred on August 29th, 2003, in Dothan, Alabama, where Plaintiff Matthew Riley was injured while using a Saint-Gobain (or Norton) core drill rented from United Rentals, here in Dothan, to his employer Flavor House. Have you heard anything about this accident before today?

**Civic organizations and affiliations:**

33. As set out in Juror Information Questionnaire.

34. Are you or any member of your family a member of or are you employed by the Chamber of Commerce?

35. Are you a member of any organization that advocates judicial or tort reform?

36. What magazines and periodicals do you read on a regular basis?

37. Do you regularly read Forbes or Wall Street Journal?

**Prior jury service:**

38. As set out in Juror Information Questionnaire.

39. What are your thoughts on the jury process? Do you think it was fair? Were you satisfied with the outcome?

40. What was the outcome on each case that you served as a juror?

**Claims history:**

41. As set out in Juror Information Questionnaire.

42. Have you or any family member or a close friend ever filed a claim for worker's compensation? If so, for what reason?

**Preconceived notions:**

43. Are there any among you who feel that you would be unable to follow the law as the court instructs you and arrive at a just and proper decision based upon the facts and evidence produced in this case?

44. Are there any of you who feel that merely because Matthew Riley was seriously injured, that it must have been his fault in some way?

45. Compensatory Damages: The plaintiff is seeking monetary damages in this case and this includes a request for compensatory damages, which are designed to compensate for things like medical expenses, pain and suffering and mental anguish. Should you find for the plaintiff, do any of you have a fixed idea of the amount of damages that your award should not exceed, no matter what the evidence shows? Or, will you commit to maintaining an open mind and listening to all of the evidence and based your decision on just that – the evidence – and not any preconceived notion you may have.

**Court procedures and burden of proof:**

46. Do you understand that court procedure allows plaintiff to try and prove his case first and then the defendant is allowed to defend itself and the plaintiff may elect to close the evidence part of the case with rebuttal?

47. Is there anyone who would have trouble keeping an open mind until after all of the evidence from both sides has been presented and the court has given the jury its instructions on the law to be applied to the facts, as you may determine them.

48. This is a civil case. Unlike the prosecution's burden in a criminal case, which is beyond a reasonable doubt, the plaintiff has the burden to prove his case by a

preponderance of the evidence. Preponderance means that a fact is more likely true than not. Are there any of you who feel as though in order to award monetary damages, you would have to be convinced of the plaintiff's case beyond a reasonable doubt?

49. Will you uphold and take seriously your oath as a juror to render a fair and impartial verdict based on the law and the evidence?

**Religious beliefs:**

50. Do you have any concerns that your religious beliefs or personal philosophy will prevent you from judging for or against one party or the other?

**Miscellaneous:**

51. Have any of you ever had any dealings with the American National Standards Institute, also referred to as ANSI. If so, describe.

52. It is anticipated that this trial should last approximately two (2) weeks. Do you have any concerns about work or family commitments that will prevent you from devoting your complete attention to this trial?

53. Do you have any concerns about your health that will prevent you from devoting your complete attention to this trial?

54. Is there anything – whether it has been asked or not – that makes you think you could not be a fair and impartial juror in this case?

**RESPECTFULLY SUBMITTED** this 26th, day of December, 2006.

                                          **COCHRAN, CHERRY, GIVENS,**
                                          **SMITH, LANE & TAYLOR, P.C.**

                                          /s/ Joseph D. Lane_____
                                          **JOSEPH D. LANE(lane9991)**

          Alabama Bar No. 118498
          163 W. Main Street
          Post Office Box 927
          Dothan, Alabama  36302
          (334) 793-1555
          (334) 793-8280 (facsimile)
          Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by emailing a copy to each recipients email address on file and by placing a copy of the same in the United States mail, postage pre-paid, addressed as follows, on this the 26th day of December, 2006:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148

Robert H. Sprain, Jr., Esq.
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama 35209

Joseph T. Brasher, Esq.
Hamilton, Westby, Antonowich & Anderson
One Georgia Center
17th Floor
600 W. Peachtree Street, N.W.
Atlanta, Georgia 30308

          /s/ Joseph D. Lane
          **OF COUNSEL**