IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:05cv994-T |
| vs. ) | |
| ) | |
| UNITED RENTALS (NORTH ) | |
| AMERICA), Inc. et al., ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL BRIEF ON PLAINTIFF'S PREVIOUSLY FILED
MOTION IN LIMINE 1 of
<u>Plaintiff's Consolidated Motion in Limine filed December 26th</u>**

COMES NOW Plaintiff in the above-styled matter and submits his Supplemental Brief concerning Item number 1 of Plaintiff's Consolidated Motion in Limine to clarify the issue and remedy concerning the admissibility of evidence of a worker's compensation claim, or the admissibility of worker's compensation benefits. Additional Time to Respond to recently filed Motions in Limine and Motions to Exclude filed by Defendants, United Rentals (North America), Inc., and Saint-Gobain, Inc.

Plaintiff previously prepared a Motion in Limine, (Item #1. of Plaintiff's Consolidated Motions in Limine filed December 26th, 2006) concerning the admissibility of collateral sources, including any evidence of worker's compensation payments made to Plaintiff. Plaintiff provides the following supplemental material in support of his Motion in Limine on this issue. In further clarification of Plaintiff's Motion, Plaintiff request that Ralcorp, Inc., the Intervenor in this matter and Matthew Riley's employer, be precluded from participating in the trial of this matter, so as to

minimize the potential for the juror's to be contaminated with evidence of worker's compensation benefits accruing to Matthew Riley.

Introduction of evidence of collateral benefits is disfavored out of concern that such evidence might prejudice the jury and is generally against public policy. *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243-44 (5th Cir. 1994). Thus, the existence of health, disability or other insurance payments made to the Plaintiff or on behalf of the Plaintiff is independent of the tortfeasor and, therefore, is inadmissible.

A procedural rule permitting an intervenor or defendant to show the plaintiff has received workmen's compensation benefits from his employer would undermine the substantive collateral source doctrine because such evidence is considered unquestionably prejudicial to the plaintiff's case. *Eichel v. New York Central Railroad,* 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963) (prejudicial to plaintiff in suit brought under Federal Employer's Liability Act to admit evidence he received disability payments under Railroad Retirement Act); *Tipton v. Socony Mobil Oil Co.,* 375 U.S. 34, 84 S. Ct. 1, 11 L.Ed.2d 4 (1963) (reversible error to admit evidence of benefits paid under Longshoremen's and Harbor Worker's Compensation Act in suit brought under Jones Act). Alabama law precludes the introduction of evidence that a plaintiff in such a case has received workmen's compensation benefits. *Coleman v. Hamilton Storage Co.,* 235 Ala. 553, 180 So. 553 (1938). It also requires conditions to be imposed on an intervening insurance company's participation at trial, particularly when the same company has the defendant's liability coverage and is the workmen's compensation carrier for the plaintiff's employer, unless the carrier can meet certain narrow conditions. *Hughes v. Newton,* 295 Ala. 117, 324 So.2d 270 (1976).

That is the particular circumstance in this case, as was recently discovered. Here, United Rentals is asserting an indemnity clause in its rental contract that requires Ralcorp, Inc., the

Intervenor, (dba Flavor House, Matthew Riley's employer) to indemnify United Rentals for any judgment that might accrue to United Rentals as a result of the claims made against United Rentals in this action. Intervenor Ralcorp, Inc., has acquiesced to United Rentals' indemnify charge and agreed to indemnify United Rentals, and to pay its defense costs as well. Of course, Ralcorp, Inc., is asserting its subrogation interest of approximately $96,000 as well. Traveler's Insurance is Ralcorp's workers compensation carrier and Ralcorp's liability carrier, and in effect the real party in interest with regards to United Rentals' liability and RalCorp's subrogation interest. Traveler's is paying United Rentals' defense costs and any judgment arsing out of this matter. This matter falls squarely in the realm of *Hughes v. Newton*, 324 So. 2d 270 (1976), and Ralcorp, Inc., and/or as Plaintiff has recently discovered, Travelor's Insurance and Ralcorp, Inc., has a significant conflict of interest in the outcome of this matter.

