IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY, )<br>)<br>Plaintiff, )<br>)   Case No.: 1:05cv994-T<br>vs. )<br>)<br>UNITED RENTALS (NORTH )<br>AMERICA), Inc. et al., )<br>)<br>Defendants. ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**UNITED RENTALS' FOURTH MOTION IN LIMINE**

COMES NOW Plaintiff in the above-styled matter and submits his Brief in Opposition to United Rentals' Fourth Motion in Limine.

United Rentals ask that no evidence be admitted concerning whether the United Rentals has insurance coverage. Ordinarily, Plaintiff would have no objection to this requested limitation. However, in the current situation, Ralcorp, Inc. (or Flavor House), is the intervener in this action and the ultimate real party in interest concerning liability of Untied Rentals, creating a conflict of interest, with significant potential for associated witness bias.

Rule 411 does not prohibit the introduction of insurance information for purposes of impeachment of witnesses. In fact, Rule 11 states that it "does not require the exclusion of evidence of insurance against liability when offered for another purpose" (other than on the issue of whether the person acted negligently or wrongfully). The evidence is specifically admissible on the issue of bias of the witness or prejudice of the witness. Fed. R. Evi. 411.

Here, Plaintiff does not intend to admit evidence of insurance coverage directly applying to United Rentals. However, in the present case, a significant conflict of interest is present between

Ralcorp, Inc., (the Intervener, Employer, and holder of a significant subrogation interest), and United Rentals, who has successfully convinced Ralcorp, Inc., to pay any judgment United Rentals incurs, as well as Untied Rentals' defense costs. The conflict is that Ralcorp's subrogation interest is directly and negatively affected by any liability imposed on Untied Rentals. As United Rentals' liability increases, the potential for recovery of the subrogation interest decreases, and vice versa.

Interestingly, the Travelers Insurance is the liability carrier for Ralcorp, that has been paying United Rentals defense costs, and is also the worker's compensation carrier for Ralcorp, and the real party in interest concerning the subrogation interest. Numerous witnesses who are employees of Ralcorp have been deposed in this case. Obviously, this conflict of interest could and does create potential significant biases of these witnesses which might be relevant to the jurors' determination of credibility.

Consequently, Plaintiff respectfully requests the Court to deny United Rentals' Fourth Motion in Limine, in that this evidence is highly probative of bias and prejudice and not inadmissible on the basis of Rules 411, 401, 402, or 403 of the Federal Rules of Evidence.

**RESPECTFULLY SUBMITTED** this 3rd day of January, 2007.

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**

/s/ Joseph D. Lane
**JOSEPH D. LANE**
Alabama Bar No. 118498
163 W. Main Street
Post Office Box 927
Dothan, Alabama  36302
(334) 793-1555
(334) 793-8280 (facsimile)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by emailing a copy to each recipients email address on file and by placing a copy of the same in the United States mail, postage pre-paid, addressed as follows, on this the 3rd day of January, 2007:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148

Robert H. Sprain, Jr., Esq.
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama 35209

Joseph T. Brasher, Esq.
Hamilton, Westby, Antonowich & Anderson
One Georgia Center
17th Floor
600 W. Peachtree Street, N.W.
Atlanta, Georgia 30308

/s/ Joseph D. Lane
**OF COUNSEL**