IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:05cv994-T |
| vs. ) | |
| ) | |
| UNITED RENTALS (NORTH ) | |
| AMERICA), Inc. et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**UNITED RENTALS' FIFTH MOTION IN LIMINE**

COMES NOW Plaintiff in the above-styled matter and submits his Brief in Opposition to United Rentals' Fifth Motion in Limine.

United Rentals ask that no evidence be admitted concerning the indemnity agreement between United Rentals and Flavor House (Ralcorp, Inc.), and any link to insurance coverage. For the same reasons set out in Plaintiff's Brief in Opposition to United Rentals' Fifth Motion in Limine, United Rentals Motion should be denied.

Defendant United Rentals cites *Jones v. House Transportation Company*, 422 F.2d 179 (5th Cir. 1970) for the proposition that indemnity agreements are inadmissible. *Jones* is inapplicable to the issue in this case, the admissibility of the indemnity agreement to show bias on the part of numerous witnesses. *Jones* was a contract action, where the terms of the indemnity agreement (the contract) itself were in issue. Contrary to United Rentals' assertion, the indemnity agreement was not excluded from evidence in that case. The court held that the admissibility of evidence of an insurance contract was inadmissible in an attempt to clarify ambiguous terms in the indemnity agreement, a totally separate issue that is not present here.

Here the presence of the indemnity agreement or the terms of the indemnity agreement are not in issue. And evidence of the indemnity agreement establishes the relationship between one of the defendants in this case and a claimant, evidence that is highly probative of potential biases on the part of the claimant and the defendants. As was previously discussed, rule 411 does not prohibit the introduction of insurance information for purposes of impeachment of witnesses. In fact, Rule 11 states that it "does not require the exclusion of evidence of insurance against liability when offered for another purpose" (other than on the issue of whether the person acted negligently or wrongfully). The evidence is specifically admissible on the issue of bias of the witness or prejudice of the witness. Fed. R. Evi. 411. Obviously, if insurance information is admissible to show potential bias if witnesses, certainly the presence of an indemnity agreement would be admissible for the same purpose.

As previously stated, a significant conflict of interest is present between Ralcorp, Inc., (the Intervener, Employer, and holder of a significant subrogation interest), and United Rentals, who has successfully convinced Ralcorp, Inc., to pay any judgment United Rentals incurs, as well as United Rentals' defense costs. The conflict is that Ralcorp's subrogation interest is directly and negatively affected by any liability imposed on Untied Rentals. As United Rentals' liability increases, the potential for recovery of the subrogation interest decreases, and vice versa.

Interestingly, Travelers Insurance is the liability carrier for Ralcorp, that has been paying United Rentals defense costs, and is also the worker's compensation carrier for Ralcorp, and the real party in interest concerning the subrogation interest. Numerous witnesses who are employees of Ralcorp have been deposed in this case. Obviously, this conflict of interest could and does create potential significant biases of these witnesses which might be relevant to the jurors' determination of credibility. In order for Ralcorp to avoid payment of a judgment through the indemnity

agreement (a risk that is significantly higher than the subrogation interest), the claims against United Rentals would need to be defeated.  Ralcorp's best scenario is that the claims against Saint-Gobain are successful while the claims against United Rentals are defeated.  In that event, Ralcorp avoids having to indemnify United Rentals and still is able to collect its subrogation interest against Plaintiff's recovery against Saint-Gobain.

It is patently unfair to have a situation where Untied Rentals' attorney is supposedly cross examining Ralcorp witnesses who on the surface are adverse to United Rentals, when in fact those witnesses may be aligned with Untied Rentals by virtue of the indemnity agreement.  Obviously, the jury is entitled to know the biases of the witnesses and the alignment of the parties in order to evaluate the testimonial evidence.  Such evidence is highly relevant and probative.

Consequently, Plaintiff respectfully requests the Court to deny United Rentals' Fifth Motion in Limine, in that this evidence is highly probative of bias and prejudice and not inadmissible on the basis of Rules 411, 401, 402, or 403 of the Federal Rules of Evidence.

**RESPECTFULLY SUBMITTED** this 3rd day of January, 2007.

**COCHRAN, CHERRY, GIVENS, SMITH, LANE & TAYLOR, P.C.**

/s/ Joseph D. Lane
**JOSEPH D. LANE**
Alabama Bar No. 118498
163 W. Main Street
Post Office Box 927
Dothan, Alabama  36302
(334) 793-1555
(334) 793-8280 (facsimile)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by emailing a copy to each recipients email address on file and by placing a copy of the same in the United States mail, postage pre-paid, addressed as follows, on this the 3rd day of January, 2007:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148

Robert H. Sprain, Jr., Esq.
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama 35209

Joseph T. Brasher, Esq.
Hamilton, Westby, Antonowich & Anderson
One Georgia Center
17th Floor
600 W. Peachtree Street, N.W.
Atlanta, Georgia 30308

            /s/ Joseph D. Lane
            **OF COUNSEL**