**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW RILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  1:05cv994-T** |
| **vs.** | ) | |
| | ) | |
| **UNITED RENTALS (NORTH** | ) | |
| **AMERICA), Inc. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**UNITED RENTALS' EIGHTH MOTION IN LIMINE**

COMES NOW Plaintiff in the above-styled matter and submits his Brief in Opposition to

United Rentals' Eighth Motion in Limine.

United Rentals ask that no evidence be admitted concerning the current condition of the

"sister" core machine that was purchased at the same time as the core drill in question.  The "sister"

unit was identical to the subject core drill when purchased and put into service.  Plaintiff disagrees

that this evidence should be precluded.

As a key component of United Rentals' defense, it contends that Plaintiff, Matthew Riley,

misused the core drill, when he "stood" on the base of the drill during its operation.  United Rentals

asserts that users should not stand on the base of the core drill, and that the manual warns against

standing on the base during operation.

As a part of the misuse defense, United Rentals must prove that standing on the base of the

unit was an unexpected or not reasonably foreseeable use of the product.  The evidence that United

Rentals seeks to exclude is poignantly probative of the manner in which the core drill has been used

since it was put into service.  The photographic evidence clearly evidences that operators of the unit

have been standing on the base of the unit during its operation. Essentially, the finish on part of the base is worn through the paint in the shape of a shoe or boot in the very location Matthew Riley and other Ralcorp employees say they placed their foot during operation. From a cursory look at the "sister" unit, it is clear that this manner of using the drill is not unusual and certainly not unforeseeable.

This evidence is highly probative in defense of United Rentals' "misuse" defense, as well as in impeaching United Rentals' expert witnesses who take the position that such use is not expected, intended or foreseeable. It is also probative on the issue of United Rentals assertions that a contributing cause of the incident was Mr. Riley standing on the base during its operation. If the "sister" unit has been stood on to the extent that the finish is worn off the unit, and no accidents have been reported with the sister unit, it belies United Rentals position that standing on the unit was a causative factor in the incident.

For these reasons, this evidence should not be excluded. Plaintiff requests this Honorable Court to deny United Rentals' Eighth Motion in Limine accordingly.

**RESPECTFULLY SUBMITTED** this 3rd day of January, 2007.

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**


/s/ Joseph D. Lane_____
**JOSEPH D. LANE**
Alabama Bar No. 118498
163 W. Main Street
Post Office Box 927
Dothan, Alabama  36302
(334) 793-1555
(334) 793-8280 (facsimile)
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by emailing a copy to each recipients email address on file and by placing a copy of the same in the United States mail, postage pre-paid, addressed as follows, on this the 3rd day of January, 2007:

       C. Winston Sheehan, Jr., Esq.
       Ball, Ball, Matthews & Novak, P.A.
       Post Office Box 2148
       Montgomery, Alabama  36102-2148

       Robert H. Sprain, Jr., Esq.
       Sprain & Shires, P.C.
       1707 29th Court South
       Homewood, Alabama 35209

       Joseph T. Brasher, Esq.
       Hamilton, Westby, Antonowich & Anderson
       One Georgia Center
       17th Floor
       600 W. Peachtree Street, N.W.
       Atlanta, Georgia 30308

                     /s/ Joseph D. Lane
                     **OF COUNSEL**