**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **MATTHEW RILEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 1:05cv994-T** |
| vs. ) | |
| ) | |
| **UNITED RENTALS (NORTH** ) | |
| **AMERICA), Inc. et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
UNITED RENTALS' NINTH MOTION IN LIMINE**

COMES NOW Plaintiff in the above-styled matter and submits his Brief in Opposition to United Rentals' Tenth Motion in Limine.

United Rentals ask that no evidence be admitted concerning purported subsequently produced manuals, asserting that the manuals are not authenticated, lack foundation and are inadmissible pursuant to Rule 407. The core drill manuals have been or will be authenticated at trial in issue are not subsequent remedial measures that would fall under the restrictions of Rule 407.

The manuals in question have been collected by Plaintiff's expert witnesses or produced through discovery. The manuals contain information, not found in the manual originally supplied with the subject core drill, however, that information is not being used to show that the original manual is defective or negligently produced. Instead the information will be used to impeach various witnesses for United Rentals and Saint-Gobain.

The subsequent manuals in question fall outside of the restrictions of Rule 407. Rule 407 requires that the subsequent measure must be such that had the measure had been in place before the injury producing event, the likelihood of injury or harm would have been reduced. In this case,

according to the testimony of United Rentals employees and Flavor House employees, no manual would have been delivered with the drill.  Any new instructions or warnings would not have been read by Matthew Riley or any other user at Flavor House.  Therefore, the subsequent manuals would have had no effect in reducing the potential for the injury producing event.

Additionally, Rule 407 doesn't apply to exclude this evidence that will be presented for the purpose of impeaching United Rentals' and Saint-Gobain's expert witnesses and employees.  Gabe Uriegas (Saint-Gobain's corporate representative and expert witness) claims that the core drill can be used when the vacuum pressure gauge reads far below 20 inches of Mercury.  The materials in the subsequent manuals clearly indicate that the core drill should not be operated if the vacuum gauge reads below -20 inches of Mercury, directly contrary to the Uriegas' and Saint-Gobain's opinion and should be allowed for purposes of impeaching defense witnesses accordingly.

Untied Rentals and Saint-Gobain also take the position that Plaintiff misused the product by standing on the base of the unit and that this action contributed to cause the injury producing failure.  The subsequent manuals do not contain any warnings concerning standing on the base of the unit during its use.  To the contrary, the manuals contain language suggesting that under certain circumstances it is recommended that the operator stand on the base to initiate the vacuum process.  Again, this information is directly contrary to the opinions of defense expert opinions.

For these reasons, this evidence should not be excluded.  Plaintiff requests this Honorable Court to deny United Rentals' Ninth Motion in Limine accordingly.

**RESPECTFULLY SUBMITTED** this 3rd day of January, 2007.

                                                    **COCHRAN, CHERRY, GIVENS,**
                                                    **SMITH, LANE & TAYLOR, P.C.**

/s/ Joseph D. Lane_____
**JOSEPH D. LANE**
Alabama Bar No. 118498
163 W. Main Street
Post Office Box 927
Dothan, Alabama  36302
(334) 793-1555
(334) 793-8280 (facsimile)
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

       I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by emailing a copy to each recipients email address on file and by placing a copy of the same in the United States mail, postage pre-paid, addressed as follows, on this the 3rd day of January, 2007:

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama  36102-2148

Robert H. Sprain, Jr., Esq.
Sprain & Shires, P.C.
1707 29th Court South
Homewood, Alabama 35209

Joseph T. Brasher, Esq.
Hamilton, Westby, Antonowich & Anderson
One Georgia Center
17th Floor
600 W. Peachtree Street, N.W.
Atlanta, Georgia 30308

                                                /s/ Joseph D. Lane
                                                **OF COUNSEL**