In Jones v. Crawford, 361 So. 2d 518 (Ala. 1978), the Supreme Court, citing *Hughes v. Newton*, 295 Ala. 117, 324 So.2d 270 (1976), held that where the same insurance carrier has the liability coverage and the workmen's compensation coverage, "unencumbered" intervention under Rule 24, ARCP, should not be allowed unless the carrier on an application for intervention can demonstrate

> ". . . that it has in its possession significant information or data essential to the prosecution of the third party suit; or that the employee-plaintiff is inadequately represented or otherwise less likely to succeed in his effort to effect recovery without the intervenor's active participation . . . ."

*Jones v. Crawford*, 361 So. 2d 518, 520, quoting *Hughes v. Newton*, 324 So. 2d 270, 273 (Ala. 1975).

In *Hughes*, the Alabama Supreme Court held that the carrier was not entitled to intervene as a third party plaintiff in the third party action in view of the patent conflict of interest and the inherent potential for collusion. *Hughes v. Newton*, 295 Ala. 117, 324 So.2d 270.

If the employer or insurance carrier can demonstrate active participation in the preparation of the third party action; that it has in its possession significant information or data essential to the prosecution of the third party suit; or that the employee-plaintiff is inadequately represented or otherwise less likely to succeed in his effort to effect recovery without the intervenor's active participation; then, in such event unencumbered intervention (i.e., full participation in the litigation) should be allowed. *Hughes v. Newton*, 324 So. 2d 270, 273 (Ala. 1975). That is not the case here.

Even when intervention of right or permissive intervention is allowed under Fed.R.Civ.P. 24, conditions can be imposed limiting participation of the intervenor and evidence of the intervention, even when a party intervenes as a matter of right under Rule 24(a)(2). *Southern v. Plumb Tools*, 696 F.2d 1321, 1322 (11th Cir., 1983).

While Rule 24(a) of the Federal Rules of Civil Procedure itself does not mention conditions or restrictions, the Advisory Committee Note to the 1966 Amendment of Rule 24(a) provides: "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." *Southern v. Plumb*, 696 F.2d 1321, 1322.

The liability of the employer or its insurance company is not a defense against the liability of a third-party tortfeasor. *Jones v. Crawford*, 361 So.2d 518, 521 (Ala. 1978). Alabama strictly adheres to the collateral source rule with respect to workmen's compensation benefits, and *any*

4

showing that plaintiff has received such payments constitutes reversible error. *Id.* Imposing the condition that Ralcorp, Inc., not be allowed to participate in the trial of the case so as not to contaminate and prejudice the jury with evidence of the payment of worker's compensation benefits is an appropriate method of keeping evidence of the payment of workmen's compensation benefits from the jury. *Southern v. Plumb Tools*, 696 F.2d 1321, 1323.

WHEREFORE, Plaintiff request that the Court issue an Order limiting Ralcorp, Inc.'s (and/or Traveler's Insurance) participation at trial to the extent necessary to prevent the introduction of evidence before the jury of any worker's compensation claim, or evidence of the payment of any worker's compensation benefits, whether wage benefits or medical expense payments. Such evidence is irrelevant and highly prejudicial to Plaintiff's fair prosecution of this matter.

**RESPECTFULLY SUBMITTED** this 29th day of December, 2006.

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**

/s/ Joseph D. Lane
**JOSEPH D. LANE**
Alabama Bar No. 118498
163 W. Main Street
Post Office Box 927
Dothan, Alabama 36302
(334) 793-1555
(334) 793-8280 (facsimile)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by emailing a copy to each recipients email address on file and by placing a copy of the same in the United States mail, postage pre-paid, addressed as follows, on this the 29th day of December, 2006:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148

Robert H. Sprain, Jr., Esq.
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama 35209

Joseph T. Brasher, Esq.
Hamilton, Westby, Antonowich & Anderson
One Georgia Center
17th Floor
600 W. Peachtree Street, N.W.
Atlanta, Georgia 30308

                                              /s/ Joseph D. Lane
                                              **OF COUNSEL**